## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PA

M. Ash-Sharief Al'Askari,

            Plaintiff,

        v.

Kathleen Hawkes, Director, U.S. Bureau of Prisons, et al.,

           Defendants,

Civil Action No.

# 1 : CV00-1449

### COMPLAINT

To wit:

A CIVIL RIGHTS COMPLAINT PURSUANT
TO §1331 et seq., 28 U.S.C; DECLA-
RATORY JUDGEMENT PURSUANT TO §2201
AND §2202, 28 U.S.C; AND INJUNCTIVE
RELIEF UNDER THE F.R.CIV. PROCEDURES

Now comes M. Ash-Sharief Al'Askari pro se [hereinafter known as Al'Askari] and says that he is the plaintiff in said titled action and that the cause of action is that the defendants,named and unnamed,has violated Al'Askari's constitutional rights under the 1st, 5th and 8th Amendments to the Constitution as shall be established hereunder.

### PLAINTIFF

Al'Askari is presently incarcerated at the Allenwood Federal Prison, White Deer, PA in the custody of the U.S. Attorney General at all times mentioned herein.

### DEFENDANTS

Kathleen Hawkes is the chief executive officer of the U.S.Bureau of Prisons, and at all times mentioned herein is the superior of each and every defendant, known and unknown, and is liable for the commissions and or omissions of acts alleged to have resulted in this action as shall be

established hereunder.

## DEFENDANT

Robert Zimany is a defendant herein. Zimany is employed by Kathleen Hawkes,a defendant herein, as a judge and arbitrater of the Inmate Displinary Proceedings here at Allenwood at all times mentioned herein. Zimany is directly liable for violating Al'Askari's constitutional rights as alleged hereunder.

## DEFENDANT

Robert S. Goldring is a defendant herein. Goldring is employed by the Defendant Hawkes here at Allenwood as a prison staff personnel at all times mentioned herein. Goldring is directly liable for violating Al'Askari's constitutional rights as alleged hereunder.

## DEFENDANT

Vivian Hursh ia a defendant herein. Hursh is employed by the Defendant Hawkes here at Allenwood as a prison staff personnel at all times mentioned herein. Hursh is directly liable for violating Al'Askari's constitutional rights as alleged hereunder. All defendants are being sued in their individual and official capacities.

## STATEMENT OF FACTS

1.     On 14 April, 1999, the plaintiff [hereinafter known as Al'Askari], while confined to Allenwood prison, was charged by defendant Hursh with "possession of narcotic". This allegation culminated in Al'Askari being thrown in the hole pending disciplinary proceedings against him. During the course of the disciplinary proceedings Al'Askari evidenced that the allegation was false. This was established by the prison pharmacist who submitted that the alleged "narcotic" charged by defendant Hursh was only ibuprofen tablets. And ibuprofen tablets are sold by the inmate commissary as well as dispense routinely without cost to those inmate who can afford commissary anlgesics.

2

2.      This inmate disciplinary proceeding was presided over by defen-
dant Robert Zimany.  Defendant Zimany, as a consequent of proof that
the allegation by defendant Hursh was false,judged that Al'Askari did not
commit the offense as charged by defendant Hursh. Notwithstanding, de-
fendant Zimany, at that time, accused and charged Al'Askari with "pos-
sessing the property of another", that is, having medication that did not
belong to Al'Askari but to Al'Askari's cell mate and then determined him-
self that Al'Askari was  guilty of the accusation  and charged that he,
the defendant Zimany designed, sentenced Al'Askari to 15 days in the hole,
lost of telephone contact and communiation and lost of commissary both
for 6 months.  Al'Askari appealed the defendant Zimany's judgement and
punished to the defendant Zimany's superior, defendant Hawkes, Director
of the Bureau of Prison who rejected that Appeal.

2(a).                            ARGUMENT

        Al'Askari argues that the defendant Hursh malevolently and false-
ly accused Al'Askari of possession of narcotic. By reason of such, Al'As-
kari was hauled before the defendant Zimany to defend against the defen-
dant Hursh's charges. The defendant Zimany, who presided at the procee-
ding on the charge, judged Al'Askari innocent as charged. However, the
defendant Zimany,doing the course of this proceeding,accused Al'Askari of
another charge:"Possession of Anything not Authorized". By reason of this
charge by the defendant Zimany, Al'Askari was punished with the sanctions
mention above in para.2 notwithstanding that (1) Al'Askari never received
an Inmate Incident Report for this charge by the defendant Zimany per Po-
licy of the Inmate Disciplinary procedures 5700.03 and 28 C.F.R. §541 and
(2), Al'Askari was not given, by reason of not receiving a written notice
of  the charge of "Possession of Anything not Authorized", the opportunity
to present witnesses in Al'Askari's behalf, have the aid and assistant of

3

The defendant Goldring has   falsely alleged that he, Goldring, search-
ed Al'Askari's personal propery and "found" legal material and property
not belonging to Al'Askari was not only a prevarication but also a pre-
text to confiscate and destroy Al'Askari's legal papers, law books and
work products.  The defendant Goldring is a staff attorney for the de-
fendant Hawkes. He is not a prison guard. It is neither the defendant
Goldring's duty, function nor area of responsibility to perform or en-
gaged in routine functions and details of the correctional/custodial
staff. Nor is the defendant Goldring's office, nor his office's staff, is
even in Allenwood F.C.I. The defendant Goldring came into the prison
solely to interfere with Al'Askari's access to court by confiscating and
destroying Al'Askari's own legal property which he the defendant Goldring
commited.

