DMB:MEH:slg:2000V00753    **ORIGINAL**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,        :
    Plaintiff        :
                     :
    v.               :    Civil No. 1:CV-00-1449
                     :    (Judge Caldwell)
KATHLEEN HAWKES, et al.,         :    (Magistrate Judge Smyser)
    Defendant        :

**BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

## I. Introduction

Plaintiff is Muhammad Ash-Sharief Al'Askari, a federal inmate currently incarcerated in the Federal Correctional Institution, Allenwood, Pennsylvania (FCI-Allenwood). On August 14, 2000, Plaintiff filed this Bivens complaint,[1] naming the following individuals as defendants: Viola Hursh, Correctional Counselor; Kathleen Hawk-Sawyer, Director; Douglas S. Goldring, Attorney; and Robert Zimany, Discipline Hearing Officer.[2] Plaintiff alleges that the Defendants violated his constitutional rights. Specifically, he alleges that his access to the courts

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Plaintiff improperly refers to the Defendants as Vivian Hursh, Kathy Hawkes, Robert Goldring, and Robert Zimany. The correct spellings of the Defendants names have been provided in the main body of this paragraph.

was impermissibly prejudiced; and that two incident reports were improperly substantiated by the Discipline Hearing Officer. As relief, Plaintiff seeks declaratory relief; injunctive relief; and compensatory and punitive damages.

On November 9, 2000, a motion to dismiss and for summary judgment was filed on behalf of defendants. This brief is filed in support of that motion.[3]

## II. Statement of Facts

Plaintiff alleges that Defendants improperly issued two incident reports on April 14, 1999. He further alleges that following a hearing before an impartial Discipline Hearing Officer (DHO), he was improperly issued sanctions for the two incidents. Finally, he alleges that Defendants confiscated various items from his legal property and, as a result, he was unable to file several court documents. Plaintiff, however, filed the within lawsuit without first exhausting all available administrative remedies. (Gregg Decl., ¶ 4, Ex. 2.)

The Bureau of Prisons (BOP) has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his

---

[3] Defendants note that our motion for summary judgment is based on Plaintiff's failure to exhaust his administrative remedies. There are numerous affirmative defenses remaining which apply to the allegations raised by Plaintiff. Defendants respectfully reserve the right to raise those additional defenses in a timely manner prior to filing an answer in this case, if the present motion is not granted.

2

imprisonment. In order to exhaust appeals under the administrative remedy procedure, inmates must first attempt to informally resolve any issues of concern. (Gregg Decl., ¶ 5, Ex. 3.)

If attempts by staff to informally resolve the issue are not successful, the inmate has twenty days from the date the incident occurred to submit a formal request for administrative remedy in the proper format. If all of the appropriate procedures are not strictly adhered to, the request may be rejected and returned to the inmate without a response. (Gregg Decl., ¶ 6, Ex. 3.)

An exception to this initial filing rule applies to appeals from decisions of the DHO. Inmates filing such an appeal may bypass the initial stage and submit an appeal directly to the Regional Director. (Gregg Decl., ¶ 7, Ex. 3.)

An inmate who is not satisfied with the Warden's response may appeal any decision to the appropriate Regional Director within twenty days of the date the Warden signed the response. Furthermore, an inmate who is not satisfied with a decision of the Regional Director may appeal to the BOP General Counsel within thirty days of the date the Regional Director signed the response. See 28 C.F.R. § 542.15. No administrative remedy is considered to have been fully exhausted until a response on the merits of the request is provided by the BOP

3

Central Office. (Gregg Decl., ¶ 8-9, Ex. 3.)

