DMB:MEH:slg:2000V00753

ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,  :
    Plaintiff  :
  :
    v.  :  Civil No. 1:CV-00-1449
  :  (Judge Caldwell)
KATHLEEN HAWKES, et al.,  :  (Magistrate Judge Smyser)
    Defendant  :

## STATEMENT OF FACTS

1. Plaintiff alleges that Defendants improperly issued two incident reports on April 14, 1999. He further alleges that following a hearing before an impartial Discipline Hearing Officer (DHO), he was improperly issued sanctions for the two incidents. Finally, he alleges that Defendants confiscated various items from his legal property and, as a result, he was unable to file several court documents. Plaintiff, however, filed the within lawsuit without first exhausting all available administrative remedies. (Gregg Decl., ¶ 4, Ex. 2.)

2. The Bureau of Prisons (BOP) has established an administrative remedy procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment. In order to exhaust appeals under the administrative remedy procedure, inmates must first attempt to

informally resolve any issues of concern. (Gregg Decl., ¶ 5, Ex. 3.)

3. If attempts by staff to informally resolve the issue are not successful, the inmate has twenty days from the date the incident occurred to submit a formal request for administrative remedy in the proper format. If all of the appropriate procedures are not strictly adhered to, the request may be rejected and returned to the inmate without a response. (Gregg Decl., ¶ 6, Ex. 3.)

4. An exception to this initial filing rule applies to appeals from decisions of the DHO. Inmates filing such an appeal may bypass the initial stage and submit an appeal directly to the Regional Director. (Gregg Decl., ¶ 7, Ex. 3.)

5. An inmate who is not satisfied with the Warden's response may appeal any decision to the appropriate Regional Director within twenty days of the date the Warden signed the response. Furthermore, an inmate who is not satisfied with a decision of the Regional Director may appeal to the BOP General Counsel within thirty days of the date the Regional Director signed the response. See 28 C.F.R. § 542.15. No administrative remedy is considered to have been fully exhausted until a response on the merits of the request is provided by the BOP Central Office. (Gregg Decl., ¶ 8-9, Ex. 3.)

2

6. As was previously noted, Plaintiff raised three separate issues in the complaint filed in this case. Specifically, he appealed two decisions of the DHO, and alleged that his access to court was impeded. Therefore, each of these three issues must have been exhausted before Plaintiff filed the complaint in this case. In the ordinary course of business, computerized indexes of all administrative appeals filed by inmates are maintained by the Regional and Central Offices so that rapid verification may be made as to whether an inmate has exhausted administrative appeals on a particular issue. A comprehensive review of these records indicates that Plaintiff has not exhausted any of the issues raised in the complaint. (Gregg Decl., ¶ 10-11, Ex. 2)

7. On May 10, 1999, Plaintiff did file an administrative remedy at the institutional level with respect to the allegation that his access to court was prejudiced after some of his property was confiscated (Remedy ID 185790-F1). (Gregg Decl., ¶ 12, Ex. 2.) However, that administrative remedy was rejected because Plaintiff made no attempt to informally resolve the issue prior to pursuing formal relief. Id. When an administrative remedy request is rejected, no merits analysis or investigation is conducted. The request is returned to the inmate, and the inmate is afforded a reasonable period of time to

3

correct the error and resubmit it at the same level. <u>See</u> 28 C.F.R. § 542.17.

       8. Rather than doing so, however, on June 22, 1999, Plaintiff submitted the same issue to the Regional Director (Remedy ID 185970-R1). (Gregg Decl., ¶ 13, Ex. 2.) That administrative remedy was rejected because it was raised at the regional level without first being considered at the institutional level. Therefore, the administrative remedy was rejected with instructions to resubmit it at the institutional level. <u>Id</u>. Rather than following these instructions, Plaintiff submitted an administrative remedy to the BOP Central Office (Remedy ID 185970-A1). (Gregg Decl., ¶ 14, Exhs. 2, 3.) As a result, the BOP Central Office rejected the administrative remedy because it was raised at the wrong level. <u>Id</u>. Again, Plaintiff was instructed to raise the issue at the institutional level. <u>Id</u>. Nevertheless, to this date, Plaintiff has not refiled the request at the institutional level. <u>Id</u>. As such, the issue of whether Plaintiff's access to court was prejudiced was never considered on the merits at any level because all of the administrative remedies he filed were rejected based upon Plaintiff's failure to follow the appropriate form as enunciated by 28 C.F.R. § 542, <u>et seq</u>. <u>Id</u>.

       9. On June 16, 1999, Plaintiff also made an attempt to appeal the decisions of the DHO when he filed an appeal with the

4

Regional Director (Remedy ID 188999-R2). (Gregg Decl., ¶ 15, Ex. 2.) That appeal was rejected because Plaintiff attempted to appeal two decisions of the DHO at the same time. Plaintiff was instructed to resubmit the appeals on two separate forms, however, he never did so. <u>Id</u>. Instead, on July 20, 1999, he filed an appeal with the BOP Central Office (Remedy ID 18999-A1). That appeal was also rejected. Plaintiff was instructed to resubmit his appeal at the regional level, to this date, no further appeals have been submitted. <u>Id</u>. Therefore, Plaintiff has not exhausted all available administrative remedies prior to filing this <u>Bivens</u> complaint.

                                         Respectfully submitted,

                                         DAVID M. BARASCH
                                         United States Attorney

                                         */s/ Matthew E. Haggerty 10/1*

                                         MATTHEW E. HAGGERTY
                                         Assistant United States Attorney
                                         SHELLEY GRANT
                                         Paralegal Specialist
                                         Federal Building, Suite 217
                                         228 Walnut Street
                                         Harrisburg, PA 17108

Dated: November 27, 2000

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,  :
    Plaintiff  :
                  :
    v.  :  Civil No. 1:CV-00-1449
                  :  (Judge Caldwell)
KATHLEEN HAWKES, et al.,  :  (Magistrate Judge Smyser)
    Defendants  :

CERTIFICATE OF SERVICE BY MAIL

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

    That on November 27, 2000, she served a copy of the attached

**STATEMENT OF FACTS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

M. Ash-Sharief Al'Askari
Reg. No. 34819-066
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

                                          _____
                                          SHELLEY L. GRANT
                                          Paralegal Specialist