ORIGINAL

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PA

M. ASH-SHARIEF AL'ASKARI,   CIVIL NO. 1:00-CV-1449

    PLAINTIFF,   ( Judge Caldwell)

  v.   (Magistrate Judge Smyser)

KATHLEEN HAWKES, DIRECTOR,
BUREAU OF PRISONS;
ROBERT ZIMANY;
DOUGLAS GOLDRING; AND

VIOLA HURSH,

    DEFENDANTS

FILED
HARRISBURG
DEC 1 4 2000
MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

## PLAINTIFF'S TRAVERSE

### Introductory Statement

Now comes M. Ash-Sharief Al'Askari pro se [hereinafter known as "Al'Askari"] and says that this court issued and Order in this action on 30 November, 2000, instructing Al'Askari to response to the defendents's Statement of Facts and Motion for Summary Judgement filed by them with this court previously. Pursuantly, the following facts, information and memorandum constitutes Al'Askari's Brief and Motion.

**A.**          **STATEMENT OF FACTS**

1.  Al'Askari confirms that defendants's statement that Al'Askari did address the resolutions of his claim herein via the U.S. Bureau of Prisons Administrative Remedy Procedure.

2.  The defendants submitted a "declaration" to this court by Robin Gregg. Mr. Gregg entitles himself in the declaration as the "Administrative Remedy Coordinator" here at FCI Allenwood. Notwithstanding, Mr. Gregg himself did not nor does not "coordinate" or resolves the inmate grievance issues here at Allenwood, he only <u>trains</u> the individuals that actually do the process and procedure in question. That is the breadth and extent of Mr. Gregg "coordination".

3.  The defendants through Mr. Gregg argues that my request for administrative relief was "rejected" inasmuch as (1) Mr. Al'Askari did not seek an "Informal Resolution" of his claims as mandated by the policy in question and or (2) Mr.Al'Askari did not "follow in instruction" in proper filing of his issues. In plain terms this argument is the sum and substance of the Defendants's Motion for Summary Dismissal.

4. Notwithstanding, Mr. AL'Askari denies that he has not exhausted his administrative remedy requests. The defendant's recitation of the Administrative Policy Procedure is unexceptionable. It is recitation of facts that is objectionable:

(a) **INFORMAL RESOLUTION:** Informal resolution is not necessarily a prerequisite in filing a wrongful action complaint against the prison by an inmate. If a inmate seeks initially an informal resolution but is unable to for reason beyound his control or ones attempts at informal resolution is actually thwarted by the prison itself then the inmate is obligated to pursuant an "formal" remedy resolution. See **Defendants's Ex. 3 pg. 9 para. "[b.".**

.. Mr. Al'Askari was place in the hole by 2 of the named defendants herein: Counselor Hursh and Attorney Goldring respectively. Notwithstanding the defendants's statement of facts, Counselor Hursh, at the time of the wrongful actions alleged, was the <u>actual</u> administrative rememdy coordinator for Mr. Al'Askari. Defendant Hursh was at the time in question Mr. Al'Askari's "Unit Team", and it is the unit team that actually coordinate the the Informal Remedy Resolution program not Mr. Gregg. It was defendant Hursh who originally placed Mr. Al'Askari in the hole for the wrongful actions by her and others complained of herein. At the time Mr. Al'Askari was in the holed he attempted to file a wrongful action claim against the defendant Hursh to the B.O.P. via the In formal Remedy Process.

2

The Policy procedure in question has a local application that is the policy here at Allenwood, and that is since 1997, an inmate can no longer draft by himself his complaint on an Informal Remedy. The procedure is now here at Allenwood is that the a member of the inmate's unit team is to write the Informal Remedy. Inmates can no longer draft their own remedy requests and or complaint issues. The person that does this is as stated a member of the inmate's unit team. AT the time Mr. Al'Askari sought access to an Informal Remedy Solution to the wrongful actions complainted of herein against defendants Hursh and Goldring defendant Hursh was responsible for drafting up my wrongful action complaint against her. As state at this time Mr. Al'Askari was in the hole and the only that defendant was able to draft up my action against her was for her to physically come to the hole with the form itself, bring MR. Al'Askari out from his cell in the hole to an private conference cell in the hole, write down my wrongful action complaint against her according to my recitation, on the form mentioned and forwarded to the warden in my behalf. Defendant Hursh could not bring herself to drafted up an Informal Remedy Request by Mr. Al'Askari directly against her ownself, and, moreover, bring it to the attention of the Warden with her own hands. Thus, in order to deny me access to a Informal Remedy Form, defendant Hursh refused to come to the hole and stop by and visit Mr. Al'Aaskari. Out of sight. Out of mind. Notwithstanding that this is the primary function of an inmate's unit team and counselor. The condition and circumstances of Mr. Al'Askari at the in the hole disabled him to obtain access from any source other the defendant Hursh. Defendant Hursh was Mr. Al'Askari only available source and connex with anything or anyone else in the prison under the mentioned conditions and circumstances. Mr. Al'Askari repeatedly requested such and Defendant Hursh repeatedly refused my request for submission of a wrongful action

