IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PA

M. Ash-Sharief Al 'Askari,
      Plaintiff,

v.

Kathleen Hawkes, et.al.,
      Defendants,

Civil No. 1:00-CV-1449
(Caldwell, J.)
Smyser, Mag. J.

Plaintiff Opposes The Defendants' Request For
Enlargement Of Time To Supplement Their Motion

FILED
JAN 3 - 2001
PER
HARRISBURG, PA
DEPUTY CLERK

INTRODUCTION

Now comes M. Ash-Sharief Al'Askari plaintiff pro se and says that the defendants have submitted a motion to this court requesting another extension of time to supplement their motion to dismiss this action for lack of jurisdiction. For the following causes it is submitted that this request is submitted in bad faith and therefore must be denied.

SUMMARY ARGUMENT

The defendants previously was granted an extension of time to file An Answer to this action. In their Answer the defendants filed a motion to dismiss and a motion for summary judgement. The defendants at that time did not file with that motion a Statement of Fact. This court permitted the defendants to file with their motion a statement of facts nunc pro tunc. Summarily, in their nunc pro tunc statement of fact in support of their motion to dismiss the defendants submitted an Affidavit from Robin L. Gregg. Mr. Gregg declared himself in the defendants'nunc pro tunc statement of facts that he was the "Administrator Remedy Coordinator" at Allenwood and filed with this court an Appendix of Exhibits purporting to substantiating that declaration. Notwithstanding, Mr. Al'Askari objected to

the motion on the grounds that (1) Mr. Al'Askari exhausted Administrative Remedy Procedure in compliance with law and (2) Mr. Gregg does not coordinate the administrative remedy process and procedure here at Allenwood but the defendant Hursh does.

Now the defendants come again requesting an extension of time under Rule 6 to obtain information from defendant Hursh. However, the information that the defendants request again more time to seek was <u>available</u> to the defendants at the time of their first request for an extension of time to file a nunc pro tunc Statement of Facts. The defendants was given by this court an extension of time previously to submit an affidavit/declaration from the defendant Hursh as the allegation raised concerning the defendant Hursh has been raised repeatedly, at the administrative remedy level and also in the pleading of this action by Mr Al'Askari. The defendants' represent to this court that need of "litigative assistance from agency counsel" as his cause of action. A granting of their request for another extension of time is prejudicial to Mr. Al'Askari inasmuch as the counsel in question is a <u>defendant in this action</u> who has a personal and immediate stake in the outcome of this case rendering his "litigative assistance" bias. Moreover, the "agency counsel" had ample occasion to provide his litigative assistance in the defendants previous submissions and filings.

Secondly, the defendants base their request for another extension by reason of defendant Hursh being on "vacation". Mr. Al'Askari states that this is a false allegation. Defendant Hursh is not at this time vacationi[ng]. Defendant Hursh is here at the prison 5 days a week. Mr. Al'Askari spoke with Defendant Hursh yesterday. The defendant are misrepresenting the fac[ts] to this court. Consequently, the defendants have not demonstrated excusab[le] neglect.

2

Attach to this brief and memorandum is a standard Bureau of Prisons Form "Request For Informal Remedy Resolution". **Joint Exhibit 1.** This attached exhibit indicates pellucidly that "**Inmates are NOT to complete this form**". (emphasis in the original). At the bottom of the Exhibit are the signatures of the "coordinators" who are, as consistently maintain by Mr. Al'Askari, the Unit Counselor and the Unit Manager. Contrary to the false declaration by Robin L. Gregg that he is the "Coordinator".

