DMB:MEH:slg:2000V00753

ORIGINAL

21
1/11/01 ~hy

FILED
HARRISBURG

JAN 1 0 2001

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,    :
        Plaintiff    :
                :
      v.    :    Civil No. 1:CV-00-1449
                :    (Judge Caldwell)
KATHLEEN HAWKES, et al.,    :    (Magistrate Judge Smyser)
        Defendant    :

## REPLY BRIEF IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

### I. Procedural History

Al'Askari, initiated this Bivens complaint against

Viola Hursh, Correctional Counselor; Kathleen Hawk-Sawyer,

Director; Douglas S. Goldring, Attorney; and Robert Zimany,

Discipline Hearing Officer.    Al'Askari alleged that the

Defendants violated his constitutional rights.    Specifically, he

alleged that his access to the courts was impermissibly

prejudiced; and that two incident reports were improperly

substantiated by the Discipline Hearing Officer.

Defendants filed a motion to dismiss and for summary

judgment and supporting brief on November 9 and November 22,

2000, respectively.    In their supporting brief, Defendants argued

that Al'Askari's complaint is subject to dismissal based on his

failure to exhaust his administrative remedies.    On December 12,

2000, Al'Askari opposed defendants' motion.    Because Al'Askari's

response to Defendants' motion fails to demonstrate otherwise, his arguments should be rejected and Defendants' motion granted.

## II.  **Question Presented**

Should defendants' motion to dismiss and for summary judgment be granted?

Suggested answer in the affirmative.

## III.  **Argument**

In an attempt to counter defendants' supporting documentation, Al'Askari has submitted "Plaintiff's Traverse" which he states constitutes his facts, brief and motion.  See Traverse (hereinafter "Br. in Opp'n") at 1.  Al'Askari does not supply any supporting declarations to refute defendants' affidavit that he has not exhausted administrative remedies. Al'Askari challenges defendants' argument that the complaint should be dismissed for lack of exhaustion.

First, Al'Askari alleges that Viola Hursh is the "actual Administrative Remedy Coordinator" at FCI-Allenwood and not "Mr." Gregg.  In addition, Al'Askari claims that Hursh refused to help him file an informal remedy request against herself, thereby "thwarting" his attempts at informal resolution; and that Hursh and another staff member placed Al'Askari in the Special Housing Unit; and finally, that he has exhausted his administrative remedies concerning the issues he has raised in this action.  (Decl. of V. Hursh, Ex. 1 ¶ 3.)

2

Contrary to Al'Askari's assertions, Defendant Hursh is not the Administrative Remedy Coordinator at FCI-Allenwoood. That position is held by Executive Assistant Robin Gregg.  Ms. Gregg has previously provided a declaration in this action detailing the administrative remedy process and Al'Askari's failure to exhaust.[1]  (Ex. 1 ¶ 4.)

Al'Askari's claims that Hursh "thwarted" him from filing an informal resolution regarding his allegations that staff destroyed his legal property, is without merit. Specifically, FCI-Allenwood has established procedures for inmates to follow when they want to submit an informal resolution request.  These procedures are contained in Institution Supplement ALM 1330.13B, entitled <u>Administrative Remedy Procedures for Inmates</u>, dated August 26, 1997.  (Ex. 1 ¶ 5; Attachment 1.)

It is the practice of the institution to informally resolve as many complaints as possible at the lowest level possible, therefore, the institution requires all inmates to exhaust informal resolutions before filing formal administrative remedy requests.  As a member of Al'Askari's Unit Team, Hursh is involved in issuing informal remedy requests to inmates assigned

---

[1] The Declaration of Robin L. Gregg, Executive Assistant is attached to Defendants' Exhibits to Brief in Support of Defendants' Motion to Dismiss and for Summary Judgment filed on November 22, 2000.

to her caseload, as well as responding to informal resolution requests and formal administrative remedy requests.  (Ex. 1 ¶ 6.)

Hursh denies that she ever refused to provide an informal remedy request to Al'Askari.  It is Hursh's usual practice to provide these forms to an inmate upon request, even if that inmate is making an allegation against her personally. (Ex. 1 ¶ 7.)

