2 Ct

ORIGINAL (22)

1/24/0

IN THE UNITED STATE DISTRICT COURT FOR THE MIDDLE DISTRICT OF PA

M. Ash-Sharief Al'Askari,
      Plaintiff,

V.

Kathleen Hawkes, Director, BOP, et.al,
      Defendants,

Civil No. 1:00-CV-1449
(Judge Caldwell)
(Smyser, Mag. J.)

FILED
HARRISBURG
JAN 2 3 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

Plaintiff's Opposition to Defendants Motion to Dismiss and Summary Judgement

## CASE ITINERARY

    The defendants has filed with this court its second motion to dismiss and for a summary judgement. In its 1st motion for such they argued that this court lack jurisdiction to litigate this action alleging that Mr. Al'Askari had not exhausted his Administrative Remedy. Notwithstanding, the defendants submitted exhibits to this court documenting his exhaustion of Administrative Remedy. Likewise, in his objection to the defendant's motion for dismissal for lack of jurisdiction Mr. Al'Askari submitted documented evidence that he exhausted his Administrative Remedy. By reason of such objection, the defendants requested another extension of time to file another motion to dismiss and for summary judgement to submit an affidavit from one of the defendant herself to support thier second motion, V. Hursh. In simple terms, the second motion is argumentative inasmuch as it reiterates the claim that Mr. Al'Askari did not exhaust administrative remedy. It alleges no new facts that was not previously available to the defendants in its original motion.

    Mr. Al'Askari denies that the allegations set forth in her Affidavit as being factually true. Alternately, jurisdiction attaches in this action pursuant statutory authority soley, not upon disputed declarative between opposing parties.

## Plaintiff's Affidavit In Opposition To Defendants' Motion To Dismiss and Summary Judgement

M. Ash-Sharief Al'Askari declares under penalty of perjury: He is the plaintiff in this matter. He makes this declaration in oppostiton to defendants' motion for dismissal and summary judgement as to their allegation that this court lack jurisdiction under §1997(e), 28 U.S.C.

1. It is not true that a prisoner cannot submit a request for Administrative relief without first attempting an informal resolution. The policy provides enumerated exceptions to filing an informal request for relief. For example, an attempt at informal resolution may be waived when the complaint is against the staffperson who is responsible for scribing and submitting an inmate complaint itself.

2. Defendant Hursh declares that she did not put Mr. Al'Askari in the hole. This is not true. It was defendant Hursh herself, the principle perpetrator and catalyst in this matter, that pummeled Mr. Al'Askari with false allegations to his Unit Team to have confined and detained in the hole.

3. Notwithstanding, during the perod in the hole, Mr. Al'Askari submitted to Defendant Hursh by way of written request to her office that he wish her services which required her to come to the hole to see what the issues were. She repeatedly informed that she would obtain the document he request and return them to him either through the prison in-house mail or would come herself. Mr. Al'Askari never recieved any assistant from defendant Hursh in filing a complaint against herself.

4. This factual dispute cannot not be resolved without a trial.

**Wherefore,** defendants' motion should be denied.

Affiant declares under penalty of perjury that the foregoing is true and correct, §1746, 28 U.S.C.

21 Jan., 01

M. Ash-Sharief Al'Askari
P.O. Box 2000
White Deer, PA 17887

# CERTIFICATE OF SERVICE

M. As-Sharief AL'Askari do hereby certify that he has forwarded a copy of the aforementioned Affidavit and Memoranda to counsel for the named defendants by depositing the same into the prison mailbox here at Allenwood Prison, counsel address is:

        U.S. Department of Justice

        U.S. Attorney

        Middle District of PA

        P.O. Box 11754

        Harrisburg, PA 17108

on this date: 21 Jan, 01

M. Ash-Sharief Al'Askari