*see att*

25

3/14/01
dsm

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,       :
            Plaintiff            :
                                 :
                                 : CIVIL NO: 1:CV-00-1449
                                 :
        v.                       : (Judge Caldwell)
                                 : (Magistrate Judge Smyser)
KATHLEEN HAWKES, et. al.,        :
            Defendants           :
                                 :
                                 :
                                 :

## REPORT AND RECOMMENDATION

FILED
HARRISBURG, PA

MAR 1 3 2001

MARY E. D'ANDREA, CLERK
PER_____
            DEPUTY CLERK

1.   Background

    a.   Procedural History

    The plaintiff, M. Ash-Sharief Al'Askari (Al'Askari), is an

inmate at the Federal Correctional Institution, Allenwood,

Pennsylvania ("FCI-Allenwood").  On August 14, 2000, Al'Askari,

acting *pro se*, filed a <u>Bivens</u> complaint alleging that the

defendants violated his constitutional rights under the First,

Fifth and Eighth Amendments.  *See  Bivens v. Six Unknown Named*

*Agents of the Fed. Bureau of  Narcotics*,  403 U.S. 388 (1971).

This court has jurisdiction in federal civil rights claims

under 28 U.S.C. § 1331.  Al'Askari seeks declaratory,

injunctive, and monetary relief.  Al'Askari names as defendants

Kathleen Hawk-Sawyer, Director of the Bureau of Prisons

("BOP"); Robert Zimany, Discipline Hearing Officer ("DHO"); Douglas Goldring, Attorney; and Viola Hursh, Correctional Counselor. Al'Askari alleges in his complaint that defendant Hursh falsely accused him of narcotics charges and that defendant Zimany subjected him to an arbitrary and discriminatory infliction of punishment. Al'Askari further alleges that defendant Goldring, by confiscating and destroying Al'Askari's legal property, directly interfered with his access to the courts.

On November 9, 2000, the defendants filed a motion to dismiss and for summary judgment[1] and on November 22, 2000 they filed a brief in support of their motion. Al'Askari on December 14, 2000 opposed defendants' motion. After requesting and receiving an extension of time, the defendants filed on January 10, 2001 a reply brief in support of their motion. On January 23, 2001, Al'Askari filed a brief in opposition to the defendants' reply brief.

---

[1]    The defendants are using the device of a summary judgment motion to present a factually supported motion to dismiss.

-2-

b.   **Underlying Facts**

Al'Askari alleges that on April 14, 1999 defendant Hursh wrongfully charged him in a prison disciplinary charge with the possession of a narcotic. (Compl. at ¶ 1). The inmate further alleges that upon finding that the pills discovered in Al'Askari's possession were actually ibuprofen tablets, defendant Zimany, in the capacity of Hearing Examiner, charged Al'Askari and imposed punishment for an offense involving the possession of something not authorized. (*Id.* at ¶ 2). Al'Askari asserts that these actions violated his right "to be free of arbitrary and discriminatory infliction of punishment by the defendants." (*Id.* at ¶ 2(b).)

Al'Askari also alleges that on the same date, April 14, 1999, defendant Goldring confiscated his legal property, thereby interfering with his constitutional right to have access to the courts to redress his grievances. (*Id.* at ¶ 3.) Al'Askari alleges that without this legal property, he was unable to timely file several documents in support of a challenge to his sentence under 28 U.S.C. § 2255. (*Id.* at ¶ 3(b).)

