DMB:MEH:slg:2000V00753

**ORIGINAL**

FILED
HARRISBURG, PA
MAR 29 2001
MARY E D'ANDREA, CLERK
Per / Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,    :
    Plaintiff    :
          :
    v.    :    Civil No. 1:CV-00-1449
          :    (Judge Caldwell)
KATHLEEN HAWKES, et al.,    :    (Magistrate Judge Smyser)
    Defendants    :

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE SMYSER'S REPORT AND RECOMMENDATION

#### I. INTRODUCTION

Plaintiff M. Ash-Sharief Al'Askari filed the instant Bivens complaint,[1] on August 14, 2000. The parties briefed the issues, and on March 13, 2001, Magistrate Judge Smyser issued a Report and Recommendation ("R & R") recommending that Al'Askari's complaint be dismissed for failure to exhaust administrative remedies. On March 17, 2001, Al'Askari objected to Magistrate Judge Smyser's recommendation. Presently, defendants' file their opposition to Al'Askari's objections.

---

[1] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

## II. PROCEDURAL AND FACTUAL HISTORY

In Al'Askari's complaint, he alleged that the defendants violated his constitutional rights. Specifically, he claimed that his access to the courts was impermissibly prejudiced; and that two incident reports were improperly substantiated by the Discipline Hearing Officer. In his R & R, Magistrate Judge Smyser found that Al'Askari failed to remedy defects in the claims that he filed in the Bureau of Prisons ("BOP") administrative remedy program. Rather than attempting to comply with the BOP process, Al'Askari simply forwarded his claim to the next highest level. As such, Magistrate Judge Smyser recommended that Al'Askari's complaint be dismissed for failure to exhaust his administrative remedies with respect to the claims raised in his complaint. (R & R at 13-14.)

In his objections, Al'Askari contends that: 1) by filing a sensitive PB-9 he has attempted informal resolution; 2) his appeal to the regional office was one single incident; and, 3) he is not required to exhaust administrative remedies before initiating a Bivens action in which he seeks money damages. (Objs. at 2 & 5.)

Al'Askari's objections lack merit and must be overruled. A review of the petition in this case, and the Court's March 13, 2001, R & R clearly shows that Al'Askari must exhaust administrative remedies with regard to his allegations

2

that his access to the courts was impermissibly prejudiced; and that two incident reports were improperly substantiated by the Discipline Hearing Officer. Accordingly, Al'Askari's objections to the R & R must be overruled and the R & R adopted by the Court in its entirety.

### III. ARGUMENT

#### A. Standard of Review

When objections to a Report and Recommendation have been filed, under 28 U.S.C. § 636(b)(1)(B), the Court must make a de novo consideration of those portions of the report addressed by the objections. See Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3rd Cir. 1989). In so doing, the Court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. See 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. However, it is permitted by statute to rely upon the Magistrate Judge's proposed recommendations to whatever extent the Court, in the exercise of sound judicial discretion, deems proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980). See also Goney v. Clark, 749 F.2d 5, 7 (3rd Cir. 1984).

#### B. The Magistrate Judge Properly Recommended That Al'Askari's Complaint Be Dismissed For Failure To Exhaust Administrative Remedies

In this case, the Defendants' provided the affidavit of Robin L. Gregg, Executive Assistant at the Federal Correctional Institution Allenwood ("FCI Allenwood") in White Deer,

3

Pennsylvania, stating that Al'Askari had failed to exhaust all available administrative remedies prior to filing this <u>Bivens</u> complaint. (<u>See</u> Defs' Exs.,[2] Decl. Robin L. Gregg, ¶ 16.) In his objections, Al'Askari objects to the Magistrate Judge Smyser's recommendation on three grounds.

First, Al'Askari contends that by filing a sensitive PB-9 he has attempted informal resolution. Yet by his own admission Al'Askari acknowledges that the Warden rejected his sensitive BP-9 on the basis that he did not attempt an informal resolution. (<u>See</u> Pl.'s Traverse, p. 4 ¶ 6.) To the extent that Al'Askari believes the filing of the sensitive BP-9 has fulfilled the requirement of informal resolution for the claims in his complaint, he is incorrect. As was previously detailed in Defendants' Brief in Support of Defendants' Motion to Dismiss and for Summary Judgment, when an administrative remedy request is rejected, no merits analysis or investigation is conducted. The request is returned to the inmate, and the inmate is afforded a reasonable period of time to correct the error and resubmit it at the same level. See 28 C.F.R. § 542.17. Rather than complying with the BOP process by correcting the defect in his sensitive BP-9 submission Al'Askari simply proceeded to the next level. Al'Askari's failure to comply with the administrative remedy

---

[2] "Defs' Exs." refers to Exhibits to Brief in Support of Defendants' Motion to Dismiss and for Summary Judgment filed on November 22, 2000.

4

process demonstrates that he has not exhausted administrative remedies.

Second, Al'Askari once again argues that his appeal of the Disciplinary Hearing Officer's decision to the Regional Office was one single incident and not two separate incidents as BOP claims. For the reasons stated above, this argument is also without merit. Al'Askari's appeal was rejected because he attempted to appeal two decisions of the DHO at the same time. Al'Askari was instructed to resubmit the appeals on two separate forms, however, he never did so. Instead, he filed an appeal with the BOP Central Office which was also rejected.

Finally, Al'Askari asserts that he is not required to exhaust administrative remedies because it is "inapplicable" to a Bivens action in which he seeks monetary damages. Contrary to Al'Askari's argument that it is "improper" to dismiss his action for lack of "exhaustion;" under settled Third Circuit law, an inmate who files a Bivens action must exhaust all available administrative remedies. Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 2000). The Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. §1997e(a), makes exhaustion of all administrative remedies mandatory--whether or not they provide the inmate--plaintiff with the relief he is requesting. Id. at 66. Consequently, the complaint should be dismissed for failure to exhaust.

5

## IV. <u>CONCLUSION</u>

For the reasons stated above, this Court should adopt the Report and Recommendation of Magistrate Judge Smyser as its own and grant the relief recommended.

> Respectfully submitted,
>
> DAVID M. BARASCH
> United States Attorney
>
> *Matthew Haggerty/DD*
> MATTHEW E. HAGGERTY
> Assistant U.S. Attorney
> SHELLEY L. GRANT
> Paralegal Specialist
> Federal Building
> 228 Walnut Street
> Post Office Box 11754
> Harrisburg, PA 17108

Dated: March 29, 2001

6

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,         :
      Plaintiff              :
                              :
    v.                          :   Civil No. 1:CV-00-1449
                              :   (Judge Caldwell)
KATHLEEN HAWKES, et al.,         :   (Magistrate Judge Smyser)
      Defendants             :

<u>CERTIFICATE OF SERVICE BY MAIL</u>

      The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

      That on March 29, 2001, she served a copy of the attached

**DEFENDANTS' BRIEF IN OPPOSITION TO**
**PLAINTIFF'S OBJECTIONS TO**
**MAGISTRATE JUDGE SMYSER'S REPORT AND RECOMMENDATION**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

M. Ash-Sharief Al'Askari
Reg. No. 34819-066
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

*Shelley L. Grant*
SHELLEY L. GRANT
Paralegal Specialist