**JUDGE'S COPY**

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNA

M. Ash-Sharief Al'Askari,
       Plaintiff,

v.

Kathleen Hawkes, et al.,
       Defendants,

Civil No. 1:CV-00-1449
(Judge Caldwell)
(Magistrate Judge Smyser)

**FILED
HARRISBURG

APR 1 0 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK**

PLAINTIFF MOTIONS THIS COURT TO
HOLD IN ABEYANCE ITS DECISION ON
THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION FOR SUMMARY
JUDGEMENT FOR THE DEFENDANTS

    The defendants have submitted to this court its response to the Al'Askari's **Objections** to the magistrate's R and R. See Plaintiff's Objection to Magistrate's Report to this court.

    The Magistrate's report recommending summary judgement for the defendants relies upon the 3rd Circuit's precedent, **Nyhuis v. Reno, 204 F.3d 66(3rd Cir.2000)**, holding that §1997(e)(a)(1), 42 U.S.C., "does not have a futility exception". Although Al'Askari has supported his affidavit of exhausting his administrative remedy with documentation he, notwithstanding, alternately argued that his claim cannot be dismissed "for failure to exhaust" when the is only a claim for monetary damages.

    **Nyhuis** is bad law inasmuch as it runs afoul of the U.S. Supreme Court holding in **McCarthy v. Madigan.** By reason of such, the Court has decided to **review** the 3rd Circuit's interpretation of **§1997(e)(a)** in **Nyhuis.**

    The Court granted review to **Booth v. Churner, 99-1964,** ruling beow(3rd Cir., 206 F.3d 289(2000). **Question presented:** "Does 42 USC 1997e-(a), which, as amended by the Prison Litigation Reform Act, provides that

prisoner who seeks only monetary damages in 42 USC 1983 claim alleging excessive force must exhaust administrative remedies as "are available" before bringing federal action, require prisoner seeking only monetary damages to exhaust administrative remedies if monetary damages are not available under applicable administrative process?

As a consequences, the Court ruling with have a decisive and immediate on the magistrate's reliance upon Nyhuis when the Court overrules Nyhuis specifically as being in conflict with the statue and the Court's holding in McCarthy. Therefore, Al'Askari moves this court at this time to hold in <u>abeyance</u> its decision on the R and R until the outcome of the Court in Booth.

## CERTIFICATE OF SERVICE

I do hereby certify that I have forwarded acopy of the aforementioned Motion upon the defendants on this day 8 April, 20001.

*[signature]*

M. Ash-Sharief Al'Askari

Plaintiff pro se

P.O. Box 2000

White Deer, PA 17887

Law Clerk's Copy

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNA

M. Ash-Sharief Al'Askari,
        Plaintiff,

v.                             Civil No. 1:CV-00-1449
                                  (Judge Caldwell)
Kathleen Hawkes, et al.,     (Magistrate Judge Smyser)
        Defendants,

FILED
HARRISBURG
APR 1 0 2001
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

**PLAINTIFF MOTIONS THIS COURT TO HOLD IN ABEYANCE ITS DECISION ON THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOR SUMMARY JUDGEMENT FOR THE DEFENDANTS**

    The defendants have submitted to this court its response to the Al'Askari's **Objections** to the magistrate's R and R. See Plaintiff's Objection to Magistrate's Report to this court.

    The Magistrate's report recommending summary judgement for the defendants relies upon the 3rd Circuit's precedent, **Nyhuis v. Reno, 204 F.3d 66(3rd Cir.2000)**, holding that §1997(e)(a)(1), 42 U.S.C., "does not have a futility exception". Although Al'Askari has supported his affidavit of exhausting his administrative remedy with documentation he, notwithstanding, alternately argued that his claim cannot be dismissed "for failure to exhaust" when the is only a claim for monetary damages.

    **Nyhuis** is bad law inasmuch as it runs afoul of the U.S. Supreme Court holding in **McCarthy v. Madigan.** By reason of such, the Court has decided to **review** the 3rd Circuit's interpretation of §1997(e)(a) in **Nyhuis.**

    The Court granted review to **Booth v. Churner, 99-1964,** ruling beow(**3rd Cir., 206 F.3d 289(2000). Question presented:** "Does 42 USC 1997e-(a), which, as amended by the Prison Litigation Reform Act, provides that

prisoner who seeks only monetary damages in 42 USC 1983 claim alleging excessive force must exhaust administrative remedies as "are available" before bringing federal action, require prisoner seeking only monetary damages to exhaust administrative remedies if monetary damages are not available under applicable administrative process?

As a consequences, the Court ruling with have a decisive and immediate on the magistrate's reliance upon Nyhuis when the Court overrules Nyhuis specifically as being in conflict with the statue and the Court's holding in McCarthy. Therefore, Al'Askari moves this court at this time to hold in <u>abeyance</u> its decision on the R and R until the outcome of the Court in Booth.

### CERTIFICATE OF SERVICE

I do hereby certify that I have forwarded acopy of the aforementioned Motion upon the defendants on this day 8 April, 20001.

M. Ash-Sharief Al'Askari

Plaintiff pro se

P.O. Box 2000

White Deer, PA 17887