OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

Marcia M. Waldron
Clerk

FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Telephone
267-299-4922

www.ca3.uscourts.gov

March 6, 2003

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA   17108

RE: Docket No. 01-2167
    Al'Askari  vs. Hawkes
    D. C. CIV. No. 00-cv-01449

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

Very truly yours,
MARCIA M. WALDRON
Clerk

By:  Lynn Lopez / CCC
     Lynn Lopez
     Case Manager

Enclosure

cc:
     M. Ash-Sharief Al'Askari
     Matthew E. Haggerty, Esq.

**UNREPORTED - NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 01-2167

———————

M. ASH-SHARIEF AL'ASKARI,

Appellant,

v.

KATHLEEN HAWKES, Director, Bureau of Prisons;
ROBERT ZIMANY; ROBERT S. GOLDRING;
VIVIAN HURSH

———————

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-01449)
District Judge: Honorable William W. Caldwell

———————

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2002

BEFORE: ROTH, McKEE and AMBRO, <u>CIRCUIT JUDGES</u>

(Filed January 13, 2003)

———————

OPINION

———————

PER CURIAM

      Appellant M. Ash-Sharief Al'Askari, an inmate at Allenwood Federal Correctional

Institution, filed this <u>Bivens</u> action[1] against Kathleen Hawk-Sawyer, Director of the

Bureau of Prisons, correctional counselor Viola Hursh, Bureau of Prisons attorney Robert

Goldring, and Hearing Officer Robert Zimany, alleging that Hursh and Zimany violated

his right to due process in charging him with, and finding him guilty of, misconducts, and

that Goldring violated his constitutional right of access to the courts. Al'Askari asserted

in his complaint that Hursh charged him with possession of a narcotic, but he was found

not guilty at the disciplinary hearing because the drug was ibuprofen. However, he then

was found guilty of possessing the property (ibuprofen) of another, and he had neither

advance notice of nor an opportunity to defend that charge.

In an unrelated incident, Goldring charged him with possession of legal material

belonging to another person. All of his legal materials were confiscated by Goldring,

including briefs and transcripts he needed to prepare for a resentencing hearing of his

own. The two misconducts were heard together and resulted in a sanction by Zimany of

15 days in disciplinary confinement and loss of telephone and commissary privileges for

six months. As a result of the confiscation of his legal materials by Goldring, Al'Askari

was unprepared for, and had to seek an indefinite continuance of, his re-sentencing

hearing. He remains in custody as an unsentenced inmate, he asserted.

The defendants moved to dismiss the complaint and for summary judgment on the

ground that Al'Askari had not exhausted his administrative remedies under 42 U.S.C. §

---

[1] See <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403
U.S. 388 (1971).

1997e(a).  According to the defendants, Al'Askari needed to pursue an informal grievance concerning the confiscation of his legal materials and properly appeal the two misconducts, and complete the appeal process, prior to filing this action.  See 28 C.F.R. § 542.10 et seq.  With respect to the confiscation of his legal materials, Al'Askari submitted a written grievance without first attempting to resolve informally the problem as required by the relevant regulation.  The written grievance was rejected for failure to pursue the informal remedy.  Instead of complying with the directive to begin with the informal grievance procedure, Al'Askari appealed the decision rejecting his written grievance to the Regional Director.  It was rejected because the grievance had not been properly pursued at the institutional level.  Al'Askari appealed to the Central Office, but the Central Office rejected the grievance for the same reason.

With respect to the two misconducts and the disciplinary hearing, Al'Askari appealed the decision of the hearing officer to the Regional Director.  The appeal was rejected because Al'Askari was appealing two decisions, one concerning possessing the ibuprofen of another and one concerning possessing the legal material of another, at the same time.  He was instructed to resubmit the appeals on two separate forms.  Instead of doing so, he filed an appeal with the Central Office.  It was rejected because of a failure to appeal properly at the regional level.

