TAM:DBS:mel:2000V00753

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **M. ASH-SHARIEF AL'ASKARI,** | : | |
| **Plaintiff** | : | **Civil No. 1:CV-00-1449** |
| | : | **(Caldwell, J.)** |
| **v.** | : | **(Smyser, M.J.)** |
| | : | |
| **KATHLEEN HAWKES, et al., ,** | : | **Electronically Filed** |
| **Defendants** | : | |

**DEFENDANT GOLDRING'S ANSWER TO THE COMPLAINT**

Defendant Douglas S. Goldring[1] hereby answers the plaintiff's complaint filed August 14, 2000, as follows, in accordance with Rule 8(b) of the Federal Rules of Civil Procedure:[2]

Paragraph 1: Admit to the extent that Muhammad Askari is the plaintiff.[3] Deny in part that defendants violated his constitutional rights.

Paragraph 2: Admit in part that plaintiff was formerly incarcerated at the Federal Correctional Institution (FCI),

---

[1] Plaintiff erroneously identifies the defendant as "Robert S. Goldring" in his complaint.

[2] Although plaintiff has not set forth his complaint in numbered paragraphs, counsel has assigned numbers to the complaint for purposes of this pleading. A copy of the numbered complaint is attached hereto for the convenience of the Court.

[3] Plaintiff states and prefers that his name be M. Ash-Sharief Al'Askari.

Allenwood, Pennsylvania, but was released from the Bureau of Prisons' custody on January 21, 2003.

Paragraph 3: The dismissal of the complaint against defendant Hawkes was affirmed by the Third Circuit Court of Appeals on January 13, 2003. Therefore, no answer is required.

Paragraph 4: The dismissal of the complaint against defendant Zimany was affirmed by the Third Circuit Court of Appeals on January 13, 2003. Therefore, no answer is required.

Paragraph 5: Admit that Goldring is named as a defendant, was formerly employed by FCI Allenwood, and is currently employed by the Federal Bureau of Prisons. Deny the remainder.

Paragraph 6: The dismissal of the complaint against defendant Hursh was affirmed by the Third Circuit Court of Appeals on January 13, 2003. Therefore, no answer is required.

Paragraph 7: Admit in part that plaintiff received an incident report on April 14, 1999, for violation of Code 113, Possession of any Narcotics, Marijuana, Drugs, or Related Paraphernalia, which was heard by the Discipline Hearing Officer (DHO) and later altered to reflect a violation of Code 305, Possession of Anything Not Authorized. Deny the remainder.

Paragraph 8: Admit in part that defendant Zimany was the DHO and charged plaintiff with a violation of Code 305, Possession of Anything Not Authorized, as opposed to the original charge of 113, Possession of any narcotics, marijuana, drugs, or Related

paraphernalia. Admit in part that plaintiff was sanctioned to fifteen days of disciplinary segregation and ninety days loss of commissary privileges. Admit that plaintiff did attempt to appeal the DHO hearing at the Central Office level. Deny the remainder.

Paragraph 9: Admit that Robert Zimany was the DHO at the time of the hearing. Deny that defendant Hursh "malevolently and falsely accused" plaintiff of "possession of narcotic." Admit that plaintiff did receive an incident report for violation of Code 113, Possession of any narcotics, marijuana, drugs, or Related paraphernalia. The DHO did in fact hear the case and after considering all documents, memos from staff and evidence, it was determined that the pills found in plaintiff's possession was not narcotics, rather Naproxen, which is considered an anti-inflammatory only prescribed to inmates by the pharmacy at that time. Plaintiff was sanctioned to fifteen days of disciplinary segregation and ninety days loss of commissary privileges. Deny the remainder.

Paragraph 10: Deny.

Paragraph 11: Admit in part that plaintiff did receive an incident report on April 14, 1999, for violation of Code 305, Possession of Anything Unauthorized, written by defendant Goldring. Admit in part that plaintiff was sanctioned to fifteen

days in disciplinary segregation and the loss of telephone privileges for ninety days. Deny the remainder.

