ORIGINAL

IN THE UNITED STATS DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,

PLAINTIFF

V.   Civil No.1:CV-00-1449 (Caldwell, J), (Smyser, M.J.)

KATHLEEN HAWKES, ET AL.,

DEFENDANTS

FILED
HARRISBURG
AUG 13 2003
MARY E. D'ANDREA
Per _____ Deputy Clerk

## MOTION FOR APPOINTMENT OF COUNSEL

Now comes M. Ash-sharief Al'Askari pro se and moves this Honorable to appoint qualified counsel to represent him in the above named action upon showing of good cause as is established by the accompanying memorandum and affidavit.

## PRELIMINARY AVERMENTS

This action has been remanded back to this Honorable pursuant to a recent opinion by a Panel Court of this Circuit. This court previously granted M. Ash-Sharief Al'Askari's (hereinafter known as "plaintiff") motion to proceed in forma pauperis for cause shown. Plaintiff was unable to afford representation.

The defendants in this matter has recently filed with this Honorable a NOTICE OF DEPOSITION To the plaintiff. Defendants are represented by the office of the U.S. Attorney General. The place of deposition is in this federal district, however, the plaintiff resides in another federal district, unemployed, no means of transportation and, thus, remains unable to afford adequate representation in a deposition.

Even though pro se litigant do not have a constitutional right to have counsel appointed in a civil action, it is universally recommended that all pro se litigants seek appointment of counsel. However, this Honorable does not have the authority to to order an attorney to represent the plaintiff. Notwithstanding, this Honorable has the discretion pursuant to 28 USC 1915(d) to request that an attorney represent a person

unable to employed counsel.

## BRIEF IN SUPPORT OF MOTION

This Honorable should consider the factors in determining whether to request counsel to represent the plaintiff.

First, this Honorable is to consider whether the plaintiff has much of a chance of success.[1] Second, whether the plaintiff is in the position to depose, and investigate the crucial facts needed to prove plaintiff's claims.[2] Third, is whether there are facts in dispute and whether the disputes will complicated and substantial.[3] The Panel Court, in summary, has opinioned that there are such disputes in the matter before the bar warranting further hearings. Fourth, is the complexity of the legal issues raised by the plaintiff. Finally, this Honorable should consider the capability of the indigent to present the case.[4]

Further, plaintiff moves this Honorable to Order a stipulation that the Deposition be taken by telephone or other remote electronic means.

## AFFIDAVIT IN SUPPORT OF MOTION

The plaintiff is unable to obtain counsel and the issue is complex requiring skill at law of which the plaintiff is devoid, and the ends of justice would be best served by an appointment of counsel.

The foregoing facts and information is true and correct to the best of my knowledge and understanding. See 28 USC 1746.

/s/ _____

---

[1] Spears v. U.S., 266 F.Supp. 22, 25-26 (S.D.W.VA 1967)(court must determine whether claim has some merit in fact and law before counsel is appointed; See Bound v. Smith, 430 U.S. 817, 97 S.Ct.1491 (1977).See also Gorden v. Leeke, 574 F.2d 1147, 1153 and n. 3 (4th Ci.r. 1978) (court should appoint counsel where pro se litigant has a colorable claim); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980(court should appoint counsel only when exceptional circumstances exist).

[2] Shields v. Jackson, 570 F.2d 284, 285 (8th Cir. 1978)(indigent prisoner in no position to investige his case when he sued the arresting officer for confiscating his property);. See also Murrell v. Bennett, 615 F.2d 306, 311 (5th Cir.1980)(district court should have appointed counsel to aid plaintiff with his discovery).

[3] Lopez v. Reyes, 692 F.2d 15 (5th Cir.1982); Manninig v. Lockhart, 623 F.2d 536 (8th Cir. 1980)(counsel should have been appointed where a question of credibility of witnesses and serious allegations of fact existed); U.S. ex rel Robinson v. Meyers,222 F.Supp. 845, 846 (E.D.PA. 1963)..

[4] Drone v. Nano, 565 F.2d 543 (8th Cir.1977) (counsel should be appointed where record indicated plaintiff suffered from mental disease).

[5] Fedral Rules of Civil Procedures, Rule 30

CERTIFICATE OF SERVICE

I do certify that I have served upon the counsel for the defendants herein a copy of the fore going Motion for Counsel

Whose address is:

    U.S. ATTORNY

    MIDDLE DISTRICT OF PENNSYLVANIA

    240 WEST THIRD STREET

    P.O. BOX 548

    WILLIAMSPORT, PA 177703

This day of 4 August, 03 by depositing the same into the U.S. Mail

    M. Ash-Sharief Al'Askari
    5737 N. 12th St, Phila, PA 19141



Thomas J. Hrebin #DQ 6339
Box 99901
SCI Graterford
P.O. Box 244
Graterford, PA 19426-0244

5737 N. 13th St.
Phila, PA 19141

Clerk of Court
U.S. District
228 Walnut St, 1st Fl
P.O. Box 983
Harrisburg, PA 17108

FILED
HARRISBURG, PA
AUG 13 2003
MARY E. D'ANDREA, Clerk
Per _____ Deputy Clerk