TAM:DBS:mel:2000V00753

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M. ASH-SHARIEF AL'ASKARI, | : | |
| Plaintiff | : | Civil No. 1:CV-00-1449 |
| | : | (Caldwell, J.) |
| v. | : | (Smyser, M.J.) |
| | : | |
| KATHLEEN HAWKES, et al., , | : | Electronically Filed |
| Defendants | : | |

BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL

I.  Procedural History

Al'Askari is a former inmate once incarcerated at FCI Allenwood.  He filed this Bivens action three years ago against four BOP employees alleging violations of his due process rights and a denial of access to the courts.  A motion to dismiss and for summary judgment was granted by the Court on April 21, 2001, for failure to exhaust administrative remedies.  An appeal to the Third Circuit Court of Appeals followed.

In an unreported opinion issued on January 13, 2003, the Third Circuit affirmed the District Court's order to the extent it dismissed the complaint against three of the defendants.  The District Court's order was also vacated to the extent it granted the defendants' motion and dismissed the complaint against defendant Goldring on the access to the courts claim.

On April 11, 2003, the case was remanded to the Magistrate Judge for further proceedings on the access to courts claim. A case management order was issued on April 29, 2003, setting forth the deadlines for discovery, discovery-related motions, dispositive motions, and consent. The deadline for completion of discovery is August 25, 2003.

On July 29, 2003, a notice of deposition was served upon Al'Askari informing him that his deposition would be conducted on Thursday, August 14, 2003, at 10:00 a.m. in the Harrisburg branch office of the United States Attorney's Office. In response, Al'Askari has filed a motion for appointment of counsel.

On August 14, 2003, Al'Askari's deposition was taken as scheduled. Defendant submits the following in opposition to Al'Askari's request for counsel.

## II. Question Presented

Should Al'Askari's motion for appointment of counsel be denied?

## III. Argument

Title 28 U.S.C. § 1915(e)(1) provides that the Court may request an attorney to represent an indigent litigant in a civil case. Pursuant to § 1915(e)(1), the Court has broad discretion to determine whether appointment of counsel is warranted in a particular case.

In <u>Tabron v. Grace</u>, (3d Cir. 1993), the Third Circuit Court of Appeals set forth a number of factors a court should consider when deciding whether to appoint counsel under 28 U.S.C. § 1915. The <u>Tabron</u> Court followed <u>Macklin v. Freake</u>, 650 F.2d 885 (7th Cir. 1981) (per curiam) which explained that a court must consider as a threshold matter the merits of plaintiff's claim. "Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law." <u>Tabron</u>, 6 F.3d at 155 <u>quoting</u> <u>Macklin</u>, 650 F.2d at 887. <u>See</u> <u>also</u> <u>Rayes v. Johnson</u>, 969 F.2d 700, 703 (8th Cir. 1992)("The appointment of counsel should be given serious consideration if the [indigent] plaintiff has not alleged a frivolous or malicious claim and the pleadings state a prima facie case.")

Should the court determine that the plaintiff's claim has arguable merit in fact and law, it should then consider additional factors that bear on the need of appointed counsel. <u>Tabron</u>, 6 F.3d at 155. Specifically, the <u>Tabron</u> Court discussed the following factors: (1) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience, and the restraints placed on the plaintiff by incarceration; (2) the complexity of the legal issues; (3) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and (4) the

degree to which the case turns on credibility determinations or expert testimony. Tabron, supra, 6 F.3d 147, 155-157.

Al'Askari has been litigating this action, *pro se*, for three years. Although defendants initially prevailed in the District Court by having the case dismissed for lack of exhaustion, Al'Askari appealed to the Third Circuit Court of Appeals and was successful in having a portion of the case remanded for further proceedings. Despite his incarceration at the time, he was able to prepare and file all pleadings in a timely manner--including an appeal brief--, without ever requesting an extension of time or seeking appointment of counsel. In fact, while the appeal in this action was pending, Al'Askari also filed a petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241. See Al'Askari v. Federal Bureau of Prisons, No. 1:CV-02-1475. That case is presently on appeal in the Third Circuit Court of Appeals.

Al'Askari seeks appointment of counsel because: (1) the place of the scheduled deposition is in the Middle District of Pennsylvania; (2) he resides in another federal district;[1] (3) he is unemployed; (4) he has no means of transportation; (5) he is unable to afford adequate representation in a deposition; and (6) "the issue is complex requiring skill at law of which the plaintiff is devoid." Mot. for Appt. of Counsel, pp. 1-2.

---

[1] Al'Askari resides in Philadelphia, Pennsylvania.

However, it is obvious that Al'Askari speaks, writes, and understands English, that he has at least three years of litigation experience, and, given his release from custody, that there are no restraints upon his liberty which prohibit him from litigating his case.  The issues in this case are not complex and do not require expert witness testimony.  Al'Askari has demonstrated the ability to present comprehensible arguments; he is more than capable of conducting discovery.

Al'Askari's motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel.  There is simply nothing in <u>Tabron</u> which indicates there should be consideration given to appointment of counsel because he is indigent and lacks transportation to his deposition.  To the extent Al'Askari seeks counsel to represent him at his deposition, his motion is moot because the deposition has already taken place.

## IV. <u>Conclusion</u>

For the reasons stated above, it is respectfully requested that, in light of the factors set forth in <u>Tabron</u>, <u>supra</u>, Al'Askari's motion for appointment of counsel should be denied.

                                      Respectfully submitted,

                                      THOMAS A. MARINO
                                      United States Attorney

                                      <u>s/ D. Brian Simpson</u>
                                      D. BRIAN SIMPSON
                                      Assistant U.S. Attorney
                                      Atty. I.D. No. OH 71431
                                      316 Federal Building
                                      240 West Third Street
                                      Williamsport, PA 17703
                                      Telephone: 717-221-4482
                                      Facsimile: 717-221-2246

Dated: August 15, 2003

```
              UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF PENNSYLVANIA


M. ASH-SHARIEF AL'ASKARI,       :
          Plaintiff             :  Civil No. 1:CV-00-1449
                                :  (Caldwell, J.)
          v.                    :  (Smyser, M.J.)
                                :
KATHLEEN HAWKES, et al., ,      :  Electronically Filed
          Defendants            :
```

### CERTIFICATE OF SERVICE

   The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

   That on August 15, 2003, she served a copy of the attached

**BRIEF IN OPPOSITION TO PLAINTIFFS
MOTION FOR APPOINTMENT OF COUNSEL**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

M. Ash-Sharief Al'Askari
5737 N. 12th Street
Philadelphia, PA 19141


                            s/ Michele E. Lincalis
                            MICHELE E. LINCALIS
                            Paralegal Specialist