ORIGINAL

IN THE UNITED STATES COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI'
PLAINTIFF,

V.

CIVIL NO.1:CV-00-1449

(CALDWELL, J.)(SYMSER, M.J.)

KATHLEEN HAWKES, ET AL.,

DEFENDANTS

FILED
HARRISBURG, F

AUG 2 1 2003

MARY E. D'ANDREA,
Per _____ Deputy Clerk

## MOTION FOR AN ENLARGEMENT OF TIME

Now comes M. Ash-Sharief Al'Askari pro se [hereinafter known as 'Plaintiff'] and moves this Honorable for an Enlargement of Time of 45 days pursuant F.R.C.PROC. Rule 6 for the following causes of this MOTION:

1. The Honorable issued to the party(s) in the above named action a Case Management Order a Discovery Deadline of August 25, 2003. The defendants in this matter forwarded to the plaintiff a Notice of Deposition the first Week of August, 2003. By reason of such, plaintiff filed with The Honorable a Motion For Counsel; and submitted to the Defendants a Notice of Deposition to coincide with their deposition of the plaintiff, at the same time and place, whereby maximizing conveniency and minimizing costs to all. The office of U.S. Attorney for the Middle District would not have any of it. As typical with the bureaucratic mindset, time and money is no object it when it *never* has to spend its own money and its *always* others money that it spends.

2. Further, the examination of the plaintiff by the defendants was conducted over the objections of the pro se plaintiff. The Honorable remanded this matter solely on the issue of Exhaustion of Administrative Remedy. Notwithstanding, the defendants' examination focused exclusively upon the plaintiff's personal history as a prisoner at Allenwood. Only after the plaintiff's repeated questioning and objections to the relevancy of this line of examination did the defendants examine the plaintiff on a mere three queries

relevant to the issue exhaustion of Administrative remedy.

3. The facts set forth above clearly establish cause to extend the Discovery Deadline of 25 August, 2003, by 45 days in order to reschedule deposing the defendants. This Enlargement causes no prejudice to the defendants; and, further, allowing the Honorable adequate time to rule upon the ancillary motion for counsel, and allowing plaintiff adequate time to Amend the Complaint by adding a necessary defendant, Viola Hursh, to the plaintiff's access to court claim in light of the defendant's Nunc pro Tunc Answer.[1]

Wherefore, the plaintiff pro se prays that this Honorable grant this motion for an Enlargement.

---

1. See **HAINES V. KERNER**, 404 U.S. 519, 92 S.CT.594, 30 L.ED2D 594 (PER CURIAM) (1972). The Haines Court teaches that "[p]ro se documents, briefs petitions and motions are not be held to the same standards of qualifications in which an attorney is held to by the courts." See also **ESTELLE V.GAMBLE**, 429 U.S. 97, 106 ("[A] pro se complaint shall be liberally construed in determining whether it fails to state a claim upon which relief can be granted ." **BROWN V. FARRELLY**, 994 F.2D 1027, 1036-7(3RD Cir.1993)("[p]ro se pleading are to be read liberally and are not held to the same standards as pleadings prepared by attorneys.).

IN THE UNITED STATES COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI'
PLAINTIFF,

V.

CIVIL NO.1:CV-00-1449

(CALDWELL, J.)(SYMSER, M.J.)

KATHLEEN HAWKES, ET AL.,

DEFENDANTS

## CERTIFICATE OF SERVICE

The plaintiff does hereby certify that he has forwarded a copy of the forgoing motion via first class U.S.Mail upon the defendants' attorney whose place of business is:

US DEPARTMENT OF JUSTICE,MD OF PA
U.S.ATTORNEY, SUITE 316
FEDERAL BUILDING, 240 W.3RD ST
WILLIAMSPORTS, PA 17701-6465

On 17 August, 2003.

M. Ash-Sharief Al'Askari
pro se
5737 N.12th St
Phila., PA 19141



5737 N. 12th St.
Phila, PA 19141

Clerk of Court
District Court MDPA
U.S. Courthouse
228 Walnut St
P.O.Box 983
Harrisburg, PA 17108

FILED
HARRISBURG, PA
AUG 2 1 2003
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk