ORIGINAL

FILED
HARRISBURG, PA
SEP 1 5 2003
MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

IN THE DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,
PLAINTIFF

V.

KATHLEEN HAWKES,
DOUGLAS GOLDRING,
VIVIAN HURSH,
ROBERT ZIMANY,

DEFENDANTS

CIVIL NO.1:00-CV-1449)
(CALDWELL, J)(SMYSER, M,.J.)

**PLAINTIFF REQUESTS LEAVE FOR ORAL DEPOSITION OF AN INCARCERATED PERSON**

Now comes the M. Ash'Sharief Al"Askari who says that he is the plaintiff in the above named action, that he is unable to afford adequate representation due to his indigency (plaintiff's motion for appointment of counsel is pending before the Honorable), and that at this time plaintiff seeks leave of the Honorable to take Deposition of an incarcerated person pursuant to the Federal Rules of Civil Procedures, Which reads in pertinent parts:

> (a) When Depositions May Be Taken; When Leave Required.
> (1) A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by subpoena as provided in Rule 45.
> (2) A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is *confined in prison* or if, without the written stipulation of the parties,. . .

The plaintiff has previously informed counsels for the defendants, employees of the U.S. Bureau of Prisons, Allenwood Federal Prison Complex, of the plaintiff's intention to depose Irving Alvin, an incarcerated person at FCI Allenwood, and previously informing Mr. Alvin himself via a mailed subpoena a copy of which was sent to the defendants

counsels to deliver to the incarceratee's warder. As a consequences, plaintiff requests that the Honorable to instruct counsels for the defendants herein to provide to the plaintiff an immediate confirmation of Mr. Irving Alvin present place of incarceration by the defendants for purpose of his deposition in a timely manner. The Date of which has been set for **9 October, 2003, 11:30 a.m., at the office of Joseph McClusky, FCI Allenwood, Advisor/Attorney to Brian Simpson, U.S. Attorney**. At that time, the plaintiff intends to depose not only the party(s) but also the witness(es) in this matter sub judice all on *one* date, at *one* time and *one* locale. This schedule and itinerary is inherently more convenient to and for the party(s) and witness(es) to be deposed by the plaintiff *than* the schedule and itinerary previously imposed on the plaintiff unilaterally by the U.S.Attorney Marino and company, inasmuch as all the party(s) and subpeoned witness(es) *actually* work and or *lived* in Allenwood and would not either have to leave work and or place of incarceration to travel all the way to US. Attorney Marino's office in Harrisburg to be deposed by the plaintiff. They all can deposed right there in White Deer/Williamsport where counsel for the defendants have a satellite.

## CERTIFICATE OF SERVICE

The plaintiff does hereby certify that a copy of the foregoing petition for Leave To Depose was fax to the counsels for the defendants whose address is:

U.S.ATTORNEYS' OFFICE
SUITE 316; Federal Building,
240 W.3rd St
Williamsport, PA 17703-054
FAX(570)326 7916

Date: 10 Sept., 2003

M.Ash'Sharief Al'Askari
Pro se
5737 N.12th St
Phila.,PA 19141

5737 N. 12th St.
Phila., PA 19141

Clerk of Court
U.S. District Court
U.S. Courthouse
228 Walnut St
PO Box 983
Harrisburg, PA 17108

FILED
HARRISBURG, PA
SEP 15 2003
MARY E. D'ANDREA, CLERK
per _____ Deputy Clerk

