ORIGINAL

IN THE DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,
PLAINTIFF.

A.                                                CIVIL NO.1:00-CV-1449)
                                                   (CALDWELL, J)(SMYSER, M,.J.)

KATHLEEN HAWKES,
DOUGLAS GOLDRING,
VIVIAN HURSH,
ROBERT ZIMANY,

DEFENDANTS

FILED
HARRISBURG, PA

SEP 1 5 2003

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

### THE PLAINTIFF 'S REPLY TO THE DEFENDANTS' OPPOSITION TO MOTION FOR APPOINTMENT OF COUNSEL NUNC PRO TUNC

**To The Honorable:**

1. Now comes the plaintiff in this matter sub judice and says that pending before the Honorable is the plaintiff's MOTION FOR APPOINTMENT OF COUNSEL. The defendants herein has filed with the Honorable a brief in opposition thereto. The following facts and information are the plaintiff's Brief in Reply to said Opposition.

2. The defendants opposition to appointment of is no more than a mere patellar reflex. It posits no new facts heretofore unknown by the court and all parties, it briefs no argument or issue relevant to any of the defendants claims, allegations or defenses. Nor have they suggested any prejudice thereby. Your Honorable, ink costs a small fortune now, and not to mention office paper, *too!* The defendants motion is therefore frivolous and without merit.

3. Subsequent to the plaintiff's motion for appointment , new facts and circumstances have evolved in this matter subjudice demonstrating specific prejudices to the pro se plaintiff highlighting his motion for appointment. As set forth hereunder.

receiving crank calls from counsels for the defendants through their interloper, Steve Carmicheal.

Also, there are the crank calls from said counsels' office to my house, of which a cessation has been sought, further establishing the need for some professional assistance for the pro se plaintiff in this as it proceed eventually through and on to trial proceeding. Counsels for the the defendants have outrageously Gone some far as to sent copies of legal mail addressed to the plaintiff to this guy Carmicheal , and Carmicheal in turn has been surreptiously debriefing them about personal conversations between Carmicheal and the plaintiff on this matter sub judice which is unscrupulous if not unethical on the part of them both. For that reason along, the plaintiff is not accepting any future mail or call from that office address to me personally I am not accepting any more direct communication from that office over this outrage scandal. One is interloping the over one is a manipulating. An appointment of counsel is warranted If for no other cause than this.

Finally, the plaintiff needs qualified counsel to amend the complaint in light of the decision the Panel Court in this matter and in light of the Nunc Pro Tunc Answer of defendant Goldring.

## **REPLY BRIEF AND ARGUMENT**

The plaintiff argues that during the course of the defendants' oral examination of the plaintiff, the plaintiff was without adequate legal assistance and representation. However, on the other hand, the examination of the pro se plaintiff was conducted by lawyers hired by the U.S.Attorneys Office of the MDPA. There was no opportunity for cross-examination by the pro se plaintiff deponent, nor were the pro se plaintiff 's several objections to the relevancy of certain questions made during the course of the examination allowed or retained in the transcribing of the examination; and, further, Attorney Marino was aided and abetted from his office. by no *less* than three other attorneys. Nor have the defendants yet to furnished the pro se plaintiff with a requested copy of the transcripts of the deposition. All of which rendered the Deposition *unfair* and *prejudicial* to the pro se party.

The plaintiff further argues that because the plaintiff has submitted to the defendants and witnesses a Notice of Depositions and Inspection and Copy of Documents the plaintiff has been receiving junk mail and crank call out of the U.S.Attorneys' Office. Specifically, that office had sent the plaintiff a letter "instructing" the plaintiff on how to do this and how to that and how to do the other, even though the plaintiff had not solicited legal couinsel and assistance from the defendants. Counsels for the defendant has been grossly interfering with the plaintiff's attempt to depose all parties and witnesses.


Counsel has failed to provide to the pro se plaintiff the phone numbers and or addresses of the parties and witnesses as provided by the Rules of Discovery. <u>Twice</u> has the plaintiff set a single date, time and locale for the Depositions. <u>Twice</u> counsel for the defendants disallowed the Depositions to be conducted.

It appears also that counsels for the defendant is not only representing non-party witnesses but also non witnesses. Counsel wrote the plaintiff representing that the prison warden , " will not agree to have the depositions conducted at the prison." The U.S.Attorney is talking nonsense. No one has made any request to any warden to have any Deposition "conducted at any prison".

Further, counsel for the defendants have gone so far as to engage plaintiff's Probation Officer,Steve Carmicheal of Philadelphia, as an interloper in this matter sub judice. The plaintiff is now

## CERTIFICATE OF SERVICE

The plaintiff does hereby certify that a copy of the foregoing petition for Leave To Depose was fax to the counsels for the defendants whose address is:

U.S.ATTORNEYS' OFFICE
SUITE 316; Federal Building,
240 W.3rd St
Williamsport, PA 17703-054
FAX(570)326 7916

Date: Thursday, September 11, 2003

M.Ash'Sharief Al'Askari
Pro se
5737 N.12th St
Phila.,PA 19141



3737 N. 12 St
Phila, PA 19141

Clerk of Court
United States District Court
Middle District of Pennsylvania
U.S. Courthouse
P.O. Box 983
Harrisburg, PA 17108

FILED
HARRISBURG, PA
SEP 15 2003
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk