UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,    :    CIVIL NO. **1:00-CV-1449**
    :
        Plaintiff    :    (Judge Caldwell)
    :
      v.    :    (Magistrate Judge Smyser)
    :
ROBERT S. GOLDRING,    :
    :
        Defendant    :

## ORDER

The plaintiff commenced this *Bivens*[1] action by filing a complaint on August 14, 2000. By an Order dated April 10, 2001, the defendants' motion to dismiss was granted and the complaint was dismissed on the basis that the plaintiff failed to exhaust available administrative remedies prior to commencing this action.

The plaintiff appealed the dismissal of his complaint to the United States Court of Appeals for the Third Circuit. The Third Circuit concluded that there were factual disputes concerning whether the plaintiff exhausted administrative remedies. The Third Circuit reversed the dismissal of the

---

[1]*See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

plaintiff's access to the courts claim against defendant
Goldring.   The Third Circuit affirmed on other grounds the
dismissal of the claims against the other defendants.

Currently pending is a motion for the appointment of
counsel filed by the plaintiff on August 13, 2003.

28 U.S.C. § 1915(e)(1) provides that the court may
request an attorney to represent an indigent litigant in a
civil case.

In *Mallard v. U.S. District Court*, 490 U.S. 296 (1989),
the Court held that 28 U.S.C. § 1915 does not authorize the
district court to require an unwilling attorney to represent an
indigent litigant in a civil case.

The United States Court of Appeals for the Third
Circuit has developed a number of factors the court should
consider when deciding whether to ask an attorney if he or she
will accept the responsibility of representing a *pro se*
plaintiff.  *See Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).
The threshold inquiry is whether the plaintiff's case has some
arguable merit in fact and law. *Montgomery v. Pinchak,* 294 F.3d

2

492, 498-99 (3d Cir. 2002).  If a plaintiff overcomes this threshold hurdle, the court should consider other factors including 1) the plaintiff's ability to present his or her case considering the plaintiff's education, literacy, experience, ability to understand English and the restraints placed on the plaintiff by incarceration; 3) the complexity of the legal issues involved; 4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and 5) the degree to which the case turns on credibility determinations or expert testimony. *Tabron, supra*, 6 F.3d at 155-56.

In the United States District Court for the Middle District of Pennsylvania, the need for a list of attorneys available for appointment to represent plaintiffs in potentially meritorious cases has been addressed in Local Rule 83.34.  The Middle District Federal Bar Association has assembled a panel of attorneys who may accept appointments at the request of the court in these cases.

The only remaining claim in this case is the plaintiff's access to the courts claim against defendant Goldring.  The plaintiff alleges that the defendant confiscated

3

and destroyed his legal property and interfered with his access to the courts.  The plaintiff's claim has survived review by the Third Circuit.  We can not say that the plaintiff's claim lacks legal merit.

Next, we consider the plaintiff's ability to present his case.  This factor has been described as perhaps the most significant factor the court should consider in deciding whether or not to appoint counsel.  *Montgomery, supra,* 294 F.3d at 501.  The Third Circuit has identified a number of factors that the court should consider in determining a plaintiff's ability to present his or her own case including the plaintiff's education, literacy, prior work experience, and prior litigation experience.  *Id.*

The record in the instant case does not contain any information regarding the plaintiff's education or prior work experience.  However, from the documents that the plaintiff has already filed with the court it is clear that the plaintiff is literate and able to communicate effectively.  We note that although at the time he commenced this action the plaintiff was a prisoner, the plaintiff is no longer incarcerated.

The plaintiff contends that he was without counsel during his deposition and intimates that it is unfair for him to be unrepresented and for the defendant to be represented. However, the mere fact that one side is unrepresented, at a deposition or at other stages of the proceedings, while the other side is represented is not inherently unfair.

The plaintiff contends that he "has been receiving junk mail and crank calls" from the U.S. Attorney's Office. *Doc. 76 unnumbered page 3.* Some contact between the defendant's counsel and the plaintiff may be necessary in the course of this case, and we give the plaintiff's assertion of "junk mail and crank calls" little weight.

At this point it is not clear what role credibility will play in this case if the case goes to trial.

Expert testimony will not likely be required in this case.

The plaintiff asserts that he can not afford to retain counsel. The plaintiff has been granted leave to proceed *in forma pauperis* in this case and there is nothing in the record

5

to suggest that the plaintiff has the ability to retain counsel himself.

We have considered the *Tabron* factors and have concluded that the circumstances presented in the instant case do not justify a request to the administrator of the panel of volunteer attorneys to determine whether an attorney will accept an appointment in this case.

**AND NOW**, this 19th day of September, 2003, **IT IS HEREBY ORDERED** that the plaintiff's motion (doc. 67) for the appointment of counsel is **DENIED.**

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  September 19, 2003.

6