TAM:DBS:mel:2000V00753

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M. ASH-SHARIEF AL'ASKARI, | : | |
| Plaintiff | : | Civil No. 1:CV-00-1449 |
| | : | (Caldwell, J.) |
| v. | : | (Smyser, M.J.) |
| | : | |
| KATHLEEN HAWKES, et al., , | : | Electronically Filed |
| Defendants | : | |

## BRIEF IN OPPOSITION TO PLAINTIFF'S
## MOTION TO DEPOSE INCARCERATED PERSON

### Case History

Al'Askari is a former inmate.  While incarcerated at FCI Allenwood, however, he filed this <u>Bivens</u> action against four BOP employees alleging violations of his due process rights and a denial of access to the courts.  A motion to dismiss and for summary judgment was granted by the Court on April 21, 2001, for failure to exhaust administrative remedies.  An appeal to the Third Circuit Court of Appeals followed.

In an unreported opinion issued on January 13, 2003, the Third Circuit affirmed the District Court's Order to the extent it dismissed the complaint against three of the defendants.  The District Court's Order was vacated to the extent it granted the defendants' motion and dismissed the complaint against defendant Goldring on the access to the courts claim.

On April 11, 2003, the case was remanded to the Magistrate
Judge for further proceedings on the access to courts claim.  A
case management order was issued on April 29, 2003, setting forth
the deadlines for discovery, discovery-related motions,
dispositive motions, and consent.

On July 29, 2003, a notice of deposition was served upon
Al'Askari noticing him that his deposition would be conducted on
August 14, 2003, at 10:00 a.m. in the Harrisburg branch office of
the United States Attorney's Office.  In response, Al'Askari
filed a motion for appointment of counsel.  The motion has since
been denied.

On August 13, 2003, counsel for defendant received a "Notice
of Deposition" from Al'Askari indicating that he intended to take
the depositions of Robin Greggs and Viola Hursh immediately
following his scheduled deposition on August 14, 2003.  *See* Exh.
1, Notice of Deposition.  Al'Askari's signature block on the
notice contained his mailing address, electronic mail address,
telephone number, and facsimile number where he can be contacted.
Id., p. 2.

In response to the notice of depositions, counsel for the
Government sent a letter to Al'Askari indicating that neither
Greggs nor Hursh would be appearing for depositions the following

day.[1]  The letter explained first, that one-day notice was not
"reasonable notice" to depose a witness under Federal Rule of
Civil Procedure 30(b)(1).  Second, since Greggs and Hursh are no
longer parties to the action, Al'Askari was required to serve a
deposition subpoena on them in accordance with Federal Rule of
Civil Procedure 45.  Third, Al'Askari was informed that, even
though he is proceeding *in forma pauperis*, he is still required
to pay his own discovery expenses, including witnesses' fees and
mileage, and the costs of a court reporter.  Finally, since
discovery was scheduled to close on August 25, 2003, counsel
agreed to accept service of the deposition subpoenas on behalf of
Greggs and Hursh, if Al'Askari was willing to comply with the
Federal Rules of Civil Procedure.  Counsel also indicated his
availability on August 19, 20, and 25.  *See* Exh. 2, Letter dated
August 13, 2003.

On August 14, 2003, Al'Askari's deposition was taken as
scheduled.

On August 21, 2003, Al'Askari filed a motion for enlargement
of time to complete discovery.  In support of his motion,
Al'Askari cited defendant's failure to produce Greggs and Hursh
for depositions on August 14, 2003, and counsel's line of
questioning during his deposition which he claimed to be

---

[1] Several attempts to fax the letter to Al'Askari at the
number provided in his Notice of Deposition were unsuccessful.

3

irrelevant to the "sole" issue of this case, which he believes to be limited to whether he exhausted his administrative remedies. *See* Doc. 70.  Al'Askari did not seek the concurrence of undersigned counsel in the filing of his motion.  Nonetheless, the motion was subsequently granted and the deadline for completion of discovery was extended to October 15, 2003.

On August 22, 2003, Al'Askari filed a request for the issuance of three witness subpoenas, pursuant to Fed. R. Civ. P. 45, in order that he can obtain the attendance of non-parties for depositions.  *See* Doc. 72.  Three subpoenas signed by the Clerk of Court were forwarded to plaintiff the same day.  *See* Doc. 73.

On August 27, 2003, counsel received, via facsimile, a Notice of Deposition and subpoenas for Robin Greggs, Viola Hursh, and inmate Irving Alvin commanding each of them to appear for depositions on September 9, 2003, at 11:30 a.m. "at the office of Joseph McClusky, attorney, FCI Allenwood Complex, White Deer 17887."  *See* Exhs. 3 and 4.  The facsimile also included notes to Greggs and Hursh informing them of their right to waive witness fees.  *See* Exh. 5.

On August 28, 2003, the Government received, via facsimile, a Notice of Deposition for defendant Goldring for "Tuesday, 9 September, at 11:30 at the office of Joseph McClusky, Esq., attorney advisor . . . at Allenwood Federal Complex, White Deer 17887."  *See* Exh. 6.

4

On September 3, 2003, counsel for defendant sent a letter to Al'Askari via federal express and facsimile[2] informing him that the depositions of Greggs, Hursh, Goldring and inmate Irving could not take place on September 9, 2003, primarily because defendant Goldring, who no longer resides in the Commonwealth of Pennsylvania, was not available on that date.  Al'Askari was also advised that Federal Rule of Civil Procedure 30(a)(2) required him to first seek leave of Court prior to deposing inmate Irving. The letter also suggested that the depositions take place at the United States Attorney's Office in Harrisburg because the Warden of FCI Allenwood would not agree to have the depositions conducted at the prison.  Additionally, Al'Askari was told that he would be provided with a list of available dates in the near future.  *See* Exh. 7.

