ORIGINAL

IN THE DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SEP 26 2003
PER _____
HARRISBURG, PA.   DEPUTY CLK

M. ASH-SHARIEF AL'ASKARI,
PLAINTIFF.

A.

KATHLEEN HAWKES,
DOUGLAS GOLDRING,
VIVIAN HURSH,
ROBERT ZIMANY,

DEFENDANTS

CIVIL NO.1:00-CV-1449)
(CALDWELL, J)(SMYSER, M,.J.)

## MOTION TO REMOVE DEFENDANTS' COUNSEL FOR UNETHICAL CONDUCT

Now comes M. Ash'Sharief Al'Askari and moves the Honorable to remove counsel D.Brian Simpson from making any further appearance in the case. In a recent Reply to the Defendants' Motion in Opposition I set forth in Brief and Argument the unethical conduct By Mr. Simpson and a one Mr. Stephen Carmicheal, a U.S. probation officer, as a factor that has, and may continue have, prejudicial impact on me as a pro se plaintiff and an unskilled layman. Not only in the terms mentioned in said Reply but also in terms of the potential to impact on the final judgment of this court unwittingly in this matter sub judicial. For example, Mr. Carmicheal is either *pretending* to not to understand that he does not have any standing in this case or his misunderstanding of every American citizen's constitutional right to access the court without interference is not a *pretense* (There can be no excuse, however, for Simpson himself). Either way, the court should

not permit Mr. Simpson to not only to encourage but also connive with interlopers soley to manipulate me indirectly. If that may be his intent.

Notwithstanding your Honor, I have consulted with the U.S.Attorney's office of the EDPA, Ms. Sullivan, the Federal Defenders Association of Phila, Ms Rowley and Mr. David McColgin as well as the Chief PO of the EDPA. They all concur *preliminarily* that it is at least improper what Simpson and Carmicheal are doing if not unethical and that they all inform that they would look at the precise law on this issue.

Your Honor, this guy Carmicheal demands to read and copy all of my legal material in this matter sub judice, engages me in discussion about my claim, intention and litigation and then contacts Simpson to discuss what I am saying and doing in the case past, present and future and then Simpson sends him instruction how to explain matters in this case to me.! Your Honor, my P.O. has a jr. high school reading *comprehension level!*

He maintains that I cannot make any contacts with the counsels less through him

And Simpson has exploited this ignorance to his advantage and my detriment, as what they engaging in is interfering with my access to court, the very claim in this matter. Dejavu.

Mr. Carmicheal has been removed due to his misconduct by the U.S. Probation Department for the EDPA as an officious intermeddler on this end; *please* remove Simpson on yuor end. Thank you your Honor for your attention in this matter, and any appropriate solution. Thank you.I am willing to take a lie detector inasmuch as the Honorable gives my averments "little weigh".

## BRIEF IN SUPPORT OF MOTION

This is the plaintiff second filing in this court concerning the matter in this motion. The court refused to file the first one, allegedly for not "Complying with Federal Rules" even though in general pro se litigant need only set forth facts giving rise to the cause of action. To hold a pro se plaintiff to the same standard as a skilled lawyer has never been condone by this federal circuit or any other. **HAINES V. KERNER, 404 U.S. 519, 30 LED2D 652, 92 S.CT. 592 (1972),** wherein the Court holds that "[p]ro se litigations must be construed liberally and we may not subject such person to the niceties of formality incumbent upon a licensed, practicing lawyer".

This is what this court did. This court failed to construe the original filing in accordance with its <u>substance</u> and only look at its <u>formalism.</u> Cf. **ESTELLE V. GAMBLE, 429 U.S. 97, 106, 92 S.CT. 594, 594, 30 LED2D 652 (1976). In U.S. V. DAY, 969 F.2D 39 (3RD Cir. 1992)** the court stated "[W]e must construe the allegations in Day's pro se litigation liberally, and we must not subject his motion to the standards that we would apply to pleading drafted by a lawyer".

Wherefore, the plaintiff moves this court to remove D.Brian Simpson for breach of unethical conduct prejudicial to the pro se plaintiff.

# The Officious Intermeddler

The officious intermeddler is one who intrudes and interlopes into the business of others either without an invitation or a natural basis for one to believe that his or her involvement is "needed".

Even if the officious intermeddler's motives are "good", he or she generally receives little or no sympathy from the law if, for example, the officious intermeddler subsequently seeks any kind of remuneration for his or her "service" or compensation for an injury sustained.

*M. Ash'Sharief Al'Askari*

**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF PENNSYLVANIA
P.O. BOX 827
FEDERAL BUILDING
HARRISBURG, PA 17108-0827

J. ANDREW SMYSER
MAGISTRATE JUDGE

(717) 221-3980
FAX 221-3979

September 18, 2003

M. Ash-Sharief Al'Askari
5737 North 12th Street
Philadelphia, PA 19141

Re: *Al'Askari v. Goldring;* 1:CV-00-1449

Mr. Al'Askari:

    I am in receipt of your letter to Magistrate Judge Smyser dated September 12, 2003 and received on September 16, 2003. In your letter you complain about purported unethical conduct by the defendant's attorney and a U.S. Probation officer. Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure an application to the court for an order must be made by a written motion. Your letter does not comply with the Federal Rules, and no action will be taken on your letter.

Sincerely,

Melissa Sayres
Law Clerk to Magistrate
Judge Smyser

cc: D. Brian Simpson, Esquire

## Certificate of Service

      I do hereby certify that I have submitted a copy of the foregoing Motion To Remove upon the Defendant by fax to the attorney of record for the defendant at his/her place of business: Office of the U.S.Attorneys, 316 Federal Building, 240 W. 3rd St, Williamsport, PA 17703 (Fax)570 326 7916

Date:22 September 2003

                                                  M. Ash-Sharief Al'Askari
                                                       5737 N.12 St
                                                      Phila., PA 19141