TAM:DBS:mel:2000V00753

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,       :
          Plaintiff       :    Civil No. 1:CV-00-1449
                       :    (Caldwell, J.)
          v.           :    (Smyser, M.J.)
                       :
KATHLEEN HAWKES, et al., ,    :    Electronically Filed
          Defendants    :

## BRIEF IN OPPOSITION TO PLAINTIFF'S
## "MOTION TO REMOVE DEFENDANTS'
## COUNSEL FOR UNETHICAL CONDUCT"

### I.  Procedural History

Al'Askari is a former inmate once incarcerated at FCI Allenwood.  In 2000, he filed this <u>Bivens</u> action against four BOP employees alleging violations of his due process rights and a denial of access to the courts.  The only remaining issue and defendant is an access to courts claim against defendant Goldring.

On July 29, 2003, a notice of deposition was served upon Al'Askari noticing him that his deposition would be conducted on August 14, 2003, at 10:00 a.m. in the Harrisburg branch office of the United States Attorney's Office.  In response, Al'Askari filed a motion for appointment of counsel.  The motion has since been denied.

On August 13, 2003, counsel for defendant received a "Notice of Deposition" from Al'Askari indicating that he intended to take the depositions of Robin Greggs and Viola Hursh immediately following his scheduled deposition on August 14, 2003.  *See* Exh. 1, Notice of Deposition.  Al'Askari's signature block on the notice contained his mailing address, electronic mail address, telephone number, and facsimile number where he can be contacted. Id., p. 2.

In response to the notice of depositions, counsel for the Government sent a letter to Al'Askari indicating that neither Greggs nor Hursh would be appearing for depositions the following day.[1]  The letter explained first, that one-day notice was not "reasonable notice" to depose a witness under Federal Rule of Civil Procedure 30(b)(1).  Second, since Greggs and Hursh are no longer parties to the action, Al'Askari was required to serve a deposition subpoena on them in accordance with Federal Rule of Civil Procedure 45.  Third, Al'Askari was informed that, even though he is proceeding *in forma pauperis*, he is still required to pay his own discovery expenses, including witnesses' fees and mileage, and the costs of a court reporter.  Finally, since discovery was scheduled to close on August 25, 2003, counsel agreed to accept service of the deposition subpoenas on behalf of

_____

[1] Several attempts to fax the letter to Al'Askari at the number provided in his Notice of Deposition were unsuccessful.

Greggs and Hursh, if Al'Askari was willing to comply with the Federal Rules of Civil Procedure.  Counsel also indicated his availability on August 19, 20, and 25.  *See* Exh. 2, Letter dated August 13, 2003.

On August 14, 2003, Al'Askari's deposition was taken as scheduled.

On August 21, 2003, Al'Askari filed a motion for enlargement of time to complete discovery.  In support of his motion, Al'Askari cited defendant's failure to produce Greggs and Hursh for depositions on August 14, 2003, and counsel's line of questioning during his deposition which he claimed to be irrelevant to the "sole" issue of this case, which he believes to be limited to whether he exhausted his administrative remedies. *See* Doc. 70.  Al'Askari did not seek the concurrence of undersigned counsel in the filing of his motion.  Nonetheless, the motion was subsequently granted and the deadline for completion of discovery was extended to October 15, 2003.

On August 22, 2003, Al'Askari filed a request for the issuance of three witness subpoenas, pursuant to Fed. R. Civ. P. 45, in order that he can obtain the attendance of non-parties for depositions.  *See* Doc. 72.  Three subpoenas signed by the Clerk of Court were forwarded to plaintiff the same day.  *See* Doc. 73.

On August 27, 2003, counsel received, via facsimile, a Notice of Deposition and subpoenas for Robin Greggs, Viola Hursh,

and inmate Irving Alvin commanding each of them to appear for depositions on September 9, 2003, at 11:30 a.m. "at the office of Joseph McClusky, attorney, FCI Allenwood Complex, White Deer 17887." *See* Exhs. 3 and 4.  The facsimile also included notes to Greggs and Hursh informing them of their right to waive witness fees.  *See* Exh. 5.

