

IN THE UNITED STATS DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,

PLAINTIFF

V.  Civil No.1:CV-00-1449 (Caldwell, J), (Smyser, M.J.)

KATHLEEN HAWKES, ET AL.,

DEFENDANTS

## MOTION AND BRIEF FOR AN ENLARGEMENT OF TIME

**TO THE HONORABLES**:

    Now comes M.ASH'SHARIEF AL'ASKARI pro se [hereinafter known as 'Pro se Plaintiff'] and moves the Honorable for a second extension of time to depose the defendants and subpeoned witnesses in this matter sub judice. The Honorable has previously granted the pro se plaintiff an extension of time for Discovery until 15 October, 1903.

    Pro se plaintiff had filed Notice of Depositions with the the party(s) and witness(es) informing them that the pro se plaintiff will depose them at Williamsports/White Deer, Pa, at where is located <u>two</u> satellite offices of the U.S.Attorney for the MDPA. Further, pro se plaintiff offered to the witness(es) fees In compliance with the Rules.

Notwithstanding, Attorney for the defendant(s), Mr. Simpson, "instructed" pro plaintiff's

not their *counsel*. Mr.Simpson represents no one in this matter sub judice other than Douglas Goldring, Esq. At the conference, Mr.Simpson lamented in great lengths to t the Honorable all of the legal advice and assistant he has provided the plaintiff in the matter. Mr.Simpson is playing *fast and loose*, not only with the pro se plaintiff, but also with the Honorable. Mr.Simpson filed a motion in opposition to the pro se plaintiff's Motion for adequate representation inasmuch as the pro se plaintiff is not a lawyer, is unskilled in the law, unemployed, has a limited education, does not reside in this district and is unable to afford counsel. And the Honorable granted Mr.Simpson's Motion. The Honorable, again, agreeing with Mr. Simpson, feels that reading and writing qualifies pro se plaintiffs to represent themselves before the Judicary.

But yet, ironically, Mr.Simpson, in his contacts and communiqués with the pro se plaintiff in this matter (As well as the Deponents) insists that the pro se plaintiff accepts and follows his unsolicited legal "advise" and "assistant". The pro se plaintiff does not think so. The pro se litigant does not look to opposing counsel to represent him. All of that is frivolous if not absurd.

At the Conference, Mr.Simpson related to the Honorable that the Deposition could not take place inasmuch as the pro se plaintiff did not bring with the pro se plaintiff an "officer" of the "court", without which, according to Mr.Simpson's legal "advise", a legitimate is not possible under the law. The pro se plaintiff does not not think so. If Mr.Simpson wanted to have the Deposition at that time, Mr.Simpson and the pro se plaintiff both had the discretion to conduct the Deposition pursuant to Federal Civil Rule 29. Either that true or it is untrue.

The pro se plaintiff explained all of this to Mr.Simpson in his office the day of

probation officer to "advised" the pro se plaintiff to disregard and and scrap the pro se plaintiff and witness(es)' date and place of Deposition to set up his own date and place, which was to be in his office in Harrisburg.

The pro se plaintiff had informed Mr.Simpson that this was too costly and too inconvenient not only the pro se plaintiff, who is unemployed, but also to the deponent(s) Who all either reside and/or employed in Williamsport/White Deer.

Notwithstanding, Mr.Simpson had his way and the pro se plaintiff and his witness(es) traveled to Harrisburg to his office. The pro se plaintiff and his witness(es), once in Mr.Simpson office, were not allowed by him to move forward with the Deposition. Requiring the pro se plaintiff and the pro se plaintiff's deponents to reschedule the Deposition. As a consequence, pro se plaintiff seek another extension of time for Discovery by reason of Mr.Simpson's dilatory tactics and obstructions as set forth in the Following Brief in Support.

**BRIEF IN SUPPORT OF MOTION**

Mr. Simpson has in bad faith effectively suppressed the plaintiff's Depositions scheduled for 2nd October, 2003. Further, Mr.Simpson sought to legitimize this suppression with an official signature of the Honorable.

The day of the Deposition, Mr.Simpson requested and received an impromptu conference with the Honorable soley to have this Honorable to approve of his dilatory tactic and obstructions by misrepresenting the law and the facts to this Honorable.

