TAM:DBS:mel:2000V00753

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| M. ASH-SHARIEF AL'ASKARI, | : | |
| Plaintiff | : | Civil No. 1:CV-00-1449 |
| | : | (Caldwell, J.) |
| v. | : | (Smyser, M.J.) |
| | : | |
| KATHLEEN HAWKES, et al., | : | |
| Defendants | : | Electronically Filed |

**DEFENDANT'S BRIEF IN SUPPORT OF**
**HIS MOTION FOR PROTECTIVE ORDER**

## I.   Introduction

M. Ash-Sharief Al'Askari, a former inmate once incarcerated at FCI Allenwood, filed this <u>Bivens</u> action in the Middle District of Pennsylvania against four BOP employees alleging violations of his due process rights and a denial of access to the courts.  At this point in the case, the only remaining issue is an access to courts claim against the sole remaining defendant, BOP counsel Doug Goldring.

On October 31, 2003, Al'Askari served a Notice of Deposition upon agency counsel, Joe McCluskey.[1]  *See* Exh. 1.  Specifically, Al'Askari noticed the depositions of defendant Goldring, plus two

---

[1]Al'Askari did not serve a notice of the depositions on the undersigned counsel of record.  *See* Notice of Deposition, Certificate of Service, attached as Exhibit 1.

non-party BOP employees, Robin Greggs and Viola Hursh,[2] in

Philadelphia, Pennsylvania for 11:30 a.m. on November 10, 2003.

We note that Al'Askari served this deposition notice for November

10th after being advised that defense counsel was scheduled to be

out of the office from October 27, 2003, until November 10, 2003.

　　　With the notice of deposition, Al'Askari sent a cover letter

to defense counsel.  The cover letter was a profane invective

against defense counsel.  *See* Exh. 2, Letter dated October 26,

2003.  The essence of this letter, when plaintiff is not

referring to defense counsel as a "hack lawyer" who has lost his

"f---in' mind," is to advise counsel that he will not accept any

mail from defense counsel regarding this case.  This follows

Al'Askari's prior declaration refusing to accept any phone calls

from defense counsel.

　　　Putting aside plaintiff's objectionable conduct for the time

being, in that defendant Goldring resides and works in the

Washington, D.C. area, defendant seeks a protective order to

direct the deposition of Goldring to occur in Washington, D.C. or

alternatively, at the Federal Building in Harrisburg,

Pennsylvania.  This brief is filed in support of that motion.

---

　　　[2] As to the non-parties, in addition to violating the 100-mile rule of Fed. R. Civ. P. 45(b)(2), plaintiff has not served the witnesses with subpoenas nor provided them with checks to pay their witness fees and mileage.

## II.    <u>Relevant Procedural History</u>

On April 29, 2003, the Court issued a case management order setting forth various deadlines for discovery and dispositive motions.

On July 29, 2003, defense counsel served Al'Askari with a notice of deposition advising him that he would be deposed at 10:00 a.m. on August 14, 2003, in the Harrisburg branch office of the United States Attorney's Office.[3]

On August 13, 2003, counsel for defendant received a "Notice of Deposition" from Al'Askari indicating that he intended to take the depositions of Robin Greggs and Viola Hursh immediately following his own scheduled deposition the next day for August 14, 2003.  *See* Exh. 3, Notice of Deposition.

In response to this notice of depositions, counsel for the Government sent Al'Askari a letter[4] indicating that neither Greggs nor Hursh would be appearing for depositions the following day for the following reasons: (1) one-day notice was not "reasonable notice" to depose a witness under Fed. R. Civ. P. 30(b)(1); (2) as non-parties, Al'Askari was required to serve a deposition subpoena on Greggs and Hursh pursuant to Fed. R. Civ. P. 45; and (3) even though he was proceeding *in forma pauperis*,

---

[3] In response, Al'Askari filed a motion for appointment of counsel.  The motion has since been denied.

[4] Several attempts to fax the letter to Al'Askari at the number provided in his Notice of Deposition were unsuccessful.

Al'Askari was still required under the rules to pay his own
discovery expenses, including witnesses' fees and mileage, plus
the costs of a court reporter.  Since discovery was scheduled to
close on August 25, 2003, **if** Al'Askari was willing to comply with
the Federal Rules of Civil Procedure, defense counsel agreed to
accept service of the deposition subpoenas on behalf of Greggs
and Hursh.  Otherwise, defense counsel indicated his availability
for depositions on August 19, 20, and 25.  *See* Exh. 4, Letter
dated August 13, 2003.

