UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M. ASH-SHARIEF AL'ASKARI, | : | CIVIL NO. **1:00-CV-1449** |
| | : | |
| Plaintiff | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| ROBERT S. GOLDRING, | : | |
| | : | |
| Defendant | : | |

**ORDER**

The plaintiff commenced this *Bivens*[1] action by filing a
complaint on August 14, 2000.  By an Order dated April 10,
2001, the defendants' motion to dismiss was granted and the
complaint was dismissed on the basis that the plaintiff failed
to exhaust available administrative remedies prior to
commencing this action.

The plaintiff appealed the dismissal of his complaint
to the United States Court of Appeals for the Third Circuit.
The Third Circuit concluded that there were factual disputes
concerning whether the plaintiff exhausted administrative
remedies.  The Third Circuit reversed the dismissal of the

_____

[1]*See Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics,* 403 U.S. 388 (1971).

plaintiff's access to the courts claim against defendant

Goldring.    The Third Circuit affirmed on other grounds the

dismissal of the claims against the other defendants.


On September 15, 2003, the plaintiff filed a motion for

leave of court to take the deposition of an incarcerated

person.  The plaintiff has not filed a brief in support of this

motion.[2]  Pursuant to Local Rule 7.5, Rules of Court, M.D. Pa,

the motion is deemed withdrawn.


On September 29, 2003, the plaintiff filed a second

motion for leave of court to take the deposition of an

incarcerated person.  The plaintiff did file a brief in support

of this motion.[3]   The defendant has not filed a brief in

opposition to this motion.  Pursuant to Local Rule 7.6, the

defendant is deemed not to oppose the motion.  Since the motion

---

[2] We note that although the plaintiff did not file a brief in
support of his motion, the defendant filed a brief in opposition to
the motion.  In his brief, the defendant argues *inter alia* that the
motion should be deemed withdrawn because the plaintiff failed to
file a brief in support.

[3] The plaintiff's brief in support is actually a section of
his motion labeled as a brief in support. The plaintiff is
instructed that, in the future, he should not make his brief in
support a part of his motion.  Rather, a brief in support should be
a separate document.

is unopposed, it will be granted.  The plaintiff is reminded

that he must arrange to have the deposition testimony recorded

in a manner allowed by Fed.R.Civ.P. 30 and that he must have an

officer present who is willing and capable of giving the oath

and presiding over the deposition.   The plaintiff and defense

counsel shall confer on mutually agreeable dates for the

deposition, and then defense counsel shall contact the Warden

of the institution where the inmate is incarcerated to schedule

the deposition at the institution.


On September 26, 2003, the plaintiff filed a motion to

remove defendant's counsel for unethical conduct and a brief in

support of that motion.  On October 7, 2003, the defendant

filed a brief in opposition to that motion.  The plaintiff has

not shown that defense counsel engaged in unethical conduct.

The plaintiff's motion to remove defense counsel is without

merit and will be denied.


On November 5, 2003, the defendant filed a motion for a

protective order and a brief in support of that motion.  The

motion concerns the deposition of the defendant noticed by the

plaintiff to occur on November 10, 2003 in Philadelphia.[4]  The

defendant contends that he lives in Virginia and works in

Washington D.C. and that, therefore, his deposition should take

place either in Washington D.C. or in the Eastern District of

Virginia.  In the alternative, the defendant contends that the

deposition should take place in the Middle District of

Pennsylvania.  The defendant also contends that the plaintiff

has indicated that he will not accept telephone calls or mail

from defense counsel and that he refuses to serve notices of

depositions on defense counsel.  Defense counsel states that

he is not available for the defendant's deposition on November

10th at the time noticed by the plaintiff.

Since the defendant's deposition is scheduled for

November 10, 2003, there is not sufficient time to await a

brief in opposition by the plaintiff.  It has become clear to

the undersigned that the plaintiff and defense counsel are not

---

[4] The Notice of Deposition served by the plaintiff actually is
addressed to Robin Greggs and Viola Hursh as well as the defendant
in this case.  The motion for a protective order addresses only the
deposition of the defendant. We note that the defendant notes in a
footnote in his brief that the Notice of Deposition as to Greggs
and Hursh violates the 100 mile rule of Fed.R.Civ.P. 45(b)(2) and
that the plaintiff has not served Greggs and Hursh with subpoenas
nor provided them with checks to pay their witness and mileage
fees.

cooperating in the discovery process.  We will grant the

defendant's motion for a protective order.  We will quash the

Notice of Deposition as to the defendant and we will schedule

the defendant's deposition for November 13, 2003 at 9:00 a.m.

in Courtroom No. 5, Federal Building, Third and Walnut Streets,

Harrisburg, Pennsylvania.  The undersigned will preside over

the deposition and will, if necessary, administer the oath to

the deponent.  The deposition will be limited to two hours

unless good cause is shown for additional time.  The plaintiff

must arrange either to have a court reporter present or to

record the testimony in some other manner allowed by

Fed.R.Civ.P. 30.

        AND NOW, this 6th day of November, 2003, **IT IS HEREBY**

**ORDERED** that the plaintiff's first motion (doc. 75) for leave

of Court to take the deposition of an incarcerated person is

**DEEMED WITHDRAWN,** the plaintiff's second unopposed motion (doc.

84) for leave to take the deposition of an incarcerated person

is **GRANTED,** and the plaintiff's motion (doc. 82) to remove

defendant's counsel is **DENIED.  IT IS FURTHER ORDERED** that the

defendant's motion (doc. 92) for a protective order is **GRANTED**

and the Notice of Deposition is **QUASHED** as applicable to the defendant.  **IT IS FURTHER ORDERED** that the deposition of the defendant shall take place before the undersigned on November 13, 2003, at 9:00 a.m. in Courtroom No. 5. Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.  **FINALLY, IT IS ORDERED** that the discovery deadline is extended to December 15, 2003, the deadline for filing discovery-related motions is extended to December 22, 2003, and the dispositive motions deadline is extended to January 15, 2004.

                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  November 6, 2003.