ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE

MIDDLE DISTRICT OF PENNSYLVANIA

FILED

DEC 1 8 2003

PER _____
HARRISBURG, PA    DEPUTY CLERK

M. ASH'SHARIEF AL'ASKARI,

PLAINTIFF,

Civil No.  1:CV-00-1449

V.                                                      (Caldwell, J.)

                                                        (Smyser, M.J.)

KATHLEEN HAWKES ET. AL

DEFENDANTS

## BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

### PREFACE:

The plaintiff put forth this Brief in Support of  Motion for Reconsideration  of Appointment of Counsel. A Reconsideration necessitated by reason of Defense counsel, Brian Simpson, latest and, heretofore, most outrages and unethical conduct toward the pro se plaintiff ( See Docs. #82 and #83) as shall be plainly detailed herein.

ITINERARY:

This court had previously ordered the commencement of Discovery  in this action subsequent to a  remand by the Court Upstairs (Doc. 60 ).

### FACTS:

Mr. Simpson filed a Notice of Deposition to the plaintiff which was conducted by him in August, 03; even though Mr. Simpson did *not* had any prior discussion or consultation  with the pro se plaintiff concerning the *availability* of pro se plaintiff on that particular date, time, place of the Deposition or other relevant matters of Discovery procedures in good faith as proscribed by the Federal Rules of Civil Procedures *prior to said Notice.* the pro se plaintiff, nevertheless, complied fully to the upmost with Mr. Simpson to complete his Discovery and Deposition process (although, now it is alleged that the

1

plaintiff does not understand the Rules of Court). At that time, and subsequent thereto, there was no whining to this court by Mr. Simpson that the plaintiff doe not "know the rules of court." Now, that the shoe is on the other foot, the failure of the plaintiff to comply, according to Mr. Simpson, with Discovery Rules has become his constant, chief cacophony to this court in every single monologue and dialogue with this court, in the record and off the record. In light of this clear and good faith compliance with the defendants' Deposition of the plaintiff in August, how is that now the plaintiff does not understand or refused to comply with the Rules of Discovery when the understood and complied with every single requirement of the NOTICE in every respect with out any prior consultations, dictations or denunciations from the pro se plaintiff's *self appointed* standby counsel, Mr. Simpson ? Thank, but no thanks. It *always* must be the duty of the Executioner is to put his noose over the head of the Condemned, but it can *never be* the duty of the Condemned to put his own head in a noose. True that.

The plaintiff, in all honesty and sincerity, neither had the desire or the intention to do any Discovery in this action by reason of the facts and circumstances in the record of the action. It is on this point, and probably the *only* point, that the court and the plaintiff had the same perspective, viz., that there is only a simple and single undisputed fact in this action (Case Management Order, Doc. #60). This is not a post appeal perspective. The plaintiff was instructed to file a formal appeal brief by the Court Upstairs but declined and requested that the decision be based wholly on the court record. It was unnecessary to formally argued and brief that the lower court was pretending not know the difference between a rule 56 Motion and a Rule 12 B 6 motion ( or that might be untrue!) inasmuch as the facts of that record spoke for *themselves*, an argument and would have been utterly superfluous.

Documented facts and pleadings are not going to be altered by Discovery or no Discovery. There are no contestable facts in this matter: The Defendants understands this.. trial: the only thing that a trial can do is determine the legal consequences of the facts, no more no less. Either the defendants violated the constitution or they did not but, however, the facts of my claim and the facts of the defendants' Answers are not alterable wherein they are already in the record of this case. The plaintiff is not going to take the stand and lie about what the plaintiff has consistently maintained through out. The defendants are not going to take the stand and lie about their own pleaded facts. The only triable issue is the legal liability of the action complained of. What defense can the defendants proffer at trial? That Goldring was merely seizing "contraband", contraband for whatever reason ?. The plaintiff does not think so. Seizeability is a question of law not of fact. No proffered evidence either by either side *is* going to remove or alter this ultimate conclusion. Thus, initiation of Discovery by the defendants was originally founded upon two, ulterior premises wholly unrelated to the facts and allegations in this case.

