```
                UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


M. ASH-SHARIEF AL'ASKARI,    :   CIVIL NO. 1:00-CV-1449
                             :
          Plaintiff          :   (Judge Caldwell)
                             :
     v.                      :   (Magistrate Judge Smyser)
                             :
ROBERT S. GOLDRING,          :
                             :
          Defendant          :
```

**ORDER**

The plaintiff commenced this *Bivens*[1] action by filing a complaint on August 14, 2000.  By an Order dated April 10, 2001, the defendants' motion to dismiss was granted and the complaint was dismissed on the basis that the plaintiff failed to exhaust available administrative remedies prior to commencing this action.

The plaintiff appealed the dismissal of his complaint to the United States Court of Appeals for the Third Circuit. The Third Circuit concluded that there were factual disputes concerning whether the plaintiff exhausted administrative remedies.  The Third Circuit reversed the dismissal of the

---

[1] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

plaintiff's access to the courts claim against defendant Goldring.  The Third Circuit affirmed on other grounds the dismissal of the claims against the other defendants.

On December 18, 2003, the plaintiff filed a motion for the court to reconsider its Order of September 19, 2003 which denied the plaintiff's motion for the appointment of counsel.

We addressed the plaintiff's motion for the appointment of counsel in the Order of September 19, 2003 as follows:

> Currently pending is a motion for the appointment of counsel filed by the plaintiff on August 13, 2003.
> 28 U.S.C. § 1915(e)(1) provides that the court may request an attorney to represent an indigent litigant in a civil case.
> In *Mallard v. U.S. District Court*, 490 U.S. 296 (1989), the Court held that 28 U.S.C. § 1915 does not authorize the district court to require an unwilling attorney to represent an indigent litigant in a civil case.
> The United States Court of Appeals for the Third Circuit has developed a number of factors the court should consider when deciding whether to ask an attorney if he or she will accept the responsibility of representing a *pro se* plaintiff.  *See Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).  The threshold inquiry is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery v. Pinchak,* 294 F.3d 492, 498-99 (3d Cir. 2002).  If a plaintiff overcomes this threshold hurdle, the court should consider other factors including 1) the plaintiff's ability to present his or her case considering the plaintiff's education,

literacy, experience, ability to understand English and the restraints placed on the plaintiff by incarceration; 3) the complexity of the legal issues involved; 4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; and 5) the degree to which the case turns on credibility determinations or expert testimony. *Tabron, supra*, 6 F.3d at 155-56.

In the United States District Court for the Middle District of Pennsylvania, the need for a list of attorneys available for appointment to represent plaintiffs in potentially meritorious cases has been addressed in Local Rule 83.34. The Middle District Federal Bar Association has assembled a panel of attorneys who may accept appointments at the request of the court in these cases.

The only remaining claim in this case is the plaintiff's access to the courts claim against defendant Goldring. The plaintiff alleges that the defendant confiscated and destroyed his legal property and interfered with his access to the courts. The plaintiff's claim has survived review by the Third Circuit. We can not say that the plaintiff's claim lacks legal merit.

Next, we consider the plaintiff's ability to present his case. This factor has been described as perhaps the most significant factor the court should consider in deciding whether or not to appoint counsel. *Montgomery, supra,* 294 F.3d at 501. The Third Circuit has identified a number of factors that the court should consider in determining a plaintiff's ability to present his or her own case including the plaintiff's education, literacy, prior work experience, and prior litigation experience. *Id.*

The record in the instant case does not contain any information regarding the plaintiff's education or prior work experience. However, from the documents that the plaintiff

3

> has already filed with the court it is clear that the plaintiff is literate and able to communicate effectively. We note that although at the time he commenced this action the plaintiff was a prisoner, the plaintiff is no longer incarcerated.
>
> The plaintiff contends that he was without counsel during his deposition and intimates that it is unfair for him to be unrepresented and for the defendant to be represented. However, the mere fact that one side is unrepresented, at a deposition or at other stages of the proceedings, while the other side is represented is not inherently unfair.
>
> The plaintiff contends that he "has been receiving junk mail and crank calls" from the U.S. Attorney's Office. *Doc. 76 unnumbered page 3.* Some contact between the defendant's counsel and the plaintiff may be necessary in the course of this case, and we give the plaintiff's assertion of "junk mail and crank calls" little weight.
>
> At this point it is not clear what role credibility will play in this case if the case goes to trial.
>
> Expert testimony will not likely be required in this case.
>
> The plaintiff asserts that he can not afford to retain counsel. The plaintiff has been granted leave to proceed *in forma pauperis* in this case and there is nothing in the record to suggest that the plaintiff has the ability to retain counsel himself.
>
> We have considered the *Tabron* factors and have concluded that the circumstances presented in the instant case do not justify a request to the administrator of the panel of volunteer attorneys to determine whether an attorney will accept an appointment in this case.

Doc. 77 at 2-6.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A district court may grant a party's motion for reconsideration when there exists: "(1) the development of an intervening change in the law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or prevent a manifest injustice." *Cohen v. Austin*, 869 F. Supp. 320, 321 (E.D.Pa. 1994). If there is no new evidence or no clear error of law, the motion must be denied. *Clifford v. Jacobs*, 739 F. Supp. 957, 958-59 (M.D.Pa. 1990). Mere disagreement with the court does not translate into a clear error of law. *Petruzzi's, Inc. v. Darling-Delaware Co., Inc.*, 983 F.Supp. 595, 611 (M.D. Pa. 1996). "A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court." *Id*. "Nor is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment. *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994). In the interest of finality, courts should grant motions for reconsideration

5

sparingly.  *Rottmund v. Continental Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D.Pa. 1992).

