TAM:DBS:mel

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M. ASH-SHARIEF AL'ASKARI, | : | |
| Plaintiff | : | Civil No. 1:CV-00-1449 |
| | : | (Caldwell, J.) |
| v. | : | (Smyser, M.J.) |
| | : | |
| KATHLEEN HAWKES, et al., , | : | Electronically Filed |
| Defendants | : | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### APPEAL OF THE MAGISTRATE JUDGE'S
### NOVEMBER 6, 2003 AND MARCH 1, 2004 ORDERS

## I. Procedural History

M. Ash-Sharief Al'Askari, a former inmate once incarcerated at FCI Allenwood, initiated this <u>Bivens</u> action against four BOP employees alleging violations of his due process rights and a denial of access to the courts. At this point in the case, the only remaining issue is an access to courts claim against the sole remaining defendant, BOP counsel Doug Goldring. An evidentiary hearing on the exhaustion of Al'Askari's administrative remedies is scheduled for April 13, 2004.

On August 13, 2003, Al'Askari filed a motion for appointment of counsel claiming he was without counsel during his deposition and that it was unfair for him to be unrepresented and for the defendant to be represented. The motion was denied on September 19, 2003. Two months later, Al'Askari sought reconsideration of the Court's Order. Rather than dismiss the motion as untimely,

Magistrate Judge Smyser construed Al'Askari's filing as a second motion for appointment of counsel and denied the motion on March 1, 2004, in accordance with its previous order.

On September 26, 2003, Al'Askari filed a motion to have counsel for defendant removed from this case. Magistrate Judge Smyser found no merit to Al'Askari's claims and denied the motion on November 6, 2003. Additionally, in response to a motion for protective order filed by defendant, the Court, in its November 6, 2003, Order, quashed Al'Askari's Notice of Deposition requiring defendant Goldring to appear in Philadelphia and scheduled the deposition to take place the following week in the Magistrate Judge's presence.

On March 15, 2004, Al'Askari filed "Plaintiff's Objections to the Magistrate's Order" regarding the denial of his motion for appointment of counsel and motion to remove counsel for unethical conduct. The objections also reference the "Order granting the defendants' Motion to Suppress the plaintiff's right of Discovery of the defendants."[1] Doc. 107, unnumbered pp. 1-2. Attached to the front of Al'Askari's "objections" is a cover page titled, "An Appeal from Magistrate's Orders." Defendant has construed Al'Askari's objections as an appeal, pursuant to M.D. Pa. Local Rule 72.2, of the non-dispositive orders issued November 6, 2003,

---

[1] Since the Government has never filed a "motion to suppress," defendant assumes plaintiff is referring to his motion for protective order.

and March 1, 2004. This brief is submitted in opposition thereto.

## II.  Questions Presented

A.  Should Al'Askari's appeal of the November 6, 2003, Order be dismissed as untimely?

B.  Should Al'Askari's appeal of the March 1, 2004, Order be denied as he fails to establish that the Order was clearly erroneous or contrary to law?

## III.  Argument

### A.  Al'Askari's Appeal of the November 6, 2003, Order is Untimely.

Local Rule 72.2 of the Rules of this Court provide that:

> Any party may appeal from a magistrate judge's order determining a non-dispositive pretrial motion or matter in any civil or criminal case in which the magistrate judge is not the presiding judge of the case, *within ten (10) days after issuance of the magistrate judge's order,* unless a different time is prescribed by the magistrate judge or a judge.

M.D. Pa. Local Rule 72.2 (emphasis added).

Al'Askari's objections not only discuss his dissatisfaction with the Magistrate Judge's denial of his motion for appointment of counsel, but also reference the denial of his motion to remove defense counsel and the granting of defendant's motion for protective order. Defendant has reasonably construed Al'Askari's filing as an appeal of the nondispositive orders pursuant to M.D. Pa. Local Rule 72.2. To the extent this is so, the appeal is four months past due and should be dismissed as untimely.

**B.** **Al'Askari's Appeal of the March 1, 2004, Order Should Be Denied as Plaintiff Fails to Establish That the Order Was Clearly Erroneous or Contrary to Law.**

Al'Askari next appeals the Magistrate Judge's Order which denied the request for counsel he made pursuant to 28 U.S.C. § 1915. The basis for Al'Askari's second motion for appointment of counsel was "to assist the pro se plaintiff in Discovery, . . . ." See Doc. 98, p. 5.

In denying the motion, Magistrate Judge Smyser referred to his discussion of the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993) in his September 19, 2003, Order. Specifically, the Court noted that Al'Askari's access to courts claim has survived review by the Third Circuit, that Al'Askari is literate and able to communicate effectively, that he is no longer incarcerated, and that expert testimony will not likely be required. Doc. 102, pp. 2-4. Magistrate Smyser, admittedly, could not say that Al'Askari's claim lacked legal merit nor could he say, at this point, what role credibility will play in this case should it proceed to trial. Id., pp. 3-4.

In response to Al'Askari's assertion that it is unfair for him to be unrepresented and for the defendant to be represented, the Court concluded, "[t]he mere fact that one side is unrepresented, at a deposition or at other stages of the proceedings, while the other side is represented is not inherently unfair." Id. at 4.

Al'Askari appeals the denial of appointment of counsel claiming *only* that the Magistrate Judge relied upon Al'Askari's ability to read and write and "none" of the <u>Tabron</u> factors.[2] Doc. 106, unnumbered pp. 2-3.  These statements are belied by the record.

Under 28 U.S.C. § 636(b)(1)(A), the Court may reconsider any pretrial matter determined by the Magistrate Judge, where it has been shown that the Magistrate Judge's Order is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A).  Al'Askari has failed to meet his burden in this case.  Therefore, his appeal should be denied.  Moreover, because the deadline for discovery expired on December 15, 2003, without a request that the deadline be extended, Al'Askari's request for appointment of counsel "to assist the pro se plaintiff in Discovery" is moot.

---

[2] The remainder of Al'Askari's pleading pertains to his appeal of the Court's November 6, 2003, Order, which, as discussed in argument "A," is untimely.

**IV.  <u>Conclusion</u>**

For the reasons stated above, the Magistrate Judge's Orders of November 6, 2003, and March 1, 2004, should be affirmed.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney


<u>s/ D. Brian Simpson</u>
D. BRIAN SIMPSON
Assistant U.S. Attorney
Atty. I.D. No. OH 71431
316 Federal Building
240 West Third Street
Williamsport, PA 17703
Telephone: 717-221-4482
Facsimile: 717-221-2246

Dated: March 29, 2004

```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF PENNSYLVANIA


M. ASH-SHARIEF AL'ASKARI,     :
           Plaintiff          :    Civil No. 1:CV-00-1449
                              :    (Caldwell, J.)
           v.                 :    (Smyser, M.J.)
                              :
KATHLEEN HAWKES, et al., ,    :    Electronically Filed
           Defendants         :
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on March 29, 2004, she served a copy of the attached

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
APPEAL OF THE MAGISTRATE JUDGE'S
NOVEMBER 6, 2003 AND MARCH 1, 2004 ORDERS**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

M. Ash-Sharief Al'Askari
5737 N. 12th Street
Philadelphia, PA 19141

s/ Michele E. Lincalis
MICHELE E. LINCALIS
Paralegal Specialist