FILED
HARRISBURG, PA
JUN 2 8 2004
MARY E. D'ANDREA, CLERK
Per _____

THE UNITED STATES DISTRICT COURT FOR THE M. D. OF PA

M. ASH-SHARIEF AL'ASKARI,
PLAINTIFF

VS.

CIVIL NO.1:00-CV-1449)
(CALDWELL, J)(SMYSER, M.J.)

KATHLEEN HAWKES, ET. AL.,
DEFENDANTS

## BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER TO ALLOW FILING OF PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATIONS NUNC PRO TUNC

**STATEMENT OF FACTS:**

This court granted a motion by the defendants for an evidentiary hearing. The defendants alleged that the plaintiff did pursue and/or pursue "incorrectly" informal and/or formal grievance procedures against the defendant Goldring for seizing the plaintiff's legal property while an inmate at Allenwood Prison. The court issued its Report and Recommendation dated 5 May, 2004 and arrived at the plaintiff's residence sometime after. Notwithstanding, the plaintiff never received it at that time due to him being hospitalized beginning on the 5th of May, 2004 in Coatesville, Pa. The plaintiff did not received either the Magistrate's Report and Recommendation or the District Judge's Order dismissing the plaintiff's complaint until after his discharge in June from Coatesville Medical Center. Further, not only was the plaintiff medically disable during the time for filing the following Objections, but also unrepresentative by counsel due to his indigency. Thus, late filing of Objections is not only warranted but also necessary, to prevent an injustice, in matters beyond a pro se party's control.

1

## A. OBJECTIONS

1. Prior to the evidentiary hearing, the plaintiff had filed motions with this court for appointment of counsel for any hearings. Inasmuch as the defendant Goldring himself is a licensed lawyer who himself was being represented by a licensed lawyer. The court denied these motions. At the time of the defendants' evidentiary hearing the court informed the plaintiff that the plaintiff would be the defendants' "first witness". The plaintiff asked the court how can that be? That is, how can the plaintiff cross-examine himself subsequent to the defendants' direct examination of the plaintiff.? This court informed the plaintiff that the court would direct-examine the plaintiff and, after the defendants' cross-examination of the plaintiff, the court would re-directly examine the plaintiff so as to allow the court "itself" to "proffer" rebuttal testimony from the plaintiff. All which results in the court advocating and litigating for the plaintiff over the plaintiff's objections to such procedural nature of the defendants' evidentiary hearings. By reason of such procedural abuse by the court, the plaintiff objected to the hearing *itself* to the court on the basis that the court was required but refused to appoint a lawyer to represent the pro se party at that time, and had refused previous motions for representation. Thus, the court plainly abused its discretion by overruling the objection, depriving the plaintiff of a fair hearing. This abuse prejudiced the plaintiff.

2

2. The Plaintiff during the course the hearing objected to the direct testimony by Robin Givens for the defendants. During the course of Robin Given's direct testimony, the plaintiff objected to her testifying to her legal opinion and interpretation of the Statutory Laws and Administrative Policies and Procedures applicable to the Bureau of Prisons pursuant to Title 28 C.F.R. 542 et seq. the plaintiff objected on the grounds the Ms. Given has not been certified or authenticated by this court to given expert testimony or opinion evidence on statutory laws and procedures. This court overruled that objection on the grounds that her testimony was only "about institutional records", that is, the testimony of a record keeper. The plaintiff argues that the court's characterization of the major portion Ms. Given's testimony as not "opinion evidence" and not expert testimony requiring the witness's certification as an abuse of discretion, wherein upon cross-examination of the witness Robin Given testified that she was more than as mere "record keeper", as erroneously maintained by the hearing judge, but was qualified, due to her specialized training and skill, to give opinion and the correct interpretation of Bureau of Prisons Statutory laws and Procedures. The Plaintiff was wholly prejudiced by the court's ruling. Because it effectively interdicts the plaintiff's core defense what is, and remains, wherein that the defendants' actions and inactions themselves did not correctly comply with the statute in question. A fact that can only be confirmed or denied by the defendants' compliance or non compliance with the statute not with computer printout proffered as "record". In addition, the defendants submitted no authenticated "records" to this court in the normal sense of the word but only formatted *computer printouts*. No copies of the actual documents *themselves* relevant to the matter under dispute at the hearing. That is, the actual record copies of the Sensitive 9s, the BP 9s, copy records of the documents themselves allegedly denied or in noncompliance etc. These so called records are mere submissions of self-designed names, misdated and undated, formatted computer printouts proffered into evidence.

What did the computer printouts purport document? No more than self-designed names and the dates. But no copies of all the relevant document themselves containing all the text and information themselves submitted by the plaintiff to the defendants at that time.

3. Further, the plaintiff objects to the fact that the hearing judge would not allow the plaintiff to testify in his own behalf at the hearing. After the defendants had rested their case, and the hearing judge informed the plaintiff to put on his case. The plaintiff took the stand to present evidence in his own behalf. As the hearing judge commence to directly examine the plaintiff, the hearing judge interrupted the plaintiff's testimony by captiously complaining to the plaintiff about the length of time that the hearing was consuming. I informed the court that it was not my fault but the fault U.S. Attorney in that much of his speech during examination and cross examination was constantly repetitive and inordinately slow and confused, and the fault of the court for overindulging his excessive *loquacity*. Notwithstanding, the court said it was too late for it to continue, as the plaintiff was able to return to Harrisburg the next day, as suggested by the court, the court end the hearing. This abuse by the court prejudice the plaintiff in that the plaintiff could not remain Harrisburg all night and the next day to continue the hearing inasmuch as the plaintiff only had a daypass to Harrisburg for that day and had to return to Philadelphia that night. A fact known to this court and the defendants. The court abused its discretion by not allowing the plaintiff to proffer evidence in his own behalf.

4. The Plaintiff objects to the court not allowing a copy of the hearing transcripts in order for the plaintiff to file an argument and memorandum of law. Subsequent to the hearing, the plaintiff

4

filed a motion with this court for a free copy of the transcripts of the hearing. The plaintiff is proceeding in this matter in forma pauperis and is unable to afford to pay for transcript due to his indigency and, thus, motioned the court for free transcript to prepare an argument and memorandum as order by this court. However, the plaintiff was unable to comply with the court's order because the court refused to grant the plaintiff motion for free transcripts. The court abused its discretion inasmuch as the plaintiff could not file an argument and memorandum without a transcripts.

WHEREFORE, the plaintiff moves this court to reconsider its order to dismiss to allow the latte filing of the foregoing Objection to the Magistrate Report and Recommendation.

/s/ *[signature]*
M. Ash'sharief Al'askari
5737 North 12th Street
Philadelphia, PA 19141

Dated: 23 June, 2004

5.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,
PLAINTIFF.

VS.                                          CIVIL NO.1:00-CV-1449)
                                             (CALDWELL, J)(SMYSER, M,.J.)

KATHLEEN HAWKES, ET. Al.,
DEFENDANTS

### CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing Brief In Support of Motion for Reconsideration upon counsel for the defendants via the U.S. Mail, addressed to:

D.BRIAN SMPSON
ASST. U.S. ATTORNEY
316 FEDERAL BLDG.,
240 W.3RD ST.
WILLIAMSPORT, PA 17703

On 23 June, 2004.

/s/ _____
M. Ash'sharief Al'askari
5737 North 12th Street
Philadelphia, PA 19141