TAM:DBS:mel:2000V00753

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M. ASH-SHARIEF AL'ASKARI, | : | |
| Plaintiff | : | Civil No. 1:CV-00-1449 |
| | : | (Caldwell, J.) |
| v. | : | |
| | : | |
| KATHLEEN HAWKES, et al., , | : | Electronically Filed |
| Defendants | : | |

**BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

M. Ash-Sharief Al'Askari, a former inmate once incarcerated at FCI Allenwood, filed this <u>Bivens</u> action in the Middle District of Pennsylvania against four BOP employees alleging violations of his due process rights and a denial of access to the courts. On April 13, 2004, Magistrate Judge Smyser conducted an evidentiary hearing on the remaining issue of whether Al'Askari had exhausted his administrative remedies as to his access to courts claim against the sole remaining defendant, BOP counsel Doug Goldring.

By Report dated May 5, 2004, Magistrate Judge Smyser set forth his findings of fact and conclusions of law and recommended that the Court dismiss the remaining claim. The Report and Recommendation, to which no objections had been filed, was adopted by the Court on June 7, 2004. Al'Askari now seeks reconsideration of the Order, claiming he was hospitalized from

May 5, 2004, until June 3, 2004, and, as a result, missed the opportunity to file objections to the Magistrate Judge's Report.

In response, defendant notes that a Rule 59(e) motion for reconsideration, Fed. R. Civ. P. 59(e), is to be used only to correct manifest errors of law or fact or to present newly discovered evidence not discovered previously that might affect the Court's decision.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985); Knapp v. Lane, 859 F.Supp. 173 (E.D. Pa. 1994).  "As such, a Rule 59(e) motion may be made for only one of three reasons: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998)(collecting cases).

Thus, a motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised in connection with an earlier motion; nor is it to provide the parties with an opportunity for a second bite at the apple. Database America, Inc. v. Bellsouth Advertising and Publishing Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"  Id. (citations

omitted); see also Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa. 1993)(a motion for reconsideration is not properly grounded on a request that a court rethink a decision already made); Atkins v. Marathon LeTourreau Co., 130 F.D.R. 625, 626 (S.D. Miss. 1990)(reconsideration should not be used simply to reargue matters that have already been disposed of by the court).

In this case, rather than dispute the Court's findings pertaining to his lack of exhaustion, Al'Askari seeks reconsideration because his motions for appointment of counsel and for a free copy of the hearing transcript were denied. He also complains that, during the hearing: (1) the Court "advocated" and "litigated" for him over his objections; (2) one of the witnesses, Robin Givens, was not qualified to testify as to her legal opinion and interpretation of the BOP's statutory laws and administrative policies; (3) defendant should have used actual copies of the administrative remedy forms as exhibits rather than computerized printouts; and (4) the Court did not allow Al'Askari to testify on his own behalf. See Doc. 122.

As to Ms. Gregg's testimony, it was noted in the Report and Recommendation that, "Ms. Gregg's testimony was not impeached or contradicted. The plaintiff argued persistently that Mr. [sic] Gregg should not have been permitted to testify as an expert. The court held her testimony about and from institutional records

to be factual, not opinion, evidence." See Doc. 119, p. 3. Moreover, during the hearing, the Court determined Ms. Gregg's to be "describing practices that she is personally involved in that are followed at the institution with regard to the grievances" and did not view that as opinion evidence. See Transcript, pp. 33-34. However, the Court also recognized that, "Mr. Al'Askari's objection may be well taken in that it is the regulation itself which is the governing procedure and to the extent that practice varies from, or [de]parts from the written regulation, I believe that the court will look to the written regulation, because that is what the inmate and the staff are given to follow, but I don't see that as a basis not to permit the testimony." Id., p. 34-35. There are no allegations that Ms. Gregg's testimony or practice departed from the written regulation. Thus, Al'Askari's motion on this issue should be denied.

With the exception of this issue regarding Ms. Givens' testimony, none of the arguments raised in Al'Askari's motion pertain to the Report and Recommendation or any of the enumerated findings of fact or conclusions of law upon which the Magistrate Judge or the District Court relied in dismissing this case. Al'Askari is merely raising his disagreement with the Court in its rulings issued before, during, and after the hearing. He fails to demonstrate that the Court made a manifest error of law

4

in its findings to dismiss the case.  Accordingly, Al'Askari's Rule 59(e) motion for reconsideration should be denied.

        Respectfully submitted,

        THOMAS A. MARINO
        United States Attorney

        s/ D. Brian Simpson
        D. BRIAN SIMPSON
        Assistant U.S. Attorney
        Atty. I.D. No. OH 71431
        316 Federal Building
        240 West Third Street
        Williamsport, PA 17703
        Telephone: 717-221-4482
        Facsimile: 717-221-2246

Dated: July 12, 2004

```
                    UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF PENNSYLVANIA

M. ASH-SHARIEF AL'ASKARI,         :
            Plaintiff             :    Civil No. 1:CV-00-1449
                                  :    (Caldwell, J.)
            v.                    :
                                  :
KATHLEEN HAWKES, et al., ,        :    Electronically Filed
            Defendants            :
```

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on July 12, 2004, she served a copy of the attached

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Addressee:

M. Ash-Sharief Al'Askari
5737 N. 12th Street
Philadelphia, PA 19141

                                   s/ Michele E. Lincalis
                                   MICHELE E. LINCALIS
                                   Paralegal Specialist