```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

M. ASH-SHARIEF AL'ASKARI,          :
        Plaintiff
                                   :

        vs.                        :   CIVIL NO. 1:CV-00-1449
                                         (Judge Caldwell)
                                   :   (Magistrate Judge Smyser)
KATHLEEN HAWKES, et. al.,
        Defendants                 :


*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

   We are considering Plaintiff's motion for reconsideration filed June 28, 2004. (doc. 121). Plaintiff argues that the court should reconsider its June 7, 2004, order, which adopted the Magistrate Judge's report and dismissed Plaintiff's remaining *Bivens* claims against Bureau of Prison employees. (doc. 120). Plaintiff contends that we should reconsider that order in light of the objections he would have filed were he not hospitalized from May 5, 2004, until June 3, 2004. (doc. 121).

   Initially, Plaintiff' motion for reconsideration is untimely, as it was not filed within ten days after the entry of judgment as required by Fed. R. Civ. Proc. 59(e). An untimely motion for reconsideration is "void and of no effect."

*Amatangelo v. Borough of Donora*, 212 F.3d 776, 780 (3d Cir. 2000).

Assuming *arguendo* that Plaintiff's motion for reconsideration had been timely filed, the motion would be denied in any event. A rule 59(e) motion will succeed if: (1) an intervening change in the law has occurred; (2) new evidence not previously available has emerged; or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *NL Indus., Inc. v. Commercial Union Ins. Co*, 65 F.3d 314, 324 n.8 (3d Cir. 1995); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Here, Plaintiff does not argue that an intervening change in the law has occurred or that new evidence has emerged. Therefore, he must demonstrate that a clear error of law exists.

As Defendants' argue, the only issue Plaintiff raises in his motion concerning the Magistrate Judge's report deals with the testimony of Robin Gregg. Ms. Gregg testified about her involvement in the inmate grievance process and the process generally. Plaintiff objects to the Magistrate Judge's classification of her testimony as factual, rather than opinion evidence. (doc. 119, p. 3). We agree with the Magistrate Judge's characterization and would deny Plaintiff's objection, if it had been timely filed. Thus, Plaintiff cannot demonstrate a clear error of law.

2

AND NOW, this 26th day of August, 2004, upon consideration of Plaintiff's motion to reconsider (doc. 121), it is Ordered that the motion is denied.

      <u>/s/William W. Caldwell</u>
      William W. Caldwell
      United States District Judge