3(b).                     SUMMARY ARGUMENT

    The defendants actions of confiscating and destroying Al'Askari's
legal property directly interfered with an evidentiary hearing for a Mo-
tion to Vacate and Set Aside Conviction and Sentence for Al'Askari in the
E.D.C. of PA. The legal property that was confiscated and destroyed by
the named defendants was my transcripts, briefs, motions and research
product that was being transported along with Al'Askari by the U.S.Mar-
shals for the §2255. Al'Askari departed from this prison last May, 1999,
on a Writ. Inasmuch as Al'Askari was without Al'Askari's legal property,
Al'Askari was inadequately prepared for that hearing by reason of the
confiscation and destruction of Al'Askari's legal property and thus was
compelled to request a continuance to  prepare another Sentencing Memo-
randa against a vacated sentence. The trial court granted the continuance
last May, and Al'Askari returned back to this prison and remains   in
continuance without a sentence!

Were it not for the actions complained of herein Al'Askari would have been adequately prepared to submit to Al'Askari's trial judge a sentencing memoranda prior to being resentence and not move for a continuation to prepare another sentencing memoranda. Their actions resulted in Al'Askari's access to his trial court proceedings to be resentence being interdicted and, thus, continued indefinitely in the status as a unsentenced inmate here at Allenwood F.C.I., a violation of Al'Askari's constitutional right to access the court to redress grievances.

4.                          THIRD STATEMENT OF FACT

On 14 April, 1999, the defendants Goldring and Hursh seized, perused and destroyed Al'Askari's legal writings and manuscripts, court records, case documents and trial transcripts as well as Al'Askari's personal law books and files.

The defendants committed this confiscation and destruction for no other reason than to interfere with Al'Askari's access to the courts and punish Al'Askari for assisting others in their pro se efforts and litigations. Notwithstanding, ironically, the defendant themselves assigned Al'Askari to work in the inmate law library for the purpose of assisting other indigent and ignorant at law.

4(a).                           ARGUMENT

The U.S.Bureau of Prisons provides for those inmates who represent themselves pro se to own and maintain with their person property their own legal material and property. At the time of confiscation and destruction by the defendants Al'Askari was appealing Al'Askari's conviction and sentence in different courts. The permanent lose and destruction resulted in the dismissal of 2 distinct court actions for lack of prosecution by Al'Askari.

6

4(b).

## SUMMARY ARGUMENT

Al'Askari, as a prisoner, retains his right of access to the Courts. The constitution, as well as U.S. Bureau of Prisons Policy, forbid the defendants to retaliate against or to punish arbitrarily a prisoner for exercising such as the defendants have committed herein. Al'Askari appealed to the defendant Hawkes that the acts committed by the defendants Goldring, Hursh and Zimany were flagrant violations of the Constitution and the defendants's own Policy, Rule and Regulation with respect to the acts complained of.

## CLAIM

### First Cause of Action

The actions of the defendants stated above denied Al'Askari due procees of law in violation of the Fifth Amendment and the First Amendment

## RELIEF

Al'Askari requests this Honorable Court grant the following relief:

A.   Issue a declaratory judgment that the defendants violated the united States Constitution when they:

   1) CONFISCATED AND DESTROYED LEGAL PLEADINGS AND BOOKS

   2) ARBITRARILY AND CAPRICIOUSLY INFLICTED PUNISHMENT

      FOR AIDING AND ASSISTING OTHER INMATES IN PRO SE

      LITIGATIONS

B.   Issue an injunction ordering that the defendants expunge the disciplinary sanctions from Al'Askari's prison record and an order that the defendants from confiscating and destroying Al'Askari's legal property.

7

C.    Grant compensatory damages in the following amount:

      1)$25,000.00 against defendant Hawkes;

      2)$25,000.00 against defendant Zimany;

      3)$25,000.00 against defendant Hursh;

      4)$25,000.00 against defendant Goldring;

D.    Grant punitive damages of $100,000.00 against each defendants.

E.    Grant such other relief as may be appear Al'Askari is entitled to.

Date: 14 July, 2000

M. Ash-Sharif Al'Askari,

pro se.

P.O Box 2000

White Deer, PA  17887