As was previously noted, Plaintiff raised three separate issues in the complaint filed in this case. Specifically, he appealed two decisions of the DHO, and alleged that his access to court was impeded. Therefore, each of these three issues must have been exhausted before Plaintiff filed the complaint in this case. In the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained by the Regional and Central Offices so that rapid verification may be made as to whether an inmate has exhausted administrative appeals on a particular issue. A comprehensive review of these records indicates that Plaintiff has not exhausted any of the issues raised in the complaint. (Gregg Decl., ¶ 10-11, Ex. 2)

On May 10, 1999, Plaintiff did file an administrative remedy at the institutional level with respect to the allegation that his access to court was prejudiced after some of his property was confiscated (Remedy ID 185790-F1). (Gregg Decl., ¶ 12, Ex. 2.) However, that administrative remedy was rejected because Plaintiff made no attempt to informally resolve the issue prior to pursuing formal relief. Id. When an administrative remedy request is rejected, no merits analysis or investigation is conducted. The request is returned to the inmate, and the inmate is afforded a reasonable period of time to correct the

4

error and resubmit it at the same level.  See 28 C.F.R. § 542.17.

Rather than doing so, however, on June 22, 1999, Plaintiff submitted the same issue to the Regional Director (Remedy ID 185970-R1). (Gregg Decl., ¶ 13, Ex. 2.)  That administrative remedy was rejected because it was raised at the regional level without first being considered at the institutional level.  Therefore, the administrative remedy was rejected with instructions to resubmit it at the institutional level.  Id.  Rather than following these instructions, Plaintiff submitted an administrative remedy to the BOP Central Office (Remedy ID 185970-A1).  (Gregg Decl., ¶ 14, Exhs. 2, 3.)  As a result, the BOP Central Office rejected the administrative remedy because it was raised at the wrong level.  Id.  Again, Plaintiff was instructed to raise the issue at the institutional level. Id.  Nevertheless, to this date, Plaintiff has not refiled the request at the institutional level.  Id.  As such, the issue of whether Plaintiff's access to court was prejudiced was never considered on the merits at any level because all of the administrative remedies he filed were rejected based upon Plaintiff's failure to follow the appropriate form as enunciated by 28 C.F.R. § 542, et seq.  Id.

On June 16, 1999, Plaintiff also made an attempt to appeal the decisions of the DHO when he filed an appeal with the Regional Director (Remedy ID 188999-R2).  (Gregg Decl., ¶ 15, Ex.

5

2.) That appeal was rejected because Plaintiff attempted to appeal two decisions of the DHO at the same time. Plaintiff was instructed to resubmit the appeals on two separate forms, however, he never did so. <u>Id</u>. Instead, on July 20, 1999, he filed an appeal with the BOP Central Office (Remedy ID 18999-A1). That appeal was also rejected. Plaintiff was instructed to resubmit his appeal at the regional level, to this date, no further appeals have been submitted. <u>Id</u>. Therefore, Plaintiff has not exhausted all available administrative remedies prior to filing this <u>Bivens</u> complaint.

### III.   Question Presented

Should Defendants' Motion to Dismiss and For Summary Judgment be granted because Plaintiff has failed to exhaust all available administrative remedies with respect to the allegations raised in this case, as required by the Prison Litigation Reform Act?

Suggested answer in the affirmative.

### IV.   Argument

**A.   This Case Should Be Dismissed Because Plaintiff Failed To Exhaust All Available Administrative Remedies**

This case should be dismissed because Plaintiff raised this <u>Bivens</u> complaint--in which he seeks monetary damages, injunctive relief, and declaratory relief--without first exhausting all available administrative remedies.

Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act, Pub.L.No. 104-134, 110 Stat. 1321 (April 26, 1996) ("PLRA"), now provides a statutory exhaustion

6

requirement, stating:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or **any other Federal law**, by a prisoner confined to any jail, prison, or other correctional facility **until such administrative remedies as are available are exhausted.**

Pub.L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) (codified at 42 U.S.C. § 1997e(a)(1996))(emphasis added). See also Booth v. Churner, 206 F.3d 289 (3rd Cir. 2000), cert. granted, 68 U.S.L.W. 3774(U.S. Oct. 30, 2000)(No. 99-1964); Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 2000); Hall v. McCoy, 89 F. Supp. 2d 742 (W.D. Va. 2000).