3

complaint against her in the form of an Informal Remedy Request. The forms are maintained by, written up by, signed by, forwarded to, answered to by and returned to the inmate by Defendant Hursh! By reason of such, defendant Hursh would not, and nor would be expected to, to participate in drafting, processing, investigating and rersolving a wrongful conduct action against herself. See **Defendants's Ex. 3 pg.13 para. 10 a., b.**

6. This policy further provides that an inmate may submit a Sensitive Formal Remedy Request directly to the warden if the nature of the problem is sensitive in fact. Pursuantly, Mr. Al'Askari submitted a BP-9 to the warden directly. Describing why defendant Hursh would not provide him with access to a Informal Remedy Resolution request inasmuch as the wrongful action complaint was directly against defendant Hursh herself, the actual administrative Resolution Coordinator in fact if not name. See **Plaintiff's Ex. "A".** Mr. Al'Askari received back the remedy request from the warden rejected .Rejected on the ground that Mr. Al'Askari " did not prove you Attempted an informal resolution".

7. The Policy instructs that if one is disatisfied with the response from the warden one may appeal it to the Regional Director. The warden's "rejection was he response. Per policy, a rejection is a response, all responses are appealable per policy. The defendants alleged through Mr. Gregg that a notice of rejection signify that an inmate has done something "inproper" requiring a "correction" before his issue is address by the the respondant. However, there were no "incorrect" procedures committed in the request. On the the contrary, the warden himself is responsible for the "correction" of staff's subverting of the Administrative Remedy Program by reason of inaction on their part. There were in fact no incorrection on my part as alleged by the defendants in filing my action. An inmate has a right, per policy to disagree with a Rejection notice as being an inproper answer, but an

4

answer nevertheless. A rejection is an answer-decision, and if the rejection is inproper or incorreect itself than an inmate has a right to disagree and point out the cause of it on appeal pursuant to the defendants's own Administrative Remedy Procedure Program.

8. Further, the defendants argue that the wrongful conduct action against defendant Zimany was either rejected or there was an failure to exhaust. This statement by them is not true. Mr. Al'Askari properly submitted his wrongful conduct action against defendant Zimany directly to the Regional office in a timely manner per policy. It is alleged that such was "rejected" by the Regional office by reason of that Mr. Al'Askari was making a single wrongful conduct action against defendant Zimany but involving "two different incidents." This is not true. The matter raised was, with respect to the Incident Report", with one incident alone, and that was the unconstitutionally discriminatory and capricious manner by the defendant Zimany in a <u>single</u> disciplinary hearing presided over by the defendant Zimany. The issue was a single issue. The defendants allege that Mr Al'Askari failed to exhaust his remedies on this issue. This is not true. The Regional office "rejected" my request on the ground that Mr. Al'Askari was raising "two" issues so, therefore, Mr. Al'Askari should have used two seperate remedy forms for "each' issue. Per Administrative Remedy Program, "[T]he inmate shall place a single complaint or a reasonable <u>number of closely related issues</u> on the form." See **Defendants's Ex. 3 pg. 10 par. [(2).** Pertinently, per policy, the "forms" obtain from "ordinarily, the <u>correction counselor</u> (same page). (emphasis added)

9. In sum, per policy, it is not true that a "rejection" is not a decision on the merits. See **Defendants's Ex. 3 pg. 14 para. (3) "[a] Request or Appeal that raises a sensitive or problematic issue, such ..., staff misconduct should not be rejected".**

5

10.  Mr. Al'Askari affirms that he has exhausted his administrative remedies requests in accordance with said Policy notwithstanding. See **Plaintiff's Ex."B"**.  Exhibit "B" clearly indicate that the claims set-forth in this action was previously presented to the defendants in accordance to their own program and procedure. Defendant Goldring himself has established to the satisfaction of this court that "**[No administrative remedy appeal is considered exhausted until it is rejected by the Central office. Id., p.5)**". **De LaCruz vs. W. Bartolo, et al.**,No. 4:CV-99-1412 (judge Muir) 9/12/00(M. D. C.PA)**. Cited in Defendants's Ex., Middle Court of Pa decision page 6 (this court's notice of Affidavit from Douglas Goldring, Esq., ALM). The Defendant Hawkes was appealed to not only for relief against the wrongful actions of the defendants but also to correct the defendants subverting the Program and Procedures of PS 1330.13.