Thirdly, the defendants request for a second extension of time to supplement their nunc pro tunc Statement of Facts by reason of fact that counsel for the defendant is _too busy_ litigating to litigate in a timely manner. Notwithstanding, defendants'counsel alleged "busy schedule" fails to establish excusable neglect under Rules governing motion for extension of time See **TAUMBY V. U.S**, **902 F.2d 1362 (8th CIR. 1990)**(District Court did not abuse its discretion in denying Federal Tort Claim Act plaintiff' request for extension of time to respond to dismissal motion, premised on attorney's alleged busy schedule, as plaintifffailed to establish "excusable neglect" underthe rule governing motions for time extension); **McLAUGHLIN V. CITY OF LAGRANGE**, 662 F.d 1385 (C.A. GA. 1981)(Fact that counsel was a solo practitioner did not establish excusable neglect justifying an extension of time to respond to motion for summary judgement); **CITIZEN' PROTECTION LEAGUE V. CLARK**, 178 F.2d 703 (C.A.D.C.1949)(That attorney had others matters in his office which required his attention did not constitute "excusable neglect" so as to permit extension of time to file a record on appeal after prescribed time has expired); **GROVER V. COMMERCIAL INS. CO.**, 104 FRD 104 ( D.C. Me.1985)(defense counsel neglect to timely file amendment to assert affirmative defenses was not excusabl neglect by counsel's preparation for other litigation and that a long holiday weekend was involved; therefore, defendant was not entitle to movement for enlargement of time).

3

ALM 1330.13B
Attachment 1

# INFORMAL RESOLUTION ATTEMPT

In accordance with Program Statement 1330.13, <u>Administrative Remedy Procedures for Inmates</u>. This form will serve as documentation by the respective staff member and his/her unit manager to indicate an informal attempt to resolve the complaint of the following inmate. Inmates are <u>NOT</u> to complete this form.

NAME: <u>ASKARI, MUHAMMAD</u>   REG. NO. <u>H34819-066</u>

DATE FORM INITIATED: <u>25 OCT 00</u>   STAFF: <u>M. BUCK</u>,   <u>3A</u>
                         Date               Name               Unit

**A BP-229 (13) WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED**

1. Nature of complaint (to be completed by staff):
   SEE ATTACHED COMPLAINT.

2. I have read the complaint above as written by Unit Staff and agree it is accurate.
   _[signature]_                                              25 OCT 00
   Inmate's Signature                                         Date

3. Staff Member Assigned to Respond by U/M: <u>M. BUCK</u>

4. Efforts Made to Resolve the Problem: SEE ATTACHED RESPONSE.

5. Applicable Program Statement Used in this Informal Resolution Attempt: <u>N/A</u>

6. Inmate's Response to Informal Remedy Attempt: <u>INCIDENT IS INFORMALY RESOLVED.</u>

Prepared by: <u>M. BUCK</u> _[signature]_
Reviewed by: <u>K. DEWEY</u> _[signature]_
Original Returned to Inmate (Date): <u>7 NOV 00</u>

ALM 1330.13B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL 'ASKARI, :
:
    Plaintiff, :
:
v. : CIVIL NO. 1:00-cv-1449
: [Caldwell, J.]
KATHLEEN HAWKES, et.al., :
:
    Defendants. :

### DECLARATION OF AMIN ABDUR RASHID

**AMIN ABDUR RASHID**, hereby declares under penalty of perjury:

1. I am a prisoner here at FCI ALLENWOOD MEDIUM FACILITY assigned to the Unit 4B housing unit and I make this declaration in support of plaintiff's response to the Government's request to extend the time to respond to his Complaint filed, herein.

2. On Friday, December 29, 2000, I saw Ms. Viola Hursh, whom I recognized as one of the Unit 4B Counselors, in the inmate dining hall at approximately 11:30am. She was standing duty with other Bureau Of Prisons officials.

Further Your Declarant Sayeth Naught.

    I hereby declare under penalty of perjury that the
    foregoing statements are true and correct. 28, USC,
    § 1746.

               Signed this 30th day of December, 2000.

                                    /s/ Amin A. Rashid

CERTIFICATE OF SERVICE

I, M. Ash-Sharief Al'Askari, do hereby certify that I have forwarded a copy of the aforementioned objection to motion for enlargement of time to counsel for the defendants whose address is:

>U.S. Department of Justice,
>United States Attorney,
>Middle District of Pa
>P.O. Box 11754
>Harrisburg, PA 17108

and deposited the same in to the prison mailbox here at Allenwood on 31 December 2000.

M. Ash-Sharief Al'Askari

P.O. Box 2000

White Deer, PA 17887