Even assuming that Hursh denied a request by Al'Askari for an informal resolution, Al'Askari could still have obtained a form from any other member of his Unit Team, including Hursh's supervisor, all of whom make rounds through the Special Housing Unit ("SHU").  Al'Askari could also have requested a waiver from informal resolution by demonstrating to the Warden or the Administrative Remedy Coordinator an acceptable reason for bypassing informal resolution, as provided for in Bureau of Prisons Program Statement 1330.13, entitled <u>Administrative Remedy Program</u>, paragraph 7(b).[2]  (Ex. 1 ¶ 8.)

In April 1999, as part of her job, Hursh would make rounds through the institution's SHU twice each week.  The purpose of these rounds was to ensure that inmates assigned to Hursh's caseload who were confined in that Unit [including Al'Askari] could raise any requests they had directly with Hursh.

_____

[2] Program Statement 1330.13 is attached to Defendants' Exhibits to Brief in Support of Defendants' Motion to Dismiss and for Summary Judgment filed on November 22, 2000.

4

These requests included requests for telephone calls, for visits,
miscellaneous requests and requests for informal and formal
administrative remedies.  At no time did Al'Askari state to me
that he needed an informal resolution form so that he could file
a formal complaint against Hursh.  (Ex. 1 ¶ 9.)

Hursh reviewed Al'Askari's exhibits in support of his
motion.  Hursh notes that at no time did Al'Askari state that
Hursh denied him an informal resolution request.  In fact, it was
not until Al'Askari received the Defendants' Motion to Dismiss
and for Summary Judgment that he first raised an allegation that
Hursh refused to provide him with the appropriate forms.  (Ex. 1
¶ 10.)

Hursh reviewed her records regarding whether or not she
issued any informal resolution forms or formal administrative
forms to Al'Askari during this time frame.  Hursh's records
reveal that she provided Al'Askari with a formal administrative
remedy form on April 21, 1999, after Al'Askari stated that he
wanted to file a sensitive appeal.  On April 27, 1999, Hursh
provided Al'Askari with another formal administrative remedy form
at his request so that he could file another sensitive appeal.
On May 18, 1999, Hursh provided Al'Askari with two additional
formal administrative remedy forms at Al'Askari's request so that
he could appeal two disciplinary reports to the Regional Office.
On July 7, 1999, Hursh provided Al'Askari with two more formal

administrative remedy forms at his request so that he could appeal the decision of the Regional Office.  Once again, there is no record that Al'Askari requested any informal resolution forms from Hursh.  Had Al'Askari done so, Hursh would have provided the forms to him.  (Ex. 1 ¶ 11; Attachment 2.)[3]

Finally, Hursh did not place Al'Askari in the Special Housing Unit.  It is Hursh's understanding that Al'Askari was placed in the SHU by the shift lieutenant after he received two incident reports for code 305 violations (possessing anything unauthorized).  Although Hursh wrote one of the incident reports, it was not her decision to place Al'Askari in the SHU.  As a Correctional Counselor, Hursh does not have the authority to place an inmate in the SHU, nor does she have the authority to remove an inmate from the SHU.  (Ex. 1 ¶ 12.)

Al'Askari also claims that because he is dissatisfied with the Warden's response he may appeal directly to the Regional Director.  (Br. in Opp'n at 4.)  Finally, Al'Askari claims that his appeal of the Disciplinary Hearing Officer's ("DHO") decision was not a failure to exhaust.  (Br. in Opp'n at 5.)  Al'Askari misunderstands the administrative remedy process.  Al'Askari's failure to follow the administrative remedy process was previously detailed in Defendants' Brief in Support of

---

[3] The names and registration numbers of other inmates have been redacted from Attachment 2 in order to protect their privacy.

Defendants' Motion to Dismiss and for Summary Judgment and,
therefore, will not be repeated here.  (See Exhibits to Brief in
Support of Defendants' Motion to Dismiss and for Summary
Judgment; Declaration of Robin L. Gregg, Executive Assistant.)