The defendants have filed a motion for summary judgment, asserting that the civil action should be dismissed on the basis that Al'Askari has failed to exhaust his available

-3-

administrative remedies, as outlined in the BOP Program
Statement, 1330.13, Administrative Remedy Program ("Remedy
Program"), prior to filing this federal lawsuit.  (Brief in
Support of Defendants' Motion to Dismiss and for Summary
Judgment ("Defs.' Br.") at 6.)  Defendants have sought to
reserve the right to raise affirmative defenses to Al'Askari's
claim, pending the resolution of the summary judgment motion.
(Defs.' Br. at 2 n.3.)  Al'Askari opposes this motion.
(Plaintiff's 'Traverse' at ¶ 4.)   He asserts that he has in
fact exhausted his administrative remedies.  (*Id.*) In a reply
brief, the defendants emphasize that Al'Askari has presented no
evidence to demonstrate that he exhausted his administrative
remedies at FCI-Allenwood. (Reply Brief in Support of
Defendants' Motion to Dismiss and for Summary Judgment at 2.)
In a brief in opposition to the defendants' reply brief,
Al'Askari argues that the defendants have failed to prove that
he has not exhausted his administrative remedies.

2.   Discussion

    a.    Summary Judgment Standard

    A court may grant summary judgment if there is no genuine
issue as to any material fact and the movant is entitled to

-4-

judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Brooks v. Kyler*, 204 F.3d 102, 105 (3d Cir. 2000) *(citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The movant bears the burden of demonstrating the absence of a genuine issue of material fact. *See Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 305 (3d Cir. 1999) (citations omitted). Once the movant has satisfied this initial burden, the opponent must present "specific facts which demonstrate that there exists a genuine issue for trial." *Orson, Inc. V. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). To raise a genuine issue of material fact, the opponent need not address each piece of evidence proffered by the movant: "if the opponent has exceeded the 'mere scintilla' threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent...." *Big Apple BMW, Inc. v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### b.    Burden of Proof

The Federal Circuit Courts of Appeal diverge on whether the PLRA exhaustion provision constitutes an affirmative defense or a condition precedent to the inmate's filing suit. *Compare* Fed.R.Civ.P. 8(c) (affirmative defenses) *with*

-5-

Fed.R.Civ.P. 9(c) (conditions precedent). The Third Circuit has not yet decided this issue. *See Pearson v. Vaughn*, 102 F.Supp.2d 282, 287 n.11 (E.D. Pa. 2000). Some Circuit Courts of Appeal have concluded that the exhaustion provision constitutes an affirmative defense. *See, e.g., Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 2000); *Jenkins v. Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999); *Jackson v. Dist. of Columbia*, 89 F.Supp.2d 48, 57 (D.D.C. 2000). If the requirement establishes an affirmative defense, the defendants have the burden of pleading and proving the defense in a motion for summary judgment or at trial. *See, e.g., Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997) (noting that the failure to exhaust administrative remedies is an affirmative defense). Other Circuit Courts of Appeal have concluded that the exhaustion provision creates a condition precedent to filing suit and the plaintiff, therefore, has the burden of proof. *See, e.g., Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) ("[T]his court will henceforth require that prisoners . . . must allege and show that they have exhausted all available state administrative remedies. A prisoner should attach to his §§ 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint."). In this case the defendants have raised

-6-

exhaustion as an affirmative defense and have sustained their burden of proving that the plaintiff has failed to exhaust the administrative remedies available to him.

### c.   The Exhaustion Requirement

As amended by the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a)(1999).  The Third Circuit Court of Appeals has held that "the PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory--whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action." *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000).  Against the backdrop of the Third Circuit Court of Appeals' holding in *Nyhuis*, we must examine whether Al'Askari has exhausted the requisite administrative process at FCI-Allenwood.

-7-

### d.   Initiating a BOP Administrative Remedy

Under agency regulations promulgated by the BOP, an inmate may seek formal review within the BOP administrative grievance process of an issue or claim which relates to any aspect of his confinement under 28 C.F.R. § 542.10 (1999). The procedure generally requires that the inmate first attempt to informally resolve the issue with the staff. *See id.* § 541.13.  If informal resolution fails, the inmate is required to formally address his complaint to the institution staff, *see id.* § 542.14(c)(4), within twenty calendar days following the date on which the basis for the complaint occurred, *see id.* § 542.14(a). The staff must respond to the inmate's complaint with twenty calendar days. *See id.* § 542.18. These time limits may be extended when the inmate demonstrates a valid reason for delay. *See id.* §§ 542.14(b); 542.15(a).