In a "traverse" in opposition to the defendants' motion, however, Al'Askari provided a rebuttal.  With respect to his claim against Goldring that *his* legal materials improperly were confiscated and whether he had exhausted his remedies as to this claim,

3

he asserted that he tried to pursue informal resolution with counselor Hursh, who, under the regulations, is required to complete the informal grievance form, but she would not come to see him in disciplinary confinement. Furthermore, the regulations provide for a "Sensitive" grievance. Al'Askari submitted one of these directly to the warden explaining his problem with Hursh, but the warden rejected his grievance for failure to pursue the informal procedures. With respect to the hearing finding him guilty of two misconducts, he observed that, although there were two misconducts, there was but one disciplinary hearing. The rejection of his appeal from the sanctions because it was not on two separate forms thus was arbitrary and capricious. Under these circumstances, Al'Askari argued that he should be deemed to have exhausted his administrative remedies.

In a reply to the "traverse," the defendants argued, and supported the argument with Hursch's declaration, that she denied that she ever refused to provide Al'Askari with an informal remedy form. Moreover, even if she had refused, Al' Askari could have obtained the form from another member of the Unit Team. All members make rounds through the Special Housing Unit. In addition, Al'Askari could have requested a waiver from informal resolution and he never did so. Furthermore, the record showed that Hursh provided Al'Askari with a number of other forms, for example, a formal administrative remedy form after Al'Askari stated that he wanted to file a "Sensitive" grievance, forms for appealing to the Regional Office, and forms for appealing to the Central Office. The defendants did not attempt to rebut Al'Askari's argument that the rejection of his appeal from the sanctions for not being on two separate forms was arbitrary and capricious.

Al'Askari then submitted a sur reply, in which he stated that he sent a written request to Hursh's office that he wanted her to come to the Special Housing Unit to see what his issues were. She informed him that she would obtain the documents he requested and send them to him either through the prison in-house mail or would come herself. However, she never came. Al'Askari asked the District Court for a trial on these factual disputes concerning exhaustion of administrative remedies.

The Magistrate Judge recommended dismissal for failure to exhaust administrative remedies, and, in an order entered on April 12, 2001, the District Court adopted the Report and Recommendation and dismissed the complaint on that basis. Al'Askari's motion for reconsideration was denied by order entered on April 23, 2001. Al'Askari appeals.

We will affirm the District Court's order to the extent that it dismisses the complaint against Director Hawk-Sawyer, Hearing Officer Zimany, and Counselor Viola Hursh. Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is proper if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Section 1997e(a) of the Prison Litigation Reform Act of 1996 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (West Supp. 2002). Section 1997e(a) applies to Bivens actions. Nyhuis v.

5

Reno, 204 F.3d 65, 68-69 (3d Cir. 2000).

Although it seems somewhat arbitrary, given that there was but one disciplinary hearing, the directive that Al'Askari submit his disciplinary hearing appeal on two separate forms certainly would have been easy to comply with and he probably should have just done it. However, Al'Askari's procedural due process claims against Hursh and Zimany concerning the two misconducts and the disciplinary hearing may be dismissed under Rule 12(b)(6) regardless whether administrative remedies have been exhausted. Fifteen days in disciplinary confinement and loss of telephone and commissary privileges for six months are not atypical and significant hardships and thus do not give rise to any particular procedural due process protections. See Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997). Al'Askari's procedural due process claims thus fail and we will affirm on this basis.[2]

We will vacate the District Court's order to the extent that it grants the defendants' motion and dismisses the complaint against attorney Robert Goldring on the access to the courts claim and remand the matter for further proceedings.[3] In Ray v. Kertes, 285 F.3d

---

[2] We are free to affirm the judgment of the District Court on any basis that finds sufficient support in the record. See Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980). Accordingly, we also affirm the District Court's order to the extent that it dismisses the complaint against Director Hawk-Sawyer. Liability cannot be imposed on a supervisor on the basis of *respondeat superior*. Hawk-Sawyer has no direct connection to any of the allegations in the complaint. See Rizzo v. Goode, 423 U.S. 362, 375-77 (1976).

[3] We note that Hursh may continue to be an important fact witness with respect to the exhaustion question, but we do not read the complaint as alleging that any defendant other than Goldring violated Al'Askari's right of access to the courts.