Paragraph 12: Deny.

Paragraph 13: Admit in part that there were two witnesses called during the disciplinary hearing which were requested on behalf of plaintiff. Deny the remainder.

Paragraph 14: Deny.

Paragraph 15: Defendant Goldring is without knowledge or information sufficient to form a belief as to the truth of the averment regarding whether the confiscation of legal materials interfered with an evidentiary hearing and plaintiff's request for a continuance. Thus, to the extent that an answer is required, the averment is denied. Admit that plaintiff was released on a writ from FCI Allenwood on May 20, 1999. Deny the remainder.

Paragraph 16: Defendant Goldring is without knowledge or information sufficient to form a belief as to the truth of the averment that his actions denied plaintiff's access to court. However, to the extent that an answer is required, the averment is denied.

Paragraph 17: Admit that plaintiff's excessive legal materials and the materials of which belonged to other inmates were confiscated by defendant Goldring on April 14, 1999. Deny in part that plaintiff's legal materials, books and files, etc.

were destroyed. Records show that plaintiff agreed to donate most of the items that were confiscated to the institution law library. Legal materials belonging to other inmates were returned to them.

Paragraph 18: Admit that plaintiff was assigned to the law library as an inmate worker. Deny the remainder.

Paragraph 19: Admit in part that the Federal Bureau of Prisons allows inmates to possess in their property legal materials. Defendant Goldring is without knowledge or information sufficient to form a belief as to the truth of the averment that, because of his actions, plaintiff's court cases were dismissed. However, to the extent that an answer is required, the averment is denied.

Paragraph 20: Admit.

Paragraph 21: Admit that plaintiff attempted to appeal his DHO sanctions at the Central Office level. Deny the remainder.

Paragraph 22: Deny.

Paragraph 23: This paragraph contains a prayer for relief to which no responsive pleading is required. However, to the extent that an answer is required, the averment is denied.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

**First Defense**

The complaint against defendant Goldring should be dismissed for failure to exhaust administrative remedies.

**Second Defense**

The complaint fails to state a claim upon which relief can be granted.

**Third Defense**

The complaint against defendant in his official capacity is barred by sovereign immunity.

**Fourth Defense**

Defendant Goldring is entitled to qualified immunity.

    Respectfully submitted,

    THOMAS A. MARINO
    United States Attorney

    s/ D. Brian Simpson
    D. BRIAN SIMPSON
    Assistant U.S. Attorney
    Atty. I.D. No. OH 71431
    316 Federal Building
    240 West Third Street
    Williamsport, PA 17703
    Telephone: 717-221-4482
    Facsimile: 717-221-2246

Dated: June 19, 2003

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **M. ASH-SHARIEF AL'ASKARI,** | : | |
| **Plaintiff** | : | **Civil No. 1:CV-00-1449** |
| | : | **(Caldwell, J.)** |
| **v.** | : | **(Smyser, M.J.)** |
| | : | |
| **KATHLEEN HAWKES, et al., ,** | : | **Electronically Filed** |
| **Defendants** | : | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on June 19, 2003, she served a copy of the attached

**DEFENDANT GOLDRING'S ANSWER TO THE COMPLAINT**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

M. Ash-Sharief Al'Askari
5737 N. 12th Street
Philadelphia, PA 19141

s/ Anita L. Lightner
ANITA L. LIGHTNER
Paralegal Specialist

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PA

RECEIVED
Williamsport, Pa.
MARY E. D'ANDREA, Clerk
PER DEPUTY CLERK

M. Ash-Sharief Al'Askari,

Plaintiff,

v.

Kathleen Hawkes, Director, U.S. Bureau of Prisons, et al.,

Defendants,

Civil Action No.
1:CV00-1449

COMPLAINT

To wit: A CIVIL RIGHTS COMPLAINT PURSUANT TO §1331 et seq., 28 U.S.C; DECLARATORY JUDGEMENT PURSUANT TO §2201 AND §2202, 28 U.S.C; AND INJUNCTIVE RELIEF UNDER THE F.R.CIV. PROCEDURES

(1) Now comes M. Ash-Sharief Al'Askari pro se [hereinafter known as Al'Askari] and says that he is the plaintiff in said titled action and that the cause of action is that the defendants, named and unnamed, has violated Al'Askari's constitutional rights under the 1st, 5th and 8th Amendments to the Constitution as shall be established hereunder.