In a similar letter dated September 5, 2003, Al'Askari was advised that Goldring, Hursh, and Greggs were all available to be deposed during the week of September 29, 2003.  Al'Askari was also reminded of his responsibility, under Federal Rule of Civil Procedure 30(b), to make arrangements for a court stenographer. *See* Exh. 8.

---

[2] The United States Attorney's Office telephoned Al'Askari in order to verify his facsimile phone number.

5

Later that day, Al'Askari was contacted by telephone in an effort to reschedule the depositions.[3]  Although the week of September 29, 2003, was the only week in September available for the defendant, the staff witnesses, the undersigned, and agency counsel, Al'Askari indicated he was not available that week. Al'Askari instead indicated his desire to do the depositions on October 9th or 10th.  Additionally, in response to the Warden's concern with having the depositions conducted at the prison, Al'Askari suggested the Williamsport United States Attorney's Office as an alternative site.

Unfortunately, when counsel for defendant later checked the availability of others for October 9 or 10, he was reminded that agency counsel is scheduled to be out-of-state on business that entire week.  Additionally, the undersigned determined that the Williamsport Office was too small to accommodate the depositions.

On September 8, 2003, counsel again wrote to Al'Askari regarding the scheduling of depositions.  Al'Askari was asked to again review his schedule and see if it was possible to depose the witnesses on any day during the week of September 29 through October 2.  If not, Al'Askari was requested to provide a list of alternative dates in order to determine the witnesses'

--------

[3] The United States Attorney's Office has telephoned Al'Askari twice:  (1) once to request his facsimile number, which he refused to provide; and (2) to inform him that depositions could not take place at FCI Allenwood on September 9, 2003.

availability.  Additionally, counsel explained the difficulty in
conducting the depositions in the Williamsport branch office and
again proposed that he reconsider scheduling them in Harrisburg.
If Al'Askari agreed, he was told that Hursh and Greggs would
waive the witness and mileage fees they would otherwise be
entitled to under Rule 45.  Thus, Hursh and Greggs would appear
in Harrisburg at no cost to Al'Askari.  Moreover, Al'Askari's own
travel expenses from Philadelphia would be less due to the
shorter distance to Harrisburg.  Al'Askari was once again
reminded of his responsibility for reserving a court reporter and
was provided with a listing of agencies that offer stenographic
services.  *See* Exh. 9.  To date, Al'Askari has not responded to
the letter.

## Argument

Presently before the Court is Al'Askari's request for leave
to depose inmate Irving Alvin on October 9, 2003, "at the office
of Joseph McClusky, FCI Allenwood, Advisor/Attorney to Brian
Simpson, U.S. Attorney."  Doc. 75, p. 2.  As a procedural matter,
defendant notes that Al'Askari has failed to file a brief in
support of his motion.  Therefore, it should be deemed withdrawn
in accordance with M.D. Pa. Local Rule 7.5.

To the extent the motion is construed to include a
supporting brief, defendant opposes the relief requested as

Al'Askari has failed to indicate the relevancy of the inmate's testimony to this action.

Under the general provisions of the federal rules governing discovery, "[p]arties may obtain discovery regarding any matter, not privileged, that is *relevant* to the claim or defense of any party, . . . ."   Fed. R. Civ. P. 26(b)(1).  The purpose of the pre-trial-deposition-discovery procedure is for the discovery of facts *relevant* to the subject matter of the action, or to unearth leads as to where evidence may be located.  Beirne v. Fitch Sanitarium, Inc., 20 F.R.D. 93, 94 (S.D.N.Y. 1957) (*citing* Kaiser-Frazer Corp. v. Otis & Co., 11 F.R.D. 50 (S.D.N.Y. 1951).  Thus, unless Al'Askari can establish the relevance of this witness, his motion for leave to depose this incarcerated individual should be denied.

To the extent Al'Askari seeks the Court's intervention in the scheduling and location of the defendant's and the staff witnesses' depositions, the undersigned submits that his Office has been more than accommodating to Al'Askari's demands and is willing to continue in its efforts to do so.  The Government remains willing to produce Goldring, Hursh and Greggs for depositions in Harrisburg, at no cost to the plaintiff, at a

8

mutually convenient date.  To that end, defendant does not object
to an extension of the discovery deadline for this purpose.

### Conclusion

For the reasons stated above, Al'Askari's motion for leave
to depose inmate Irving should be denied.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney


s/ D. Brian Simpson
D. BRIAN SIMPSON
Assistant U.S. Attorney
Atty. I.D. No. OH 71431
316 Federal Building
240 West Third Street
Williamsport, PA 17703
Telephone: 717-221-4482
Facsimile: 717-221-2246

Dated: September 22, 2003

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| M. ASH-SHARIEF AL'ASKARI, | : | |
| Plaintiff | : | Civil No. 1:CV-00-1449 |
| | : | (Caldwell, J.) |
| v. | : | (Smyser, M.J.) |
| | : | |
| KATHLEEN HAWKES, et al., , | : | Electronically Filed |
| Defendants | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on September 22, 2003, she served a copy of the attached

## BRIEF IN OPPOSITION TO PLAINTIFF'S
## MOTION TO DEPOSE INCARCERATED PERSON

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

M. Ash-Sharief Al'Askari
5737 N. 12th Street
Philadelphia, PA 19141

s/ Michele E. Lincalis
MICHELE E. LINCALIS
Paralegal Specialist