On August 28, 2003, the Government received, via facsimile, a Notice of Deposition for defendant Goldring for "Tuesday, 9 September, at 11:30 at the office of Joseph McClusky, Esq., attorney advisor . . . at Allenwood Federal Complex, White Deer 17887." *See* Exh. 6.

On September 3, 2003, counsel for defendant sent a letter to Al'Askari via federal express and facsimile[2] informing him that the depositions of Greggs, Hursh, Goldring and inmate Irving could not take place on September 9, 2003, primarily because defendant Goldring, who no longer resides in the Commonwealth of Pennsylvania, was not available on that date.  Al'Askari was also advised that Federal Rule of Civil Procedure 30(a)(2) required him to first seek leave of Court prior to deposing inmate Irving. The letter also suggested that the depositions take place at the United States Attorney's Office in Harrisburg because the Warden of FCI Allenwood would not agree to have the depositions

---

[2] The United States Attorney's Office telephoned Al'Askari in order to verify his facsimile phone number.

conducted at the prison.  Additionally, Al'Askari was told that

he would be provided with a list of available dates in the near

future.  *See* Exh. 7.

In a similar letter dated September 5, 2003, Al'Askari was

advised that Goldring, Hursh, and Greggs were all available to be

deposed during the week of September 29, 2003.  Al'Askari was

also reminded of his responsibility, under Federal Rule of Civil

Procedure 30(b), to make arrangements for a court stenographer.

*See* Exh. 8.

Later that day, Al'Askari was contacted by telephone in an

effort to reschedule the depositions.[3]  Although the week of

September 29, 2003, was the only week in September available for

the defendant, the staff witnesses, the undersigned, and agency

counsel, Al'Askari indicated he was not available that week.

Al'Askari instead indicated his desire to do the depositions on

October 9th or 10th.  Additionally, in response to the Warden's

concern with having the depositions conducted at the prison,

Al'Askari suggested the Williamsport United States Attorney's

Office as an alternative site.

Unfortunately, when counsel for defendant later checked the

availability of others for October 9 or 10, he was reminded that

---

[3] The United States Attorney's Office has telephoned
Al'Askari twice:  (1) once to request his facsimile number, which
he refused to provide; and (2) to inform him that depositions
could not take place at FCI Allenwood on September 9, 2003.

agency counsel is scheduled to be out-of-state on business that entire week. Additionally, the undersigned determined that the Williamsport Office was too small to accommodate the depositions.

On September 8, 2003, counsel again wrote to Al'Askari regarding the scheduling of depositions. Al'Askari was asked to again review his schedule and see if it was possible to depose the witnesses on any day during the week of September 29 through October 2. If not, Al'Askari was requested to provide a list of alternative dates in order to determine the witnesses' availability. Additionally, counsel explained the difficulty in conducting the depositions in the Williamsport branch office and again proposed that he reconsider scheduling them in Harrisburg. If Al'Askari agreed, he was told that Hursh and Greggs would waive the witness and mileage fees they would otherwise be entitled to under Rule 45. Thus, Hursh and Greggs would appear in Harrisburg at no cost to Al'Askari. Moreover, Al'Askari's own travel expenses from Philadelphia would be less due to the shorter distance to Harrisburg. Al'Askari was once again reminded of his responsibility for reserving a court reporter and was provided with a listing of agencies that offer stenographic services. *See* Exh. 9.

On September 16, 2003, Al'Askari wrote to the Court complaining about purported unethical conduct by counsel and U.S. Probation Officer Stephen Carmichael. By letter dated September

18, 2003, the Court informed Al'Askari that no action would be taken on his letter as the Federal Rules of Civil Procedure require him to file a written motion.  On September 26, 2003, Al'Askari filed a formal motion to have counsel for defendant removed from this case.  Defendant opposes the motion.

## II.  <u>Question Presented</u>

Should Al'Askari's motion to have counsel removed be denied?

## III. <u>Argument</u>

Al'Askari requests that counsel for defendant be removed from this proceeding, claiming he is engaging in unethical conduct because he has had communications with his former probation officer.