Mr.Simpson in bad faith insisted that the plaintiff and his subpeoned witnesses conduct the Deposition in his office. On the day of the Deposition, Mr.Simpson would not allow the plaintiff to access his witnesses prior to their Deposition even though he is

then Deposition. Mr.Simpson responded at that time that this could be done but he wanted the Honorable to "sanction" it. Mr.Simpson's raison detre for said Conference, even though Mr.Simpson knows the law does not require it. Thus, his only intent was to actually suppress with the Honorable's blessings. The pro se plaintiff does not think so. The law does not require the sanction of the court to conduct a Deposition pursuant to Rule 29. If that was the case the law would plainly say so.

At the Conference, Mr.Simpson's lamentation in chief against the pro se plaintiff was of the fact that the pro se plaintiff was unable to obtain an "officer" of court to give the oath . Well, who "obtained" Mr.Simpson's "officer" at his Doposition?. This is a very easy question. With a very simple answer. Mr.Simpson's authority as an "officer" of the court, Mr.Simpson's office's authority to contact and contracts with "officers" of the court and Mr.Simpson's authority as a license lawyer. This authority is normally unavailable to pro se litigants, as is well known by all. Thus , Mr.Simpson so instructed the Honorable that this was "their position", without which the Deposition could be lawful. As the pro plaintiff informed Mr.Simpon, pro se has no "position", he must rely upon the facts and the law, pro se litigants cannot afford positions. This is the sum total of Mr.Simpson's legal "advice" to the pro se plaintiff.

Mr.Simpson's additionally gnashed and lamented against the Honorable's recommendation to reschedule the Deposition is a fiscal burden on his Office. Your Honorable, these are nonsensical misrepresentations by this counsel. Just one moment, please. Mr.Simpson is under *no obligation* to spend one penny on the pro se plaintiff's Deposition. All what Mr.Simpson expressed to the Honorable at said Conference concerning witnesses and etc. is simply untrue.

As stated above, Mr.Simpson is *not* deposing, the witnesses are *not* represented by him, more importantly, Mr.Simpson might be misallocating federal monies if he is allocating fees to the opposing party's witnesses at all( which is of these facts and more was lost upon the Honorable at the time of said Conference giving rise to this Motion. These misrepresentations to the Honorable by Mr.Simpson at said Conference have one design, and that is to suppress any discovery of the defendants, whom he represent.

This design is course natural between opposing lawyers. But the plaintiff is not a lawyer.As a consequence, Mr.Simpson is playing fast and loose not only with the Honorable but also with the pro se litigant in his lamentations to the Honorable and the pro se plaintiff with respect to him providing legal "advice" "assistance" and even "fees" to the pro se plaintiff while at the same time providing it to the pro se plaintiff's defendants whom he represent in fact.

All of this is unseemly. There must be a conflict of interest here some where your Honor. Whom does Mr.Simpson want to" advice" and "represent" in this matter? It is all to apparent what is happening here: Mr.Simpson is obsessed with being an officious intermeddler if not a control freak. The pro se plaintiff had originally scheduled this
Deposition in a neutral locale and setting to facilitate what the pre se plaintiff is obligated to do. Mr.Simpson had another person go over the head and behind the back of the pro se plaintiff to abort that schedule so as to bring every one to Harrisburg, In Harrisburg, Mr.Simpson did not allow any contact or communication between the Deposer and the deponents. He kept everyone separated in his office in different rooms as if we were children. Futher, the pro se plaintiff discovered that Mr.Simpson had put a tail on the pro

se plaintiff while in Harrisburg, as the pro se plaintiff, once discovered, asked the tail did Mr.Simpson put him up to this, and the tail said yes plainly!

Your Honor, the pro se plaintiff can no longer afford Mr.Simpson's counsel and representation. The pro se plaintiff is to send the Deponents a rescheduled Deposition in the EDPA or alternately, at their workplace Williamsport/White Deer for 2nd November,2003 2003. The pro se plaintiff has a right to depose his witnesses in a neutral locale and setting without being subjected obstructions and intimidations by counsel for the defendants.

WHEREFORE, for the foregoing facts and information it is requested that this Court grant another extension of time for 30 days to the pro se litigant for DISCOVERY. AMEN.

## CERTIFICATE OF SERVICE

The plaintiff does hereby certify that a copy of the foregoing Motion for and Brief in Support for Extension Time was fax to the counsel for the defendants whose address is:

U.S.ATTORNEYS' OFFICE
SUITE 316; Federal Building,
240 W.3rd St
Williamsport, PA 17703-054
FAX(570)326 7916

Date: Wednesday, October 8, 2003
M.Ash'Sharief Al'Askari
Pro se
5737 N.12th St
Phila.,PA 19141