On August 14, 2003, Al'Askari's deposition was taken as
scheduled.  On August 21, 2003, Al'Askari filed a motion for
enlargement of time to complete discovery.  In support of his
motion, Al'Askari cited defendant's "failure" to produce Greggs
and Hursh for depositions on August 14, 2003, and counsel's line
of questioning during his deposition.  As to the latter point,
Al'Askari claimed that the questions posed to him had been
irrelevant to the "sole" issue of the case, which he believed to
be limited to whether he had exhausted his administrative
remedies.  *See* Doc. 70.  The Court subsequently granted
Al'Askari's motion and extended the deadline for completion of
discovery to October 15, 2003.

In the interim, on August 22, 2003, Al'Askari filed a
request for the issuance of three witness subpoenas pursuant to
Fed. R. Civ. P. 45, to obtain the attendance of non-parties for

depositions.  *See* Doc. 72.  Three subpoenas signed by the Clerk
of Court were forwarded to plaintiff the same day.  *See* Doc. 73.

On August 27, 2003, counsel received, via facsimile, a
Notice of Deposition and subpoenas for Robin Greggs, Viola Hursh,
and inmate Irving Alvin commanding them to appear for depositions
on September 9, 2003, at 11:30 a.m. "at the office of Joseph
McCluskey, attorney, FCI Allenwood Complex, White Deer 17887."
*See* Exhs. 5 and 6.  The facsimile also included notes to Greggs
and Hursh informing them of their right to waive witness fees.
*See* Exh. 7.  The next day, the Government received, via
facsimile, another Notice of Deposition for defendant Goldring
for "Tuesday, 9 September, at 11:30 at the office of Joseph
McCluskey, Esq., attorney advisor . . . at Allenwood Federal
Complex, White Deer 17887."  *See* Exh. 8, Notice of Deposition.

On September 3, 2003, via federal express and facsimile,[5]
defense counsel sent Al'Askari a letter informing him that the
depositions of Greggs, Hursh, Goldring, and inmate Irving could
not take place on September 9, 2003, because: (1) defendant
Goldring, who no longer resided in the Commonwealth of
Pennsylvania, was not available on that date; (2) pursuant to
Fed. R. Civ. P. 30(a)(2), Al'Askari was required to first seek
leave of Court to depose inmate Irving; and (3) the Warden of FCI

---

[5] The United States Attorney's Office telephoned Al'Askari
in order to verify his facsimile phone number.

Allenwood would not agree to have the depositions conducted at the prison.  Defense counsel suggested that the depositions take place at the United States Attorney's Office in Harrisburg on another date and advised Al'Askari that he would be provided with a list of available dates in the near future.  *See* Exh. 9, Letter dated September 3, 2003.

On September 5, 2003, defense counsel sent Al'Askari a letter advising that Goldring, Hursh, and Greggs were all available to be deposed during the week of September 29, 2003. In this letter, defense counsel reminded  Al'Askari of his responsibility under Fed. R. Civ. P. 30(b), to make arrangements for a court stenographer.  *See* Exh. 10, Letter dated September 5, 2003.

After a series of telephone calls or letters attempting to schedule the date and location of the depositions, it ultimately was suggested by the Government that Al'Askari review his schedule to see if it was possible to depose the witnesses on any day during the week of September 29 through October 2, 2003.  If not, Al'Askari was requested to provide a list of alternative dates in order to determine the witnesses' availability.  Defense counsel also proposed that Al'Askari schedule the depositions in the U.S. Attorney's Harrisburg office (rather than the smaller Williamsport office).  If Al'Askari agreed to do so, Al'Askari was told that Hursh and Greggs would waive the witness and

mileage fees they would otherwise be entitled to under Rule 45.
Defense counsel again reminded Al'Askari of his responsibility
for reserving a court reporter and provided Al'Askari with a
listing of agencies that provide stenographic services.  *See* Exh.
11, Letter dated September 8, 2003.

On September 24, 2003, agency counsel for the BOP at FCI
Allenwood, Joseph M. McCluskey, received a Notice of Deposition
via facsimile from Al'Askari noticing the depositions of
defendant Goldring and witnesses Greggs and Hursh for Thursday,
October 2, 2003, at 11:30 a.m. in the Office of the United States
Attorney in Harrisburg, Pennsylvania.  Al'Askari did not serve
defense counsel with a copy of this Notice of Deposition as
required under the rules.[6]  *See* Exh. 12, Notice of Deposition.

On October 2, 2003, the Government produced Goldring,
Greggs, and Hursh in Harrisburg for the 11:30 a.m. depositions
noticed by Al'Askari.  Al'Askari appeared an hour late at 12:30
p.m.; Al'Askari also failed to produce a court reporter or an
officer of the court authorized by law to administer oaths as
required by Fed. R. Civ. P. 30(b)(4).  As such, the depositions
did not take place on that date.

---

[6] In the interim, on September 26, 2003, Al'Askari filed a
motion to have defense counsel removed from the case, and on
September 29, 2003, Al'Askari filed a motion seeking leave to
depose inmate Irving.  Both motions have been briefed by the
parties and are pending consideration by the Court.