This is why the plaintiff, prior to the Defendants' Notice, saw no need for the plaintiff to Discover, nothing new is going to come in terms of claims, allegations, counterclaims or defenses that is not well documented on both side of the fence in this matter had it gone to trial last year or goes this year or next year. No facts are going to changes, it is their legal consequence that will be put on try. Thus, initially, there was need for the plaintiff to Discover, because from the plaintiff's perspective the records are most than sufficient, and the plaintiff shall be consistent with the record, to establish liability against the defendants. But the Defendants' counsel examination of the plaintiff at Deposition exposed to the plaintiff two important facts that necessitated filing Notices of Depositions in spite of my initial intent not engage in Discovery.

The plaintiff had filed a Notices of Depositions upon the parties and witnesses for a date, time and place to coincide With the date, time place of their Deposition of the plaintiff. This scheduling was designed soley for the conviency of the people that the plaintiff sought to depose. That is, if counsel wants to Discover, lets do it all at once, at one date, one time and one place and get it out of the way without the expending excess manhours, valuable but limited resources and energy, the same day, the same time, the same place. Mr. Simpson said that this against the "Rules". Wrong. The is nothing in the Discovery Rules that says that all parties cannot consult and agreed to scheduled *all* Depositions at the same time, date and place for the sake of facilitation and conveniency. But what does m/hrs means to one who freely able to command the m/hrs of the court and "clients", summons and dismisses them both with prior notice to accommodate his m/hrs, who alleges his "generosity" and capability to cover all and any expenses of all parties, witnesses ad naseum willingness and capacity to all costs and expenses, if one does this or that for him so as not to tax only his energy. The capability of the U.S.Treasury is well known but the "generosity" of Mr. Simpson is suspect. Thanks, but no thanks! It is easy to be "generous" with someone else's dough.

After the plaintiff decided to file Notice of Deposition, the plaintiff requested that the plaintiff and the defendants have it simultaneous, for all involved, including the courts. How? *Postpone* the 14 Aug. 03 for 15 days. Postpone it and reschedule to coincide. See Federal Civil Rule 29. Notwithstanding the obvious rationality of it all, Simpson balked anyway.

In fact, Mr. Simpson Balked so loudy that the court heard Mr. Simpson. Prompting the court to stop what it was doing in its own business to inquire what was all the cacophony about emanating from the Second Floor? At that time, Mr. .Simpson complained to the court, "Your Honor, my office is too, too small"; "Your Honor, Mr. Al'Askari does not listen to me"; and, "Your Honor, he and does not know the Rules of Court". Ad naseum.. During this hearing, Mr. Simpson

informed the court that he made certain " promises" and "agreements" with  the plaintiff if the plaintiff  would do this, if the plaintiff would that and if the plaintiff would do the other ad naseum.

At that time, and the records of this conference attest, that Mr. Simpson allegations were untrue in that there were neither "promises" made to the plaintiff nor any consultation with the plaintiff or "agreements"  by the plaintiff  involving Mr. Simpson and the plaintiff with respect to Discovery. The alleged promises and agreements was made not with plaintiff but with the *Officious Intermeddler*, Steve Carmicheal., to whom Mr.Simpson was sending copies of my  legal mail (Docs. #79, #82).  At that same time, even doing this conference, all of the parties and witnesses  were  present and ready to be deposed by the plaintiff in accordance with provisos of the Discovery procedures, and what did this court and Mr. Simpson do: one  *directed* the other to *impersonated* The Philadelphia Lawyer ( a bad impersonation it might be added),  one pretending *not* to know the Rules and the other *overruling*  the Pretender. Tsk  tsk tsk. The only that was achieved by this courtroom nonsence was a waste of m/hrs, squandering of resources and  unproductive use of energy save Mr. Simpson because his m/hrs was riding from the 2nd floor to the 14th flr., free of charge, in a leisurely effort of  course!