The defendants contend that the plaintiff's motion for reconsideration should be denied as untimely.

Pursuant to Local Rule 7.10, a motion for reconsideration shall be filed within ten days afer entry of the order concerned.

The plaintiff's December 18, 2003 motion for reconsideration of the Order of September 19, 2003 is untimely.  However, rather than filing a motion for reconsideration of the Order of September 19, 2003, the plaintiff could have simply filed a second motion for the appointment of counsel.  Thus, we will address the plaintiff's motion as a second motion for the appointment of counsel.

The plaintiff indicates that there have been discovery disputes in this case.  Although it appears clear that discovery in this case has not proceeded smoothly, at least part of the problem has been caused by the plaintiff himself such as, for example, when the plaintiff refused to go forward

6

with the defendant's deposition before the undersigned on November 13, 2003. Discovery is now closed. In accordance with the Order of September 19, 2003, we find no basis to appoint counsel in this case. Accordingly, the plaintiff's motion will be denied.

On January 20, 2004, the defendant filed a motion for an evidentiary hearing and a brief in support of that motion. The defendant requests that the court conduct an evidentiary hearing, as directed by the Third Circuit, to resolve the factual disputes regarding whether or not the plaintiff exhausted available administrative remedies. The plaintiff has not filed a brief in opposition to the defendant's motion.

The Third Circuit stated the following with respect to the plaintiff's exhaustion of administrative remedies of his claim against defendant Goldring:

> We will vacate the District Court's order to the extent that it grants the defendants' motion and dismisses the complaint against attorney Robert Goldring on the access to the courts claim and remand the matter for further proceedings. In <u>Ray v. Kertes</u>, 285 F.3d 287 (3d Cir. 2002), we held that exhaustion of administrative remedies is an affirmative defense that the defendants must plead and prove. In addition, Rule 56(c) requires the moving party to "show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

With respect to the confiscation of his legal materials, the Magistrate Judge concluded that Al'Askari had failed in his duty to attempt first an informal resolution. Specifically, the Magistrate Judge concluded that Hursh's declaration and the undisputed fact that Al'Askari clearly had access to formal grievance forms "tends to cast doubt upon his theory that defendant Hursh attempted to forestall his attempt to commence the informal grievance process." (Report and Recommendation, 11). Under Rule 56(c), however, the moving party is required to do more than "cast doubt" upon the nonmoving party's allegations.

We agree with Al'Askari that a hearing is required to resolve a factual dispute concerning the exhaustion of administrative remedies with respect to his access to the courts claim. The Magistrate Judge did not address the correctional staff's obligation under the apparent relevant regulation. According to materials submitted by the defendants themselves, it is no enough for staff to provide a form. Staff must complete the form, just as Al'Askari has argued. An *Institution Supplement* attached in support of the defendants' motion describes the procedure as follows:

> Counselors and other staff will ensure the informal resolution process is implemented and followed. Unit staff should not issue a BP-229(13) form to an inmate prior to completion of the Informal Resolution Form (Attachment 10. The Unit Manager or designee will provide a separate informal resolution form for each issue presented to him or her by an inmate. The Informal Resolution form will be completed by the

Correctional Counselor and <u>not</u> given
to the inmate to complete.

(Declaration of V. Hursh, Attachment #1, at 2.)

If Hursh obstructed the informal resolution process by refusing to complete the form of Al'Askari or by failing to send someone to him who would complete the form, then Al'Askari, because the remedy is not "available," may be entitled to have his access to the courts claim heard on the merits. <u>See genearally</u> <u>Underwood v. Wilson</u>, 151 F.3d 292, 295 (5th Cir. 1998)(administrative remedies are exhausted when prison officials obstruct process). Hursh, or so it seems from her declaration, appears not to realize that inmates do not complete the informal resolution form by themselves. Moreover, Hursh clearly did not meet with Al'Askari nor did anyone else who may have been able to facilitate the informal process with him. Finally, Al'Askari apparently did try to seek a waiver of the informal resolution obligation by filing a "Sensitive" grievance. It was rejected for failure to seek informal resolution.

We do not, of course, purport to make any factual findings of this nature nor do we resolve the factual dispute. We have discussed the dispute merely to illustrate that there is indeed a genuine issue as to material facts precluding the grant of summary judgment, which must be resolved in the first instance by the District Court.

We will affirm the order of the District Court dismissing the complaint against defendant Hawk-Sawyer, and against defendant Zimany and Hursh on the procedural due process claims. We will vacate the order to the extent that the complaint was dismissed as to defendant Goldring on the access to the courts claim, and will remand the case to the District Court for further proceedings not inconsistent with this opinion.

9

*Al'Askari v. Hawkes,* No. 01-2167, slip op. at 6-9 (3rd Cir. Apr. 2, 2003).

Given that there are material factual disputes regarding the exhaustion issue we would normally conclude that such factual issues are for the jury to decide. However, in this case, the Third Circuit has indicated that a hearing is necessary. Accordingly, we will conduct a hearing, make factual findings, and issue a Report and Recommendation on the basis of those findings on the defendants' affirmative defense of failure of the plaintiff to exhaust administrative remedies.

**IT IS ORDERED** that the plaintiff's motion (doc. 97) for reconsideration of the motion for counsel is **DENIED. IT IS FURTHER ORDERED** that the defendant's unopposed motion (doc. 100) for an evidentiary hearing is **GRANTED.** A hearing on the exhaustion of administrative remedies issue will be held on **March 22, 2004, at 1:30 p.m.**, in Courtroom No. 5., Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.

>                                        ***/s/ J. Andrew Smyser***
>                                        J. Andrew Smyser
>                                        Magistrate Judge

Dated:  March 1, 2004.