This provision makes no distinction between an action for damages, injunctive relief or both. See Fortes v. Harding, 19 F. Supp. 2d 323 (M.D. Pa. 1998)(Vanaskie, C.J.); De La Cruz v. Bartolo, 4:CV-99-1412 (M.D. Pa. 2000)(Muir, J.)(attached). Thus, the amendment to § 1997e(a) made exhaustion of administrative remedies mandatory in all cases. See Nyhuis, 204 F.3d at 67; De La Cruz, 4:CV-99-1412 at 4. Because Plaintiff has not exhausted all available administrative remedies, it is neither necessary nor appropriate to reach the merits of the case. See Nyhuis, 204 F.3d at 78; De La Cruz, 4:CV-99-1412 at 3 n.3.

Additionally, it is clear that by eliminating the words, "plain, speedy, and effective" from section 1997e(a), Congress intended to eliminate any futility exception from the exhaustion requirement of the PLRA and reduce the heavy volume of

7

frivolous prisoner litigation in court.  See Nyhuis v. Reno, 204 F.3d 65.  Any construction of section 1997e(a) that conditions exhaustion on the vagaries and peculiarities of each jurisdiction's administrative remedy procedure frustrates Congress' stated intent.  Id.

Furthermore, requiring exhaustion in all cases affords the agency an opportunity to attempt to rectify the complaint before a civil action is filed.  Exhaustion affords the agency an opportunity to create a factual record of the case, thereby promoting judicial efficiency by focusing and clarifying poorly pled or confusing claims.  See Nyhuis v. Reno, 204 F.3d 65.  The exhaustion requirement also forces the agency to justify or explain its own internal procedures.  This all "helps the court navigate the sea of prisoner litigation in a manner that affords a fair hearing to all claims."  Id.  The provisions of the PLRA requiring exhaustion have also been found to be equally applicable to access to courts claims.  See Fortes, 19 F. Supp. 2d at 326-27.

As such, if an administrative remedy procedure is in place at the time the lawsuit is filed, regardless of the specific allegations raised or relief sought, the inmate must pursue and finally appeal all available administrative remedies prior to bringing an action in court.  See Nyhuis v. Reno, 204 F.3d 65.

The Bureau of Prisons (BOP) has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment. In order to exhaust appeals under the administrative remedy procedure for inmates, an inmate must raise his complaint first to the Warden of the institution where he is confined, and then he may further appeal an adverse decision to the Regional Director and Central Office of the Federal Bureau of Prisons. See 28 C.F.R. § 542 et seq. No administrative remedy appeal is considered to have been finally exhausted until the BOP Central Office reaches a conclusion based upon the merits of the appeal.[4] Id. (Gregg Decl., ¶¶ 5-10, Ex. 3)

In the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained by the Regional and Central Offices so that rapid

---

[4] Even if this case is construed strictly as an appeal of the decision of the Discipline Hearing Officer, which is only properly raised pursuant to 28 U.S.C. § 2241, Plaintiff is still required to exhaust all available administrative remedies prior to seeking the intervention of this Court. A habeas corpus petitioner cannot take it upon himself to deliberately bypass the administrative remedy process and proceed directly to Court. See Talerico v. Warden, 391 F. Supp. 193 (M.D. Pa. 1975)(Sheridan, J.). Therefore, even if this case were construed as a petition for writ of habeas corpus, it should be dismissed for failure to exhaust administrative remedies. See Arias v. United States Parole Commission, 648 F. 2d 196, 199 (3rd Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3rd Cir. 1973). See also Gonzalez v. Perrill, 919 F.2d 1, 2 (2nd Cir. 1990); United States v. Gaylor, 828 F.2d 253 (4th Cir. 1987); DeVincent v. United States, 587 F. Supp. 494 (E.D. Va. 1984).

9

verification may be made as to whether an inmate has exhausted administrative appeals on a particular issue. A review of these records indicates that this case actually involves three separate issues, each of which must have been exhausted prior to raising this lawsuit. Specifically, Plaintiff alleges that his access to court was prejudiced, and appeals two decisions of the Discipline Hearing Officer (DHO). (Gregg Decl. ¶ 10-11, Ex. 2.)