    Mr. Al'Askari has clearly established by the foregoing fact, information and documentations that the defendants are not entitle by law to a summary judgment. Mr. Al'Askari argues that a motion for summary judgment in favor of the defendants should not be granted  in light of the fact that there are genuine issues of material facts in dispute, facts competent to alter the outcome are material facts, your Honor. See **Celotex Corp. v. Catrett, 477 U.S.317, 225 (1986)**

Date: 12 December, 2000

M. Ash-Sh arief Al'Ask[ari]
#34819-66
P.O.Box 2000
White Deer PA 17887

Certificate of Service

I, M. Ash-Sharief Al'Askari, do hereby certify that I have forwarded a copy of the foregoing Traverse upon the U.S. Attorney, M.D. of PA whose address is:

228 Walnut St.
Harrisburg, PA 17108

by depositing same in the prison mailbox here at Allenwood Medium on 12 Dec. 2000

M. Ash-Sh. Al'Askari

| U.S. DEPARTMENT OF JUSTICE | REQUEST FOR ADMINISTRATIVE APPEAL |
|---|---|
| Federal Bureau of Prisons | |

FROM: 'Askari, Muhammad  |  34819-066  |  SHU  |  ALM
LAST NAME, FIRST  |  REG. NO.  |  UNIT  |  INST

Part A-INMATE APPEAL

    'Askari is appealing the institution's denial of remedy. 'Askari submitted a sensitive BP-9 directly to the warden of the institution inasmuch as those responsible for processing informal remedy resolution are, themselves, the cause of complaint i.e. 'Askari's Unit Team itself. In Allenwood informal remedy resolution is written out by the unit team. Inmates are not allowed per policy to write their own informal remedy resolutions.

18 June, 1999                                    M. Al'Askari

Plaintiff's Exhibits "A", "B"

**U.S. Department of Justice**  
Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

150

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: <u>Muhammad Al'Askari</u>　<u>34819-066</u>　<u>SHU</u>　<u>ALM</u>
LAST NAME, FIRST, MIDDLE INITIAL　REG. NO.　UNIT　INSTITUTION

**Part A—REASON FOR APPEAL**: The following is an appeal of a D.H.O. decision.

'Askari was unable to timely submit this appeal by reason of fact that during the month of May, 99, 'Askari wastransferred abruptly from Allenwood to Lewisburg prison, remaining there a week; and, then, retransferred abruptly back to Allenwood! Upon returning, my unit team "assigned me to the Hole". 'Askari's unit team said it had given someone the bed 'Askari had been assigned to for two year. All of which disallowed access to personal effects, papers and property. R and D RELEASE JUST YESTERDAY 'Askari's property, thus tolling the filing time.

'Askari's unit team wrote an Incident Report against 'Askari for two alleged offenses (see attached incident report). Specifically, they alleged that 'Askari had dope and some legal papers of others. The unit team referred to Mr. Zimany, the d.h.o. 'Askari requested as witnesses a pharmacist a 'Askari's cellmate. Notwithstanding, Zimany refused my request for these particular, two witnesses without cause at the time of the hearing. And, futher, refused a request to postpone the hearing as to allow adequate time to prepare

<u>10 June, 99</u>　　　　　　　　　　　　　　　　　_[signature]_
DATE　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____　　　　　　　　　　　　　_____
DATE　　　　　　　　　　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE　　　　　　　　　　CASE NUMBER: 188999-R1

---

**Part C—RECEIPT**

CASE NUMBER: 188999-R1

Return to: _____  ALM
LAST NAME, FIRST, MIDDLE INITIAL　REG. NO.　UNIT　INSTITUTION

SUBJECT: _____

cont'd

a defense to an allegation raised at the hearing for the first time, without notice, by Zimany himself i.e. "possession of contraband". Accordingly, however, the incident report alleged possession of dope. No facts, information or conclusions evidenced that 'Askari was guilty of the incident report and Zimany exonerated the accused.

But, at that selfsame hearing, Zimany found 'Askari guilty of something that 'Askari was never given an incident report for, namely, possessing contraband. Had Zimany allowed continuance of the hearing, the pharmacist, as wells as my cellmate would have been call by staff representative as witness-for the accused. They both would have testified that the pharmacist issued the alleged item of "contraband" to 'Askari cellmate. Zimany abused his discretion in that he himself accuses 'Askari of possession contraband at the Hearing and then he is, himself, the Judge and Jury. By not being notified adequately, 'Askari and staff representative was unable to defend, resulting in Zimany finding 'Askari was guilty of Offense 305 when 'Askari was not accused of such. Further, the sanctions imposed by Zimany are to harsh and severe in that the penalties are <u>disproportionate</u> the the nature of the offense. This APPEAL seeks relief in the form of expungement and or, alternately, at least alleviating the severity of the sanctions.