　　　　　In opposing a motion for summary judgment, a party must
adduce more than a mere scintilla of evidence in its favor, and
cannot simply reassert factually unsupported allegations
contained in its pleadings.  Celotex v. Catrett, 477 U.S. 317
(1986).  Summary judgment is appropriate when supporting
materials show there are no material issues of fact to be
resolved and the moving party is entitled to judgment as a matter
of law.  Fed. R. Civ. P. 56.  Al'Askari is doing no more than
attempting to create a material issue of fact, yet he provides no
support to his allegations.  Rule 56 requires the non-moving
party to go beyond the pleadings and designate facts showing that
there is a genuine issue for trial.  Celotex, 477 U.S. at 324.
An issue is genuine only if the evidence is such that a
reasonable trier of fact could return a verdict for the non-
moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
(1986); Equimark Comm. Finance Co. v. C.I.T. Financial Serv.
Corp., 812 F.2d 141, 144 (3d Cir. 1987); Hankins v. Temple
University, 829 F.2d 437, 440 (3d Cir. 1987).  If evidence is
merely colorable or not significantly probative, summary judgment
must be granted.  Anderson, 477 U.S. at 250; Equimark, 812 F.2d

7

at 144; <u>Hankins</u>, 829 F.2d at 440.  Where the record, taken as a whole, would not lead one to find for the non-moving party, summary judgment must be entered in favor of the movants.  <u>Id.</u> In the case at bar, there are no material facts at issue, Al'Askari has simply not exhausted administrative remedies with regard to the allegations in his complaint.

### IV.  <u>Conclusion</u>

For the reasons stated above, defendants' motion to dismiss and for summary judgment should be granted with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

Respectfully submitted,

DAVID M. BARASCH
United States Attorney

*Matthew Haggerty /pp*

MATTHEW E. HAGGERTY
Assistant U.S. Attorney
SHELLEY L. GRANT
Paralegal Specialist
220 Federal Building
228 Walnut Street
Post Office Box 11754
Harrisburg, PA 17108

Dated: January 10, 2001

# EXHIBIT - 1

# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M. ASH-SHARIF AL'ASKARI | : | Civil Action No. 1:CV-00-1449 |
| | : | |
| **Plaintiff** | : | (Caldwell, J.) |
| | : | (Smyser, M.J.) |
| **v.** | : | |
| | : | |
| KATHLEEN HAWKES, et al., | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## DECLARATION OF V. HURSH

I, V. Hursh, hereby declare and state as follows:

1.   I am currently employed by the United States Department of Justice, Federal Bureau of Prisons ("FBOP"), as a Correctional Counselor, at the Federal Correctional Institution, Allenwood, Pennsylvania. I have been employed with the FBOP since May 1994.

2.   I am aware of the allegations made by the Plaintiff in the above-captioned complaint. Essentially, Plaintiff Muhammad Ash-Sharif Al'Askari, Federal Register Number 34819-066, has alleged that staff violated his due process rights during the disciplinary process and that staff have impeded his access to the courts.

EXHIBIT

3.    I have reviewed the "Plaintiff's Traverse", dated December 12, 2000, wherein he alleges that I am the "actual Administrative Remedy Coordinator" at F.C.I. Allenwood and not "Mr." Gregg; that I refused to help him file an informal remedy request against myself, thereby "thwarting" his attempts at informal resolution; that I and another staff member placed him in the Special Housing Unit; and that he has exhausted his administrative remedies concerning the issues he has raised in this action.

4.    Contrary to the Plaintiff's assertions, I am not the Administrative Remedy Coordinator at F.C.I. Allenwood. That position is held by Executive Assistant Robin Gregg.   Ms. Gregg has previously provided a declaration in this action to that effect.

5.    Although the Plaintiff claims that I "thwarted" him from filing an informal resolution regarding his allegations that staff destroyed his legal property, this allegation is without merit.   Specifically, F.C.I. Allenwood has established procedures for inmates to follow when they want to submit an informal resolution request.   These procedures are contained in    Institution    Supplement    ALM    1330.13B,    entitled Administrative Remedy Procedures for Inmates, dated August 26,

1997.   I have attached a copy of this supplement to my
declaration.

6.    Since it is the practice of the institution to informally
      resolve as many complaints as possible at the lowest level
      possible, we require all inmates to exhaust informal
      resolutions before filing formal administrative remedy
      requests.  As such, although I am not the administrative
      remedy coordinator, as a member of the Plaintiff's Unit Team,
      I am involved in issuing informal remedy requests to inmates
      assigned to my caseload, as well as to responding to informal
      resolution requests and formal administrative remedy requests
      as appropriate.