### e.   Al'Askari's Pursuit of BOP Remedies

### i.   Confiscation of Legal Property Claim

On May 10, 1999, Al'Askari filed a Request for Administrative Remedy at Allenwood concerning his allegation that his access to court was prejudiced by the confiscation of

-8-

his legal property.  (Declaration of Robin Gregg, Executive
Assistant, FCI-Allenwood "Gregg Decl.", ¶ 12.)  The Allenwood
authorities rejected this complaint on the basis that Al'Askari
had failed to first attempt an informal resolution of the issue
prior to pursuing formal relief.  (*Id.*)

Without having attempted to resolve the issue informally,
on June 22, 1999 Al'Askari submitted the complaint to a higher
authority, the BOP Regional Director. (Gregg Decl., ¶ 13.)  The
Regional Director rejected Al'Askari's request on the basis
that he had not attempted to resolve the issue at the
institutional level prior to pursuing regional relief.  (*Id.*)
The Notice of Rejection provided to Al'Askari included
instructions to resubmit the request at the institutional
level.  (*Id.*)  Al'Askari instead submitted the claim to a
higher authority, the BOP Central Office.  (Gregg Decl., ¶ 14.)
The Central Office rejected Al'Askari's request on the basis
that he had failed to attempt to resolve the issue at the
institutional level prior to pursuing Central Office relief.
(*Id.*)  The Notice of Rejection provided to Al'Askari included
instructions to resubmit the request at the institutional
level.  (*Id.*)  The BOP has no further filings on the matter;
therefore, there is no evidence that Al'Askari addressed his

-9-

original failure to commence the grievance process with an
attempt at informal resolution.  (*Id.*)

### ii.   Appeal of the Disciplinary Hearing Decision

On June 16, 1999, Al'Askari filed an appeal of the
disciplinary hearing decision made by defendant Zimany.  (Gregg
Decl., ¶ 15.)  The appeal was denied by the BOP Regional
Director on the grounds that Al'Askari was attempting to appeal
two decisions of the DHO simultaneously.  (*Id.*) It is asserted
that the BOP requires that an inmate enumerate issues singly on
an  appellate request.  (*Id.*)  The BOP rejection included
instructions to resubmit the appeals on separate forms.  (*Id.*)
Al'Askari on July 20, 1999 filed an appeal with the BOP Central
Office. (*Id.*) This appeal was rejected. (*Id.*) The BOP rejection
included instructions to resubmit the appeal at the regional
level.  (*Id.*)  The BOP received no further filings on the
matter.  (*Id.*)  There is no evidence that Al'Askari complied
with the process that he was told by the BOP to follow.  (*Id.*)

### f.   Al'Askari's Futility Argument

Al'Askari denies that he failed to exhaust administrative
remedies at FCI-Allenwood.  He also argues that further
efforts to exhaust would have been futile.  Al'Askari argues

-10-

that he attempted to commence the complaint process with defendant Hursh but that she refused to respond to his repeated requests to meet.  (Br. in Opp'n, ¶ 4(a).)  He argues that, because defendant Hursh was among those named in the Complaint, she "would not, and nor be expected to, to participate in drafting, processing, investigating, and resolving a wrongful conduct against herself."  (*Id.*)  Al'Askari alleges that at the time he was "in the hole," only defendant Hursh could have commenced the complaint process.  (*Id.*)

Hursh asserts in a declaration under penalty of perjury that she never refused to provide an informal remedy request to Al'Askari.  (Decl. of V. Hursh, Correctional Counselor, FCI-Allenwood "Hursh Decl.", ¶ 7.)  Hursh notes that she provided various grievance forms to Al'Askari on four separate occasions during the time period at issue in this case.  (Hursh Decl., ¶ 11.)  Finally, she states that any other member of the Unit Team making rounds through Al'Askari's Housing Unit could have provided an informal remedy request form to Al'Askari.  (Hursh Decl., ¶ 8.)  Nor does Al'Askari complain that he was denied access to the forms required for the formal grievance process. This evidence tends to cast doubt upon his theory that defendant Hursh attempted to forestall his attempt to commence the informal grievance process.  Ultimately, however, the

-11-

essence of the PLRA's exhaustion requirement is not how the
administrative remedy process is begun but whether it has been
completed.