287 (3d Cir. 2002), we held that exhaustion of administrative remedies is an affirmative defense that the defendants must plead and prove. In addition, Rule 56(c) requires the moving party to "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

With respect to the confiscation of his legal materials, the Magistrate Judge concluded that Al'Askari had failed in his duty to attempt first an informal resolution. Specifically, the Magistrate Judge concluded that Hursh's declaration and the undisputed fact that Al'Askari clearly had access to formal grievance forms "tends to cast doubt upon his theory that defendant Hursh attempted to forestall his attempt to commence the informal grievance process." (Report and Recommendation, 11.) Under Rule 56(c), however, the moving party is required to do more than "cast doubt" upon the nonmoving party's allegations.

We agree with Al'Askari that a hearing is required to resolve a factual dispute concerning the exhaustion of administrative remedies with respect to his access to the courts claim.[4] The Magistrate Judge did not address the correctional staff's obligation under the apparent relevant regulation. According to materials submitted by the defendants themselves, it is not enough for staff to provide a form. Staff must complete the form, just as Al'Askari has argued. An *Institution Supplement* attached in support of

---

[4] This claim cannot be dismissed on the merits. It includes an allegation of actual injury, as required by Lewis v. Casey, 518 U.S. 343, 351-54 (1996), which the defendants have not challenged. Because the actual injury requirement is a constitutional prerequisite to suit, however, id. at 351, the defendants are not foreclosed from raising this issue, if appropriate, on remand.

7

the defendants' motion describes the procedure as follows:

> Counselors and other staff will ensure the informal resolution process is implemented and followed. Unit staff should not issue a BP-229(13) form to an inmate prior to completion of the Informal Resolution Form (Attachment 1). The Unit Manager or designee will provide a separate informal resolution form for each issue presented to him or her by an inmate. The Informal Resolution form will be completed by the Correctional Counselor and not given to the inmate to complete.

(Declaration of V. Hursh, Attachment # 1, at 2.)

If Hursh obstructed the informal resolution process by refusing to complete the form for Al'Askari or by failing to send someone to him who would complete the form, then Al'Askari, because the remedy is not "available," may be entitled to have his access to the courts claim heard on the merits. See generally Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (administrative remedies are exhausted when prison officials obstruct process). Hursh, or so it seems from her declaration, appears not to realize that inmates do not complete the informal resolution form by themselves. Moreover, Hursh clearly did not meet with Al'Askari nor did anyone else who may have been able to facilitate the informal process with him. Finally, Al'Askari apparently did try to seek a waiver of the informal resolution obligation by filing a "Sensitive" grievance. It was rejected for failure to seek informal resolution.

We do not, of course, purport to make any factual findings of this nature nor do we resolve the factual dispute. We have discussed the dispute merely to illustrate that there is indeed a genuine issue as to material facts precluding the grant of summary judgment, which must be resolved in the first instance by the District Court.

We will affirm the order of the District Court dismissing the complaint against defendant Hawk-Sawyer, and against defendants Zimany and Hursh on the procedural due process claims.  We will vacate the order to the extent that the complaint was dismissed as to defendant Goldring on the access to the courts claim, and will remand the case to the District Court for further proceedings not inconsistent with this opinion.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-2167

_____

M. ASH-SHARIEF AL'ASKARI,

Appellant,

v.

KATHLEEN HAWKES, Director, Bureau of Prisons;
ROBERT ZIMANY; ROBERT S. GOLDRING;
VIVIAN HURSH

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-01449)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2002

BEFORE: ROTH, McKEE and AMBRO, <u>CIRCUIT JUDGES</u>

_____

<u>**JUDGMENT**</u>

This cause came on to be heard on the record from the United States

District Court for the Middle District of Pennsylvania.  On consideration whereof, it is

now here

ORDERED AND ADJUDGED by this Court that the judgment of the

District Court entered on April 23, 2001 be, and the same is, hereby AFFIRMED in part

and VACATED in part, and the matter is REMANDED for further proceedings.

All of the above in accordance with the Opinion of the Court.

ATTEST:

*Marcia M. Waldron*

_____

Clerk

Dated: January 13, 2003

**Certified as a true copy and issued in lieu**
**of a formal mandate on March 6, 2003**

**Teste:** *Marcia M. Waldron*

**Clerk, U.S. Court of Appeals for the Third Circuit.**