PLAINTIFF

(2) Al'Askari is presently incarcerated at the Allenwood Federal Prison, White Deer, PA in the custody of the U.S. Attorney General at all times mentioned herein.

DEFENDANTS

(3) Kathleen Hawkes is the chief executive officer of the U.S. Bureau of Prisons, and at all times mentioned herein is the superior of each and every defendant, known and unknown, and is liable for the commissions and or omissions of acts alleged to have resulted in this action as shall be

established hereunder.

DEFENDANT

4) Robert Zimany is a defendant herein. Zimany is employed by Kathleen Hawkes,a defendant herein, as a judge and arbitrater of the Inmate Disciplinary Proceedings here at Allenwood at all times mentioned herein. Zimany is directly liable for violating Al'Askari's constitutional rights as alleged hereunder.

DEFENDANT

(5) Robert S. Goldring is a defendant herein. Goldring is employed by the Defendant Hawkes here at Allenwood as a prison staff personnel at all times mentioned herein. Goldring is directly liable for violating Al'Askari's constitutional rights as alleged hereunder.

DEFENDANT

(6) Vivian Hursh ia a defendant herein. Hursh is employed by the Defendant Hawkes here at Allenwood as a prison staff personnel at all times mentioned herein. Hursh is directly liable for violating Al'Askari's constitutional rights as alleged hereunder. All defendants are being sued in their individual and official capacities.

STATEMENT OF FACTS

(7) 1. On 14 April, 1999, the plaintiff [hereinafter known as Al'Askari], while confined to Allenwood prison, was charged by defendant Hursh with "possession of narcotic". This allegation culminated in Al'Askari being thtown in the hole pending disciplinary proceedings against him. During the course of the disciplinary proceedings Al'Askari evidenced that the allegation was false. This was established by the prison pharmacist who submitted that the alleged "narcotic" charged by defendant Hursh was only ibuprofen tablets. And ibuprofen tablets are sold by the inmate commissary as well as dispense routinely without cost to those inmate who can afford commissary anlgesics.

(8) 2. This inmate disciplinary proceeding was presided over by defendant Robert Zimany. Defendant Zimany, as a consequent of proof that the allegation by defendant Hursh was false,judged that Al'Askari did not commit the offense as charged by defendant Hursh. Notwithstanding, defendant Zimany, at that time, accused and charged Al'Askari with "possessing the property of another", that is, having medication that did not belong to Al'Askari but to Al'Askari's cell mate and then determined himself that Al'Askari was guilty of the accusation and charged that he, the defendant Zimany designed, sentenced Al'Askari to 15 days in the hole, lost of telephone contact and communiation and lost of commissary both for 6 months. Al'Askari appealed the defendant Zimany's judgement and punished to the defendant Zimany's superior, defendant Hawkes, Director of the Bureau of Prison who rejected that Appeal.

2(a). ARGUMENT

(9) Al'Askari argues that the defendant Hursh malevolently and falsely accused Al'Askari of possession of narcotic. By reason of such, Al'Askari was hauled before the defendant Zimany to defend against the defendant Hursh's charges. The defendant Zimany, who presided at the proceeding on the charge, judged Al'Askari innocent as charged. However, the defendant Zimany,doing the course of this proceeding,accused Al'Askari of another charge:"Possession of Anything not Authorized". By reason of this charge by the defendant Zimany, Al'Askari was punished with the sanctions mention above in para.2 notwithstanding that (1) Al'Askari never received an Inmate Incident Report for this charge by the defendant Zimany per Policy of the Inmate Disciplinary procedures 5700.03 and 28 C.F.R. §541 and (2), Al'Askari was not given, by reason of not receiving a written notice of the charge of "Possession of Anything not Authorized", the opportunity to present witnesses in Al'Askari's behalf, have the aid and assistant of

a staff representative per Inmate Disciplinary Policy #5700.03 and 28 C.F.R. §541 and(3), that a person other than the accuser is to adjudicate the accusation and (4), the defendant Zimany's evidence that Al'-Askari was guilty of the accusation of Possession of Any Unauthorized is identical to the accusation itself rendering the charge per se vague by insufficient notice to the inmate of its element(s).