The supervision of the professional conduct of attorneys practicing in a federal court is a matter of federal law.  <u>United States v. Miller</u>, 624 F.2d 1198, 1199 (3d Cir. 1980); <u>IBM v. Levin</u>, 579 F.2d 271, 279 n. 2 (3d Cir. 1978).  The district court's power to disqualify an attorney is derived from its inherent authority to supervise the professional conduct of attorneys appearing before it.  <u>United States v. Miller</u>, 624 F.2d at 1201; <u>Richardson v. Hamilton International Corp.</u>, 469 F.2d 1382, 1385-86 (3d Cir. 1972); <u>E.F. Hutton & Co. v. Brown</u>, 305 F. Supp. 371, 376-77 (S.D. Tex. 1969).

Although disqualification ordinarily is the result of a finding that a disciplinary rule prohibits an attorney's

appearance in a case, disqualification never is automatic.
United States v. Miller, 624 F.2d at 1200.  A court should
disqualify an attorney only when it determines, on the facts of
the particular case, that disqualification is an appropriate
means of enforcing the applicable disciplinary rule.  It should
consider the ends that the disciplinary rule is designed to serve
and any countervailing policies, such as permitting a litigant to
retain the counsel of his choice and enabling attorneys to
practice without excessive restrictions. Id.  See also United
States ex rel. Sheldon Electric Co. v. Blackhawk Heating &
Plumbing Co., 423 F. Supp. 486 (S.D.N.Y. 1976); Baglini v.
Pullman, Inc., 412 F. Supp. 1060 (E.D. Pa. 1976), aff'd, 547 F.2d
1158 (3d Cir. 1977).

     As a general rule, the remedy of disqualification rests in
the discretion of the district court and, except where purely
legal issues are involved, may be reversed only for a clear abuse
of this discretion.  United States v. Miller, 624 F.2d at 1201;
IBM v. Levin, 579 F.2d at 279 (citing Kramer v. Scientific
Control Corp., 534 F.2d 1085, 1088 (3d Cir. 1976); Kroungold v.
Triester, 521 F.2d 763, 765 (3d Cir. 1975); Greene v. Singer Co.,
461 F.2d 242 (3d Cir. 1972).

     In the Third Circuit, the disqualification of an attorney
has been upheld for such "outrageous conduct" as making verbal
threats to "kill" opposing counsel, Comuso v. Nat'l Railroad

8

Passenger Corp., 267 F.3d 331 (3d Cir. 2001), the potential for a conflict of interest should defendant use an attorney who also served as an informant for the government, United States v. Voight, 89 F.3d 1050 (3d Cir. 1996), or for a law firm to represent prosecution witnesses in parallel civil RICO action in which they were defendants, United States v. Stewart, 185 F.3d 112 (3d Cir. 1999), or for a defense attorney to represent multiple co-defendants, United States v. Dolan, 570 F.2d 1177 (3d Cir. 1978).

In this case, Al'Askari fails to state a legal basis for his argument or cite a specific disciplinary rule which was violated, warranting the removal of counsel. He makes no allegations so egregious and outrageous to warrant counsel's removal. Although Al'Askari has included a "brief in support of motion," it consists of two paragraphs and does not even address the relief he seeks. Instead, he utilizes the space to argue that the Court should have liberally construed his "letter" as a motion seeking counsel's removal rather than require him to file a formal "motion." Thus, Al'Askari's motion should be denied.

## **Conclusion**

For the reasons stated above, Al'Askari's motion to have counsel for defendant removed from this case should be denied.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney


s/ D. Brian Simpson
D. BRIAN SIMPSON
Assistant U.S. Attorney
Atty. I.D. No. OH 71431
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17703
Telephone: 717-221-4482
Facsimile: 717-221-2246

Dated: October 7, 2003

10

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M. ASH-SHARIEF AL'ASKARI, | : | |
| Plaintiff | : | Civil No. 1:CV-00-1449 |
| | : | (Caldwell, J.) |
| v. | : | (Smyser, M.J.) |
| | : | |
| KATHLEEN HAWKES, et al., , | : | Electronically Filed |
| Defendants | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on October 7, 2003, she served a copy of the attached

### BRIEF IN OPPOSITION TO PLAINTIFF'S "MOTION TO REMOVE DEFENDANTS' COUNSEL FOR UNETHICAL CONDUCT"

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

M. Ash-Sharief Al'Askari
5737 N. 12th Street
Philadelphia, PA 19141

s/ Michele E. Lincalis
MICHELE E. LINCALIS
Paralegal Specialist