On October 10, 2003, Al'Askari filed a motion seeking a second enlargement of the discovery deadline in order to conduct the three depositions. The Court granted the motion on October 14, 2003. Discovery is now to be completed by November 14, 2003. By prior order, the dispositive motions deadline also is November 14, 2003.

On October 6, 2003, October 17, 2003, and October 22, 2003, rather than contacting defense counsel, Al'Askari attempted to contact BOP agency counsel Joseph McCluskey to reschedule the depositions of Goldring, Greggs, and Hursh. Thereafter, on October 21, 2003, defense counsel wrote Al'Askari and requested that all communications regarding this case be directed to him as defense counsel. *See* Exh. 13. Besides reminding Al'Askari of his obligation to comply with Rules 30 and 45 of the Federal Rules of Civil Procedure in rescheduling his depositions, defense counsel informed Al'Askari that he would be out of the Office from October 27, 2003, until November 10, 2003. Id.

On October 31, 2003, BOP counsel McCluskey received a Notice of Deposition via facsimile from Al'Askari noticing the depositions of defendant Goldring and witnesses Greggs and Hursh for Monday, November 10, 2003, at 11:30 a.m. in Philadelphia, Pennsylvania. The notice does not indicate the method of recording the deponents' testimony as required by Fed. R. Civ. P. 30(b)(2). *See* Exh. 1. Accompanying the Notice of Deposition was

a vitriolic letter addressed to defense counsel.  Exh. 2.

Defense counsel received the letter and Notice of Deposition on

Tuesday, November 4, 2003.

### III. **Question Presented**

Should the Court grant the defendant's motion for protective

order and quash/void the notice of deposition that states that

defendant's deposition will take place on November 10, 2003, in

Philadelphia?

### IV. **Argument**

Rule 26(c) of the Federal Rules of Civil Procedure empowers

the Court to issue a wide variety of orders for the protection of

parties in the discovery process and applies to all forms of

discovery.  Fed. R. Civ. P. 26(c); Wright & Miller, 8 Fed. Prac.

& Proc. Civil, § 2035 at 260, 261.  Rule 26(c) was promulgated as

a safeguard for the protection of parties in view of the

otherwise almost unlimited right of discovery given by Rule

26(b).  Wright & Miller, § 2036 at 267.

Upon good cause shown, the person from whom discovery is

sought may, by way of motion, seek protection from the Court.

Wright & Miller, § 2035 at 261.  The party seeking the protective

order has the burden of establishing an adequate reason for the

Court to protect it.  Wright & Miller, § 2035 at 264-65; see also

Essex Wire Corp. v. Eastern Elec. Sales Co., 48 F.R.D. 308, 310

(E.D. Pa. 1969); <u>Davis v. Romney</u>, 55 F.R.D. 337, 340 (E.D. Pa.
1972).

        Normally, a party may unilaterally select a place for
deposing an opponent, "subject to the granting of a protective
order by the Court pursuant to Rule 26(c)(2), . . . designating a
different place." <u>Turner v. Prudential Insurance Co.</u>, 119 F.R.D.
381, 383 (M.D. N.C. 1988)(citing <u>Wright & Miller</u>, § 2112 at 403).
The Court may exercise broad discretion in deciding the proper
place for the deposition. <u>Id.</u> "There is an initial presumption
that a defendant should be examined at his residence or . . .
place of business." <u>R.T.C. Co. v. Worldwide Insurance</u>, 147
F.R.D. 125, 127 (N.D. Tex. 1992)(citing <u>Asea, Inc. v. Southern</u>
<u>Pac. Transp. Co.</u>, 669 F.2d 1242, 1248 (9th Cir. 1981)).  There
are, however, factors that may overcome this presumption and
persuade the court to permit the deposition to be held elsewhere.
<u>R.T.C. Co.</u>, 147 F.R.D. at 127.  Some of the relevant factors
include location of counsel in the forum district, the number of
witnesses the party is seeking to depose, the likelihood of
discovery disputes that would require resolution by the forum
court.  <u>RAPOCA Energy Co. v. AMCI Export Corp.</u>, 199 F.R.D. 191,
193 (W.D. Va. 2001).

**1.  Defendant's deposition should not take place in Philadelphia**.

        Defendant Goldring lives in Virginia and works in Washington
D.C.  Accordingly, as set forth above, there is a presumption

that his deposition should be taken either in Washington, D.C. or

in the Eastern District of Virginia.  Even if the Court were to

find that the factors of this case are sufficient to overcome

this presumption, there is not sufficient justification to

require Goldring to appear for his deposition in Philadelphia.

If the Court were to require Goldring to be deposed outside of

Virginia or Washington, D.C., the Government submits that the

deposition should be taken in the forum district, the Middle

District of Pennsylvania.