By reason of all that bad acting, the plaintiff was forced to reschedule the Deposition in Philadelphia. The plaintiff Hired a reputably, established Deposition business to depose. Notwithstanding, Mr. Simpson moves this court to suppress the plaintiff once again. How. Oh your Honor it should be D.C.,  oh, oh your Honor it should be in my office, oh, oh, oh  your I'm scared to go to Philadelphia, and last but not least of hilarious  these ejaculation frivolous is that Mr. Simpson said he was *scared!* Mr. Simpson has lost all self-respect. Is there anything counsel will not  prevaricate about ? No self respect, no discretion. And, it is apparent that Mr. Simpson "understands" that this court has none either, evidence this court suppress not only arrogantly but also *illegally* the Discovery Process, without a hearing for  the plaintiff to response to Mr. Simpson false allegations that provided the *pretext* for the illegal suppression. A motion that this court knew was *never* served upon the opposing party in accordance with local rules of court. The plaintiff admits that that was a vigorous but vain position Mr. Simpson occupied before the bar. Inasmuch as it unwittingly exposed the court to the contempt and ridicule of the viewing public if nothing else. More childish arrogant. Any remaining distinction between Mr. Simpson and this court is irrevocably erased. The tail is wagging the dog.

Not to be derailed, the plaintiff next proceeded to depose an incarcerated witness whose testimony is central to the claims. The plaintiff contacted all individuals relevant to this Deposition, a date was scheduled, funded was obtained, personnel and equipment was on standby and tickets were bought.  T he day before the scheduled, as was anticipated, in step in the  Man With the Master Plan, Mr. Simpson. Who "planned" for the plaintiff  to depose all of the parties and witnesses at White Deer.

Notwithstanding, his previous shriekings to this court about the impossibility of such by reasons of this, by reason of that and yodie yodie yak ad infinitum. The plaintiff never informed the Warden that the plaintiff had made prior arrangements with him to deposed to depose any prison guards in his jail! At whose behest? At whose behest? The court? The plaintiff ? The warden ? The prison guards themselves? McCLusky ? or was it the Officious Intermeddler's idea ? again? The plaintiff does not think so. It was the Great "Guardian" of the Local Rules of Court. Mr. Simpson himself. The plaintiff would never compromise the plaintiff's security by interrogating prison guards in the very prison itself. The plaintiff had *originally* consulted with Mr. Simpson to depose the prisons guards and defendants in the William port/White Deer area, *in the area*. Not an "area" in the prison itself. My God, counsel does not think but only reflex. Has commonsense alien to counsel.

How could the plaintiff establish safety and security locked in a room with Simpson and three prison guards. The potential for a disturbances is great because the plaintiff will be only treated as an ex prisoners by the three and become provocative by their immediate environment. A neutral venue necessarily alleviate this threat. The plaintiff previous imprisonment there was extended by the acts of the same persons complained of in this matter at bar. Anyway, the court and Mr. Simpson suppressed this right. There will be no action by the plaintiff to accommodate Mr. Simpson retroactively., the plaintiff is moving forward to accommodate himself prospectively. Mr. Simpson has continues to overreach himself and has gone too far. By reason of this latest abuse by Mr. Simpson, the plaintiff moves this court to appoint counsel for the plaintiff to depose the said prisoner at the prison only.

Finally, the plaintiff would not depose the prison guards there, here or anywhere until the plaintiff is *reimbursed* for payments made by plaintiff to pay for the no show of the prison guards at the court reporter's office.


## ISSUE:

Should this court reconsider the motion for Reconsideration of Appointment of Counsel in light of the foregoing facts to assist the pro se plaintiff in Discovery, and was it unethical for the defendants' counsel to arrange for certain Depositions that the defendants' counsel himself sought to suppress and this court suppressed ? And, should the plaintiff be reimbursed for outlays wherein the plaintiff was operating *within* the law with regards to the venue of the suppressed Deposition?

## ARGUMENT:

Up to this point of the litigation, there has not been a single Finding of Fact by this court establishing the merits of Mr. Simpson's allegations set forth in his motion to suppress the plaintiff 's right to Discovery (or any other motions by Mr.

Simpson granted by this court). Why is not equal treatment before the law extended to the plaintiff. Does the word Justice really means *Just U*s and but not for you, Mr. Pro se plaintiff ?

CERTIFICATE OF SERVICE

I do here by certify that I have faxed a copy of Motion to Reconsider and Brief In Support of Motion to counsel for the Defendants whose fax number is: 570 326 7916 On 15 Dec.,03,

M. Ash-Sh. Al'Askari
5737 N.12th St
Phila., Pa 19141