On May 10, 1999, Plaintiff did file an administrative remedy at the institutional level with respect to the allegation that his access to court was prejudiced after some of his property was confiscated (Remedy ID 185790-F1). (Gregg Decl., ¶ 12, Ex. 2.) However, that administrative remedy was rejected because Plaintiff made no attempt to informally resolve the issue prior to pursuing formal relief. Id. When an administrative remedy request is rejected, no merits analysis or investigation is conducted. The request is returned to the inmate, and the inmate is afforded a reasonable period of time to correct the error and resubmit it at the same level. See 28 C.F.R. § 542.17.

Rather than doing so, however, on June 22, 1999, Plaintiff submitted the same issue to the Regional Director (Remedy ID 185970-R1). (Gregg Decl., ¶ 13, Ex. 2.) That administrative remedy was rejected because it was raised at the regional level without first being considered at the institutional level. Therefore, it was rejected with

instructions to resubmit it at the institutional level. Id. Rather than following these instructions, Plaintiff submitted an administrative remedy to the BOP Central Office (Remedy ID 185970-A1). (Gregg Decl., ¶ 14, Exhs. 2, 3.) As a result, the administrative remedy was rejected because it was raised at the wrong level. Id. Again, Plaintiff was instructed to raise the issue at the institutional level. Id. Nevertheless, to this date, Plaintiff has not refiled the request at the institutional level. (Gregg Decl., ¶ 14, Exhs. 2, 3.) As such, the issue of whether Plaintiff's access to court was prejudiced was never considered on the merits at any level because all of the administrative remedies he filed were rejected based upon Plaintiff's failure to follow the appropriate form as enunciated by 28 C.F.R. § 542, et seq. Id.

On June 16, 1999, Plaintiff also made an attempt to appeal the decisions of the DHO when he filed an appeal with the Regional Director (Remedy ID 188999-R2). (Gregg Decl., ¶ 15, Ex. 2.) That appeal was rejected because Plaintiff attempted to appeal two decisions of the DHO at the same time. Upon the rejection, Plaintiff was instructed to resubmit the appeals on two separate forms, however, he never did so. Instead, on July 20, 1999, he filed an appeal with the BOP Central Office (Remedy ID 18999-A1). That appeal was also rejected. Plaintiff was instructed to resubmit his appeal at the regional level. Again,

to this date, no further appeals have been submitted. Id.

Additionally, Plaintiff is now in procedural default. He has failed to pursue his available administrative remedies and, absent a valid reason for a delay, the period for filing is presently foreclosed. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); Sanchez v. Miller, 792 F.2d 694 (7th Cir. 1986); Nigro v. Sullivan, 40 F.3d 990 (9th Cir. 1994).

Therefore, in light of Plaintiff's failure to exhaust all available administrative remedies, this case should be dismissed without a merits analysis. See Nyhuis, 204 F.3d at 78; Booth, 206 F.3d at 300; Perez v. Wisconsin DOC, 182 F.3d 532 (6th Cir. 1999). Furthermore, subsequent to the enactment of the PLRA, it is no longer an option for the court to "continue" the case pending exhaustion of administrative remedies. See Perez, 182 F.3d at 537. Therefore, the complaint should be dismissed because the claims asserted have not been exhausted.

### V. Conclusion

For the reasons stated above, defendants' Motion To Dismiss and for Summary Judgment should be granted with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

*Matthew Haggerty /DD*
MATTHEW E. HAGGERTY
Assistant United States Attorney
SHELLEY GRANT
Paralegal Specialist
Federal Building, Suite 217
228 Walnut Street
Harrisburg, PA 17108

Dated: November 22, 2000

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,      :
    Plaintiff              :
                           :
    v.                     :   Civil No. 1:CV-00-1449
                           :   (Judge Caldwell)
KATHLEEN HAWKES, et al.,       :   (Magistrate Judge Smyser)
    Defendants             :

CERTIFICATE OF SERVICE BY MAIL

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on November 22, 2000, she served a copy of the attached

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
AND FOR SUMMARY JUDGMENT**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

M. Ash-Sharief Al'Askari
Reg. No. 34819-066
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

                                              SHELLEY L. GRANT
                                              Paralegal Specialist