The sanctions, 15 days in segregation and 90 days lost of telephone and commisary, for a first-timer, and 7 years in, is more grevious than one can forebear. Zimany, as a rule, allows the unit team to informally resolve 300 serie report; 'Askari is particularly singled out out of discrimination and vindictiveness by Zimany.

Again, at that selfsame Hearing, 'Askari was found guilty of "Possessing the property of another". Specifically, 'Askari was accused of having legal property of two other inmates. Both inmates informed Zimany that 'Askari is assisting in law and doing their court briefs. They also informed Zimany that they did not "give" 'Askari any "property" at all, 'Askari was doing their case in court for them. Moreover, no information was presented to Zimany to the contrary. Zimany gravely abused his discretion in finding 'Askari guilty of such when his findings of facts is a mere repetition of the allegation itself i.e. the evidence is the charge! "Askari, as well as 'Askari's staff rep., presented documented facts and information that what Zimany alleges belongs to others 'Askari wrote, drafted and created for 'Askari and that everything in 'Askari's property belonged to 'Askari and no one else!

In conclusion, 'Askari request that this office rectify this matter by expunging both incident reports. Thank you.

Muhammad 'Askari

RECEIPT - ADMINISTRATIVE REMEDY

DATE: JUNE 18, 1999

B215

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : MUHAMMAD ASKARI, 34819-066
      ALLENWOOD MED FCI    UNT: UNIT 3A    QTR: Z05-015UAD

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 188999-R1
DATE RECEIVED   : JUNE 16, 1999
RESPONSE DUE    : JULY 16, 1999
SUBJECT 1       : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2       :
INCIDENT RPT NO: 673622

**U.S. Department of Justice**  
Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Muhammad 'Askari__  __34819-66__  __3A__  __ALM__
  LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**

　　　　I submitted to the regional office a request for remedy. I WAS A APPEALING THE DECISIONS OF Mr. Zimany, the D.H.O. for punishing for offense for which thre is no evidence that a prison policy was violated. The region has not responed in a timely mannar and therefore is taken as a rejection. They have not return any thing to me that I sent them so I AM UNABLE to attached the BP_ 10, the region has everything.

　　　　I am appealing their rejection.

__16 July 1999__   　　　　　　　　　　　　　(signature)
     DATE                                              SIGNATURE OF REQUESTER

**Part B—RESPONSE**



RECEIVED JUL 2 0 1999 ADMINISTRATIVE REMEDY BRANCH

　　　　DATE　　　　　　　　　　　　　　　　　　GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE　　　　　　　CASE NUMBER: __188999-__

**Part C—RECEIPT**
　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __Muhammad 'Askari__   __34819-066__   __3A__   __ALM__
     LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A—REASON FOR APPEAL**

I had submitted a sensitive BP-9 to Warden Jake Mendez with regards to my unit's team staff member confiscating my legal property. The warden determined that " the issue raised is not a sensitive issue". The issues in fact were against the people that process my request for an informal remedy i.e. the counseler , the case manager, the unit manager and the staff attorney themselves.

The issues that the warden refuse to address were documented and attacted to a Bp-10 to the regional office. The regional office denied relief. However, it did not return the BP-10 nor attached documents in the rejection notice, thus I am only able to attach hereto is what the region return to me. The issue was and remains that the prison staff mentioned illegal confiscated and destroyed my legal property and court papers because they said I was assisting others with their law work. T he general counsel is responsible that inmate have access to court and that this does not happen to me again. Attached hereto is a copy of the rejections.

__16 July, 1999__                                    __Muhammad Askari__
   DATE                                             SIGNATURE OF REQUESTER

**Part B—RESPONSE**








---

_____                                _____
  DATE                                  GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE              CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**
                                        CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____                                _____
  DATE                                  SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 28, 1999

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : MUHAMMAD ASKARI, 34819-066
      ALLENWOOD MED FCI    UNT: UNIT 3A    QTR: C01-109U
      P.O. BOX 2500
      WHITE DEER,  PA 17887


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID         : 188999-A1      CENTRAL OFFICE APPEAL
DATE RECEIVED     : JULY 20, 1999
SUBJECT 1         : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2         :
INCIDENT RPT NO:

REJECT REASON 1:  YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE WRONG LEVEL OR
                  WRONG OFFICE.

REMARKS         : YOU MUST REFILE YOUR APPEAL AT THE REGIONAL LEVEL.