7.    I deny that I ever refused to provide an informal remedy
      request to the Plaintiff.  It is my usual practice to provide
      these forms to an inmate upon request, even if that inmate is
      making an allegation against me personally.

8.    Even assuming that I denied a request by the Plaintiff for an
      informal resolution, the Plaintiff could still have obtained
      a form from any other member of his Unit Team, including my
      supervisor, all of whom make rounds through the Special
      Housing Unit.  The Plaintiff could also have requested a

waiver from informal resolution by demonstrating to the warden
or the administrative remedy coordinator an acceptable reason
for bypassing informal resolution, as provided for in Bureau
of Prisons Program Statement 1330.13, entitled <u>Administrative</u>
<u>Remedy Program</u>, ¶ 7(b).

9.    In April 1999, as a part of my job, I would make rounds
through the institution's Special Housing Unit twice each
week.  The purpose of these rounds was to ensure that inmates
assigned to my caseload who were confined in that unit
(including the Plaintiff) could raise any requests they had
directly to me.    These requests included requests for
telephone calls, for visits, miscellaneous requests and
requests for informal and formal administrative remedies.  At
no time did the Plaintiff state to me that he needed an
informal resolution form so that he could file a formal
complaint against me.

10.   I have also reviewed the Plaintiff's exhibits in support of
his motion.  I note that at no time did he state that I had
denied him an informal resolution form.  In fact, it was not
until the Plaintiff received the Defendant's Motion to Dismiss
and Motion for Summary Judgment that he first raised an
allegation that I refused to provide him with the appropriate

forms.

11. I have also reviewed my records regarding whether or not I
issued any informal resolution forms or formal administrative
forms to the Plaintiff during this time frame. These records
reveal that I provided the Plaintiff with a formal
administrative remedy form on April 21, 1999, after the
Plaintiff stated that he wanted to file a sensitive appeal.
On April 27, 1999, I provided the Plaintiff with another
formal administrative remedy form at his request so that he
could file another sensitive appeal. On May 18, 1999, I
provided the Plaintiff with two additional formal
administrative remedy forms at the Plaintiff's request so that
he could appeal two disciplinary reports to the Regional
Office. On July 7, 1999, I provided the Plaintiff with two
more formal administrative remedy forms at his request so that
he could appeal the decision of the Regional Office. Once
again, there is no record that the Plaintiff requested any
informal resolution forms from me. Had the Plaintiff done so,
I would have provided the forms to him. I have attached a
copy of these records to my declaration.

12. Finally, I did not place the Plaintiff in the Special Housing
Unit. It is my understanding that the Plaintiff was placed in

01/10/01   09:07   ☎5705476124          ALP WARDENS OFC.                    ☒007

the Special Housing Unit by the shift lieutenant after the
Plaintiff received two incident reports (one for "Possession
of Anything Not Authorized" and one for "Possession of Any
Narcotics"). Although I wrote one of the incident reports, it
was not my decision to place the Plaintiff in the Special
Housing Unit. As a Correctional Counselor, I do not have the
authority to place an inmate in the Special Housing Unit, nor
do I have the authority to remove an inmate from the Special
Housing Unit.

I declare that any and all records attached to this
declaration are true and accurate copies of records maintained in
the ordinary course of business by the Federal Bureau of Prisons.
I further declare that the foregoing is true and correct to the
best of my knowledge and belief, and is given under penalty of
perjury pursuant to 28 U.S.C. §1746.

EXECUTED this 9th day of January, 2001.

V. HURSH
Correctional Counselor
Federal Correctional Institution
Allenwood, Pennsylvania

Declaration of V. HURSH

ATTACHMENT # 1



| U. S. Department of Justice | NUMBER: | ALM 1330.13B |
| Federal Bureau of Prisons | DATE: | August 26, 1997 |
| | SUBJECT: | Administrative Remedy Procedure for Inmates |

*Federal Correctional Complex*
*Federal Correctional Institution - Allenwood*
*White Deer, PA  17887*

# Institution Supplement

1. **PURPOSE:**  To provide procedures for the informal and formal resolution of inmate complaints.