### g.   The BOP Manual's Appeals Process

Under § 542.17(a), the BOP Coordinator at any level may
reject and return to the inmate without response a Request or
an Appeal that fails to comply with BOP requirements.  *See id.*
at § 542.17(a).  When a submission is rejected, the inmate
receives a written notice explaining the reason for rejection
and instructing the inmate to resubmit the Request or Appeal
with the necessary corrections. *See id.* at § 542.17(b).  The
inmate may appeal the rejection to the next level only when a
Request or Appeal is rejected and the inmate is not given an
opportunity to correct the defect and resubmit.  *See id.* at
§ 542.17(c).  Rather than correcting the defects in his
complaints and resubmitting them, Al'Askari consistently
submitted the complaints to the next highest level.  His
rationale seems to have been that an attempt to complete the
process with defendant Hursh before proceeding to a higher
level would have been futile.

Al'Askari has admitted that he has failed to follow the
administrative process prescribed by the BOP Manual.  He

-12-

further argues, however, that although the administrative staff deemed his requests improperly filed, these responses constituted what he terms an "answer-decision" and are therefore evidence of his exhaustion of remedies.  The BOP's appeals process is stated as follows:

> An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response. . . . Appeal to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15

This process, read in conjunction with § 542.17(a), does not support Al'Askari's argument that he should be deemed to have exhausted remedies when he has been directed to re-file his grievance at a particular level of the administrative process but did not do so.


3.    **Conclusion**

The evidence demonstrates that Al'Askari failed to remedy defects in the claims that he filed in the BOP administrative remedy program.  Each time he received rejections from the various administrative offices with directions to amend, rather than attempting to comply with the BOP process, he simply

-13-

forwarded them to the next highest level.  The Third Circuit Court of Appeals has held that there is not a futility exception to the PLRA's exhaustion requirement.  *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000).

Based on the foregoing, it is recommended that the plaintiff's complaint be dismissed for failure to have exhausted administrative remedies.

                                          J. Andrew Smyser
                                          Magistrate Judge

Dated: March ___13___, 2001

-14-

FILED
HARRISBURG, PA

MAR 1 3 2001

MARY E. D'ANDREA, CLERK
PER_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,          :
                Plaintiff          :
                                   :  CIVIL NO: 1:CV-00-1449
        v.                         :
                                   :  (Judge Caldwell)
    KATHLEEN HAWKES, et. al.,      :  (Magistrate Judge Smyser)
                Defendants         :
                                   :

<u>NOTICE</u>

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §§ 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

J. Andrew Smyser
Magistrate Judge

Dated: March _13_, 2001

-15-

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

March 13, 2001

Re:  1:00-cv-01449   Al'Askari v. Hawkes

True and correct copies of the attached were mailed by the clerk
to the following:

        M. Ash-Sharief Al'Askari
        FCI-ALLENWOOD
        34819-066
        P.O. Box 2000
        White Deer, PA  17887

        Matthew Edward Haggerty, Esq.
        Office of the U.S. Attorney
        309 Federal Building
        Scranton, PA  18501

cc:
Judge                        ( )          ( ) Pro Se Law Clerk
Magistrate Judge             ( )          ( ) INS
U.S. Marshal                 ( )          ( ) Jury Clerk
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                ( )
Federal Public Defender      ( )
Summons Issued               ( ) with N/C attached to complt. and served by:
                                 U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5          ( )
Order to Show Cause          ( ) with Petition attached & mailed certified mail
                                 to: US Atty Gen   ( ) PA Atty Gen ( )
                                     DA of County  ( ) Respondents ( )

Bankruptcy Court             ( )
Other ___Exep.due___         ( )

                                    MARY E. D'ANDREA, Clerk

DATE: _____3-13-01_____          BY: _____
                                         Deputy Clerk