2(b) SUMMARY ARGUMENT

(10) The facts, information and actions set forth above establishes a cognizible claim of constitutional violation of Al'Askari's right to be free of arbitrary and discriminatory infliction of punishment by the defendants.

3. SECOND STATEMENT OF FACTS

(11) On 14 April, 1999, Al'Askari, while confined to Allenwood Prison, was charged by the defendant Goldring with "Posssession of Legal Material of Another Person". This allegation culminated in Al'Askari being thrown in the hole pending disciplinary proceeding against him. Specifically, the defendant Goldring accused Al'Askari of having legal writings, briefs or cases that belong to other inmates. By reason of such accusations, the defendant Zimany found Al'Askari guilty of being in "Possession of Anything Unauthorized" and, therefore, consigned Al'Askari to 15 days disciplinary punishment in the hole, termination of telephone communication and contact with the his trial court and counsel and commissary purchase.

(12) Al'Askari presented evidence, during the course of the proceeding, that it was not possible for the defendant Goldring to evidence the accusation inasmuch as all the legal property,that he, the defendant Goldring, contended was the "property of others",were my own writing. That is, everything alleged to be someone else property was created exclusively by Al'Askari. (emphasis added)

   During the course of the disciplinary proceedings, Al'Askari requested witnesses to the accusation by the defendant Goldring. The defendant Zimany only allowed 2 witnesses. These witnesses, as well as others, are the individuals of whom properties the defendant Goldring accused oF "possessing". None of the witnesses testified at this disciplinary proceeding that they, or anyone else gave me any property. In fact, they testified that Al'Askari was doing legal work for them in drafting and typing up briefs and legal papers for them, the witnesses, which in turn was directly forwarded to the courts by them theirselves. All that which the defendants Goldring and Zimany accused of being property that the named witnesses allegedly had given to Al'Askari were in fact copies of Al'Askari's own creation and legals works for the witnesses themselves! Notwithstanding, this evidence presented to the defendant clearly showing that the defendant Goldring had prevaricated. Nevertheless, the defendant Zimany refusedto dismiss the accusation solely because it is the policy here at Allenwood that inmates are not allowed to assist one another in accessing the Judiciary to address their grievances. Al'Askari appealed that denial to the defendant Hawkes who affirmed the actions of her subordinates in denying Al'Askari any relief from the sanctions imposed and the expungement of the Accusation.

3(a).

## ARGUMENT

The charge and accusation by the defendant Goldring to the effect that Al'Askari was in possession of other inmates property which resulted in the defendant Zimany imposing punitive sanctions against Al'Askari was retaliatory and vindictive on the parts of the defendant Goldring for refusing his dictate to Al'Askari not to assist illiterate inmates here at Allenwood in redressing their legitimate grievances to the courts

The defendant Goldring has falsely alleged that he, Goldring, searched Al'Askari's personal propery and "found" legal material and property not belonging to Al'Askari was not only a prevarication but also a pretext to confiscate and destroy Al'Askari's legal papers, law books and work products. The defendant Goldring is a staff attorney for the defendant Hawkes. He is not a prison guard. It is neither the defendant Goldring's duty, function nor area of responsibility to perform or engaged in routine functions and details of the correctional/custodial staff. Nor is the defendant Goldring's office, nor his office's staff, is even in Allenwood F.C.I. The defendant Goldring came into the prison solely to interfere with Al'Askari's access to court by confiscating and destroying Al'Askari's own legal property which he the defendant Goldring commited.