First and foremost, Philadelphia is not within the forum

district.  It is in the Eastern District, not the Middle

District.  Al'Askari filed this case in this district.  Moreover,

only Al'Askari lives in the Philadelphia area.  The defendant,

Goldring, lives in Virginia and works in Washington, D.C.

Undersigned counsel for the defendant, as well as agency counsel,

live and work in the Middle District of Pennsylvania.

Furthermore, the other individuals that plaintiff seeks to

depose, Hursh and Greggs, also live and work in the Middle

District of Pennsylvania.

It is also important to note that the Government, in an

attempt to compromise, has already produced Goldring, Hursh and

Greggs for depositions in Harrisburg.  The depositions could not

go forward because Al'Askari failed to make arrangements for a

court reporter or an officer of the court authorized by law to

administer oaths.  Instead, plaintiff, without prior notice, informed counsel on the day of the depositions that he intended to use only his personal tape recorder to interview the defendant and other witnesses.[7]  The arising dispute was brought before the Court.

## 2.  Plaintiff refuses to comply with Federal Rules.

The Court should grant the defendant's motion for a protective order and void/quash the notice of deposition because Al'Askari refuses to comply with the Federal Rules of Civil Procedure.  Plaintiff has indicated that he will not accept telephone calls or mail from the United States Attorney's Office.  Plaintiff refuses to confer with defendant's counsel on the scheduling of depositions.  Moreover, despite requests from defense counsel, plaintiff refuses to even serve notices of deposition on the undersigned counsel of record.  Rather, the undersigned counsel has to rely on agency counsel, Mr. McCluskey, to forward correspondence received from the plaintiff.  Counsel for the defendant did not receive Goldring's notice of deposition until November 4, 2003.  As a result of Al'Askari's failure to confer, defendant's counsel is unavailable to appear at

---

[7] Defendant notes that the most recent notice of deposition fails to comply with Fed. R. Civ. P. 30(b)(2) because it fails to designate the method by which the deposition would be recorded.

depositions on November 10, 2003.[8]  Simply put, the plaintiff has

failed to provide reasonable notice of his intent to depose the

defendant in Philadelphia on November 10, 2003.

## 3.  Security Concerns

_____Finally, the defendant asks that the Court grant his motion

for a protective order so that the deposition can be rescheduled

in such a manner to address security concerns.  Unfortunately,

given the plaintiff's past conduct, his actions and demeanor in

this litigation, and his most recent correspondence (*see* Exh. 2),

defendant's counsel has substantial security concerns.  The Court

observed first hand the plaintiff's demeanor on October 2, 2003,

at the discovery dispute conference.  Defendant's counsel does

not believe that federal employees (defendant, counsel,

paralegals or witnesses) should be required to subject themselves

to verbal and potential physical abuse.  These security concerns

are increased because neither defendant nor counsel are familiar

with the location where plaintiff wishes to hold defendant's

deposition in Philadelphia.  Accordingly, defendant respectfully

requests that the deposition be rescheduled for a mutually

convenient time and at a government building where security

personnel are available, if necessary.

---

[8] Defendant's counsel is scheduled to meet with David M.
Laigaie of Miller, Alfano & Raspanti in Harrisburg at 10:00 a.m.
to discuss two civil cases.  This meeting was scheduled
approximately two weeks ago.

## V.   <u>Conclusion</u>

For the reasons stated above, the defendant respectfully requests that the Court grant his motion for a protective order and quash/void the notice of deposition with respect to defendant Goldring and order that the deposition be rescheduled for a mutually convenient time in either the defendant's home jurisdiction (Washington, D.C. or the Eastern District of Virginia) or in the forum jurisdiction, the Middle District of Pennsylvania, at a federal building where security personnel are available.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney


s/ D. Brian Simpson
D. BRIAN SIMPSON
Assistant U.S. Attorney
Atty. I.D. No. OH 71431
MICHELE E. LINCALIS
Paralegal Specialist
316 Federal Building
240 West Third Street
Williamsport, PA 17703
Telephone: 717-221-4482
Facsimile: 717-221-2246

Dated: November 5, 2003

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**


M. ASH-SHARIEF AL'ASKARI,              :
            Plaintiff             :      **Civil No. 1:CV-00-1449**
                                  :      **(Caldwell, J.)**
            v.                    :      **(Smyser, M.J.)**
                                  :
KATHLEEN HAWKES, et al.,          :      **Electronically Filed**
            Defendants            :


**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

     That on November 5, 2003, she served a copy of the attached

**DEFENDANT'S BRIEF IN SUPPORT OF**
**HIS MOTION FOR PROTECTIVE ORDER**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

M. Ash-Sharief Al'Askari
5737 N. 12th Street
Philadelphia, PA 19141


                                        s/ Michele E. Lincalis
                                        MICHELE E. LINCALIS
                                        Paralegal Specialist