2. **DIRECTIVES AFFECTED:**

    A. Directives Rescinded

    Institution Supplement ALM 1330.13A, Administrative Remedy Procedure for Inmates, dated September 9, 1996.

    B. Directives Referenced

    Program Statement 1330.13, Administrative Remedy Procedure for Inmates, dated December 22, 1995.

    Technical Reference Manual 004.01, SENTRY Administrative Remedy Manual, dated June 1, 1994.

3. **STANDARDS REFERENCED:**  ACA Standards 3-4236, 3-4271, 3-4393, and 3-4434.

4. **PROCEDURES:**

    A. Responsibilities:  The Executive Assistant shall be the coordinator for the Administrative Remedy Program.  Investigating complaints and drafting responses will ordinarily be done by the department head concerned.  The Warden's Secretary is designated as the Administrative Remedy Clerk for FCI, Allenwood.

    B. Informal Resolution:  It shall be the practice of this institution to informally resolve as many

complaints as possible. Counselors and other staff will ensure the informal resolution process is implemented and followed. Unit staff should not issue a BP-229(13) form to an inmate prior to completion of the Informal Resolution Form (Attachment 1). The Unit Manager or designee will provide a separate informal resolution form for each issue presented to him or her by an inmate. The Informal Resolution form will be completed by the Correctional Counselor and not given to the inmate to complete. The Unit Manager shall maintain a log of all complaints which were informally resolved. Ordinarily, the informal resolution process should be completed within five work days from the initial receipt of the complaint. The only exceptions to this procedure will be for complaints alleged to be sensitive as defined in Program Statement 1330.13. The Administrative Remedy Coordinator, in consultation with the Warden, will determine if complaints are sensitive once submitted.

C. Filing: If informal resolution efforts are not successful, the inmate may then obtain a BP-229(13) from the Unit Manager or designee. Upon completion of the BP-229(13), the inmate must return the form to his Counselor for delivery to the Wardens' Secretary. The informal resolution form must be attached to the BP-229(13) form upon delivery.

Prior to issuing the BP-229(13), the Counselor will place his or her initials and a sequential number in the upper right hand margin of the form. Likewise, Counselors will document the inmate's name, number, the date issued, subject matter, staff member, and sequential number for each issuance of a BP-229(13) in the unit administrative remedy log (Attachment 2). Units will begin the log at the beginning of each fiscal year with their applicable unit number followed by a sequential number starting with 01.

The BP-229(13) shall address a single complaint and will correspond with the complaint as stated on the informal resolution form. Only those issues contained in the informal resolution form will be addressed in the BP-229(13) response.

The Executive Assistant is responsible for indexing the BP-229(13) forms. The Executive Assistant is also responsible for assigning the BP-229(13) to the appropriate department head for investigation.

All BP-229(13) receipts and rejection notices are automated in SENTRY. Unit Managers are responsible for ensuring the BP-229(13) receipts and rejection notices are retrieved from SENTRY and distributed to the inmate.

Appeals of DHO actions are filed directly to the Regional Director on a BP-230(13).

D. Response: Investigations will ordinarily be assigned to department heads. A draft response should be completed and routed to the Executive Assistant within the time period specified on the assignment memorandum. The following format is to be used when preparing responses to Requests for Administrative Remedy Forms.

Paragraph 1: This is in response to your Request for Administrative Remedy, receipted __Date__, in which you (complain, allege, state, etc.) that (state nature of the complaint). Use the inmate's own words as much as possible to detail the issue. Do not use employee names, but use position titles instead. End the first paragraph by identifying the nature of the relief sought, for example: "You request that the U.D.C. decision be overturned and the report be expunged."

2

Paragraph 2 (and more if necessary): In paragraph 2, identify what steps were taken in terms of research or an investigation, and what information (except confidential) was discovered. Identify directives by title, number, and date, and cite specific passages. At the end of the paragraph, indicate whether the evidence supports or refutes the allegation.

Final Paragraph: "Based on the above information, your request for relief is (granted, denied, partially granted, partially denied.)" Elaborate if necessary.

All responses should be returned to the Warden's Secretary. After review by the Executive Assistant, the draft response will be forwarded to the Warden, for review. Upon approval, the final response will be typed by the Warden's Secretary on the BP-229(13) form.