3(b). SUMMARY ARGUMENT

(15) The defendants actions of confiscating and destroying Al'Askari's legal property directly interfered with an evidentiary hearing for a Motion to Vacate and Set Aside Conviction and Sentence for Al'Askari in the E.D.C. of PA. The legal property that was confiscated and destroyed by the named defendants was my transcripts, briefs, motions and research product that was being transported along with Al'Askari by the U.S.Marshals for the §2255. Al'Askari departed from this prison last May, 1999, on a Writ. Inasmuch as Al'Askari was without Al'Askari's legal property, Al'Askari was inadequately prepared for that hearing by reason of the confiscation and destruction of Al'Askari's legal property and thus was compelled to request a continuance to prepare another Sentencing Memoranda against a vacated sentence. The trial court granted the continuance last May, and Al'Askari returned back to this prison and remains in continuance without a sentence!

(16)   Were it not for the actions complained of herein Al'Askari would have been adequately prepared to submit to Al'Askari's trial judge a sentencing memoranda prior to being resentence and not move for a continuation to prepare another sentencing memoranda. Their actions resulted in Al'Askari's access to his trial court proceedings to be resentence being interdicted and, thus, continued indefinitely in the status as a unsentenced inmate here at Allenwood F.C.I., a violation of Al'Askari's constitutional right to access the court to redress grievances.

4.                          THIRD STATEMENT OF FACT

(17)   On 14 April, 1999, the defendants Goldring and Hursh seized, perused and destroyed Al'Askari's legal writings and manuscripts, court records, case documents and trial transcripts as well as Al'Askari's personal law books and files.

(18) The defendants committed this confiscation and destruction for no other reason than to interfere with Al'Askari's access to the courts and punish Al'Askari for assisting others in their pro se efforts and litigations. Notwithstanding, ironically, the defendant themselves assigned Al'Askari to work in the inmate law library for the purpose of assisting other indigent and ignorant at law.

4(a).                              ARGUMENT

(19)   The U.S.Bureau of Prisons provides for those inmates who represent themselves pro se to own and maintain with their person property their own legal material and property. At the time of confiscation and destruction by the defendants Al'Askari was appealing Al'Askari's conviction and sentence in different courts. The permanent lose and destruction resulted in the dismissal of 2 distinct court actions for lack of prosecution by Al'Askari.

4(b).

## SUMMARY ARGUMENT

(20) Al'Askari, as a prisoner, retains his right of access to the Courts. The constitution, as well as U.S.Bureau of Prisons Policy, forbid the defendants to retaliate against or to punish arbitrarily a prisoner for exercising such as the defendants have committed herein.

(21) Al'Askari appealed to the defendant Hawkes that the acts committed by the defendants Goldring, Hursh and Zimany were flagrant violations of the Constitution and the defendants's own Policy, Rule and Regulation with respect to the acts complained of.

## CLAIM

### First Cause of Action

(22) The actions of the defendants stated above denied Al'Askari due procees of law in violation of the Fifth Amendment and the First Amendment

## RELIEF

(23) Al'Askari requests this Honorable Court grant the following relief:

A. Issue a declaratory judgment that the defendants violated the united States Constitution when they:

1) CONFISCATED AND DESTROYED LEGAL PLEADINGS AND BOOKS

2) ARBITRARILY AND CAPRICIOUSLY INFLICTED PUNISHMENT FOR AIDING AND ASSISTING OTHER INMATES IN PRO SE LITIGATIONS

B. Issue an injunction ordering that the defendants expunge the disciplinary sanctions from Al'Askari's prison record and an order that the defendants from confiscating and destroying Al'Askari's legal property.

C. Grant compensatory damages in the following amount:

1)$25,000.00 against defendant Hawkes;

2)$25,000.00 against defendant Zimany;

3)$25,000.00 against defendant Hursh;

4)$25,000.00 against defendant Goldring;

D. Grant punitive damages of $100,000.00 against each defendants.

E. Grant such other relief as may be appear Al'Askari is entitled to.

Date: 14 July, 2000

M. Ash-Sharif Al'Askari,
pro se.
P.O Box 2000
White Deer, PA 17887