E. <u>Distribution</u>: Upon signature of the BP-229(13) by the Warden, the Warden's Secretary will retain the first copy of the BP-229(13) form. The original and remaining copies will be forwarded to the inmate through institution mail.

F. <u>Appeal Forms</u>: Appeal forms BP-230(13) and BP-231(13), may be obtained from the Counselor or, in his/her absence, unit staff. BP-230(13) and BP-231(13) responses shall be filed with the corresponding BP-229(13) in the local administrative remedy file.

5. **<u>ISSUING OFFICE:</u>** Executive Assistant

6. **<u>ATTACHMENTS:</u>**    Attachment 1, Informal Resolution Attempt
Attachment 2, Unit Administrative Remedy Log

_____

G. C. Wigen, Warden

ALM 1330.13B
Attachment 1

## INFORMAL RESOLUTION ATTEMPT

In accordance with Program Statement 1330.13, <u>Administrative Remedy Procedures for Inmates</u>. This form will serve as documentation by the respective staff member and his/her unit manager to indicate an informal attempt to resolve the complaint of the following inmate. Inmates are <u>NOT</u> to complete this form.

NAME: _____ REG. NO. _____

DATE FORM INITIATED: _____ STAFF: _____
                      **Date**                    **Name**                  **Unit**

**A BP-229 (13) WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM ATTACHED**

1. Nature of complaint (to be completed by staff):

_____

_____

_____

_____

_____

2. I have read the complaint above as written by Unit Staff and agree it is accurate.

_____          _____
Inmate's Signature                                              Date

3. Staff Member Assigned to Respond by U/M: _____

4. Efforts Made to Resolve the Problem: _____

_____

_____

_____

5. Applicable Program Statement Used in this Informal Resolution Attempt: _____

6. Inmate's Response to Informal Remedy Attempt: _____

_____

_____

Prepared by: _____

Reviewed by: _____

Original Returned to Inmate (Date): _____

ALM 1330.13B
Attachment 2

# FEDERAL CORRECTIONAL INSTITUTION ALLENWOOD
## ADMINISTRATIVE REMEDY LOG

Unit _____

| Inmate Name | Number | Date Issued | Subject Matter | Staff Member | Sequential Number |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Declaration of V. HURSH


# ATTACHMENT # 2

# ADMINISTRATIVE REMEDY LOG

| No | Name | Reg. No. | Complaint | Date 8 | Date 9 | Date 10 | Date 11 |
|---|---|---|---|---|---|---|---|
| 145 | ▓ | ▓ | Sensitive | | | 5-4-99 | |
| 146 | ▓ | ▓ | Appeal Visitation | 5-4-99 | 5-13-99 | 7-1-99 | |
| 147 | ▓ | ▓ | Ms. Hardesty | 5-4-99 | 5-13-99 | 7-8-99 | |
| 148 | ▓ | ▓ | Money issue | 5-7-99 | | | |
| 149 | ▓ | ▓ | DHO appeal | | | 5-13-99 | |
| 150 | ▓ | ▓ | R/O Jolley inmate | 5-18-99 | assigned to wrong | | |
| 150 | Askari | 34819-066 | DHO appeal | | | 5-18-99 | 7-7-99 |
| 151 | Askari | 34819-066 | DHO Appeal | | | 5-18-99 | 7-7-99 |
| 152 | ▓ | ▓ | DHO Appeal | | | 5-18-99 | |
| 153 | ▓ | ▓ | DHO Appeal | | | 5-18-99 | |
| 154 | ▓ | ▓ | Visitation Appeal (withhold) | 5-19-99 | 5-20-99 | | |
| 155 | ▓ | ▓ | Ms. Hardesty/Laundry | 5-31-99 | | | |
| 156 | ▓ | ▓ | Drug Program | 5-19-99 | 4-1-99 | 6-24-99 | 8-13-99 |
| 157 | ▓ | ▓ | Staff issues | 6-7-99 | 6-15-99 | | |
| 158 | ▓ | ▓ | Visitation appeal | 6-7-99 | 6-18-99 | | |
| — | ▓ | ▓ | Lt. Golding | | 6-8-99 | | |
| 159 | ▓ | ▓ | missing lunch meal staff | | 6-15-99 | | |
| 160 | ▓ | ▓ | Visitation Appeal | 6-31-99 | 7-3-99 | | |
| 161 | ▓ | ▓ | Sensitive 9 | 6-24-99 | | | |
| 162 | ▓ | ▓ | Visitation Appeal | 6-29-99 | 7-3-99 | | |
| 163 | ▓ | ▓ | Visitation Appeal | 6-29-99 | 7-2-99 | | |
| 164 | ▓ | ▓ | DHO Appeal | | | 7-8-99 | |
| 165 | ▓ | ▓ | Dry Cell Policy | 7-8-99 | 7-15-99 | | |
| 166 | ▓ | ▓ | Ms. Snyder | 7-1-99 | 7-6-99 | | |
| 167 | ▓ | ▓ | Property-issues | 7-13-99 | 7-15-99 | 8-24-99 | |
| 168 | ▓ | ▓ | Property - Stiges | 7-13-99 | 7-15-99 | 8-24-99 | |

(38)

01/10/01   09:10   ☎5705476124          ALP WARDENS OFC.                    ✄016

# ADMINISTRATIVE REMEDY LOG

| No | Name | Reg. No. | Complaint | Date 8 | Date 9 | Date 10 | Date 11 |
|----|------|----------|-----------|--------|--------|---------|---------|
| 121 | ████ | ████ | DHO Appeal | | | 4-6-99 | |
| 122 | ████ | ████ | DHO Appeal | | | 4-6-99 | 4-5-19-99 |
| 123 | ████ | ████ | Unit Officer - Kleine | 4-13-99 | 4-27-99 | | |
| 124 | ████ | ████ | Unit team - Shimkus | 4-12-99 | 4-13-99 | | |
| 125 | ████ | ████ | Confiscated Magazines | 4-14-99 | 5-10-9 | 7-6-99 | 8-10-99 |
| 126 | ████ | ████ | VDC decision | | 4-15-99 | | |
| 127 | ████ | ████ | Sensitive | | 4-19-99 | | |
| 128 | ████ | ████ | Sensitive 9 | | 4-19-99 | | |
| 129 | ████ | ████ | Sensitive | | 4-19-99 | | |
| 130 | ████ | ████ | Sensitive. | | | 4-19-99 | |
| 131 | ████ | ████ | Sensitive | | | 4-19-99 | |
| 132 | ████ | ████ | Sensitive | | | 4-19-99 | |
| 133 | ASKARI | 34819-066 | Sensitive 10 | | | 4-21-99 | |
| 134 | ████ | ████ | microwaves in laundry | 4-21-99 | | | |
| 135 | ████ | ████ | Food Service Employees | 4-27-99 | 5-7-99 | | 9-20-4 |
| 136 | Askari | 34819-066 | Sensitive 9 | 4-27-99 | | | |
| 137 | ████ | ████ | Sensitive 9 | | 4-30-99 | | |
| 138 | ████ | ████ | DHO Appeal | | | 4-30-99 | 5-19-99 |
| 139 | ████ | ████ | Sensitive | | 4-30-99 | | |
| 140 | | | Sensitive ⁶ | | 4-30-99 | | |
| 141 | | | Sensitive attorn | | 4-30-99 | | |
| 142 | | | Sensitive Goldberg | | 4-30-99 | | |
| 143 | | | Sensitive | | 4-30-99 | | |
| 144 | | | Sensitive | | 4-30-99 | | |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,          :
            Plaintiff             :
                                  :
            v.                    :    Civil No. 1:CV-00-1449
                                  :    (Judge Caldwell)
KATHLEEN HAWKES, et al.,          :    (Magistrate Judge Smyser)
            Defendants            :

CERTIFICATE OF SERVICE BY MAIL

        The undersigned hereby certifies that she is an
employee in the Office of the United States Attorney for the
Middle District of Pennsylvania and is a person of such age and
discretion as to be competent to serve papers.

        That on January 10, 2001, she served a copy of the
attached

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

by placing said copy in a postpaid envelope addressed to the
person hereinafter named, at the place and address stated below,
which is the last known address, and by depositing said envelope
and contents in the United States Mail at Harrisburg,
Pennsylvania.

Addressee:

M. Ash-Sharief Al'Askari
Reg. No. 34819-066
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

SHELLEY L. GRANT
Paralegal Specialist